UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK HOLDA, JOSEPH HOLDA, and MATT GORSKI, | ) ) ) |
| Plaintiffs, | ) Case No. 12 C 2270 ) ) |
| v. | ) Judge Lee ) ) |
| P.O. CORBETT, P.O. FOWLER, and P.O. DAN WYMAN, individually, and the CITY OF CHICAGO, a municipal corporation, | ) Magistrate Judge Cox ) ) ) Jury Demand ) ) |
| Defendants. | ) |

**DEFENDANT P.O. CORBETT'S ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT, AFFRIMATIVE DEFENSES,
AND JURY DEMAND**

Defendant, P.O. Corbett ("Officer Corbett"), by one of his attorneys, Marion C. Moore, Assistant Corporation Counsel of the City of Chicago, for his Answer to Plaintiffs' First Amended Complaint, Affirmative Defenses, and Jury Demand, states as follows:

**JURISDICTION AND PARTIES**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. § 1983 and § 1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiffs, MARK HOLDA, JOSEPH HOLDA, and MATT GORSKI, accomplished by acts and/or omissions of the Defendants, P.O. CORBETT, P.O. FOWLER, P.O. DAN WYMAN, and the CITY OF CHICAGO, committed under color of law.

**ANSWER:** Officer Corbett admits that Plaintiffs purport to bring this action pursuant to 42 U.S.C. Section 1983 to redress the alleged deprivation of his rights. Officer Corbett denies that he is liable to Plaintiffs for acts and/or omissions as alleged by Plaintiffs, and denies any wrongful or illegal conduct.

2. Jurisdiction is based on Title 28 U.S.C. § 1343 and § 1331 and supplemental

jurisdiction of the State of Illinois.

**ANSWER:** Officer Corbett admits that jurisdiction is proper. Officer Corbett denies that he is liable to Plaintiffs for acts and/or omissions as alleged by Plaintiffs, and denies any wrongful or illegal conduct.

3. At all relevant times, the Plaintiffs were United States citizens and residents of the State of Illinois.

**ANSWER:** Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. At all relevant times, the Defendants, P.O. CORBETT, P.O. FOWLER, P.O. DAN WYMAN, were duly appointed Chicago police officers acting within their scope of employment and under color of law.

**ANSWER:** Officer Corbett admits that he, P.O. Fowler, and P.O. Dan Wyman were duly appointed Chicago police officers. Officer Corbett admits that he and P.O. Fowler were acting within the scope of their employment and under color of law. Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegation that P.O. Dan Wyman was working within the scope of his employment and under color of law.

5. Defendant CITY OF CHICAGO is a municipal corporation of the State of Illinois and is and was, at all relevant times, the employer of the officer defendants. The City of Chicago maintains, manages, and/or operates the Chicago Police Department.

**ANSWER**: Officer Corbett admits the allegations contained in this paragraph.

### FACTS COMMON TO ALL COUNTS

6. On or about April 26, 2011, the Plaintiffs were patrons at the Billy Goat Tavern and Grill located at or about 1535 W. Madison in Chicago, Illinois.

**ANSWER**: Officer Corbett admits, upon information and belief, the allegations

2

contained in this paragraph.

7. On or about April 26, 2011, Defendant P.O. DAN WYMAN was also a patron at the Billy Goat Tavern and Grill located at or about 1535 W. Madison in Chicago, Illinois and was carrying a firearm.

**ANSWER**: Officer Corbett admits, upon information and belief, the allegations contained in this paragraph.

8. At that time, Plaintiff MARK HOLDA and Defendant P.O. DAN WYMAN exchanged words.

**ANSWER**: Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. Without provocation, Defendant P.O. DAN WYMAN physically attacked Plaintiff MARK HOLDA by shoving him forcefully.

**ANSWER**: Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. During the altercation with Plaintiff MARK HOLDA, Defendant P.O. DAN WYMAN drew his firearm.

**ANSWER**: Officer Corbett admits, upon information and belief, the allegations contained in this paragraph.

11. Video surveillance footage of the entire incident was recorded by the Billy Goat Tavern and Grill.

**ANSWER**: Officer Corbett admits, upon information and belief, that the Billy Goat Tavern and Grill is equipped with surveillance video which recorded much of the events in Plaintiff's Complaint. Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegation to the remaining allegations contained in this paragraph.

12. Subsequent to the altercation, the police were called.

**ANSWER**: Officer Corbett admits that the police were called. Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the call was made subsequent to an altercation.

13. Immediately subsequent to the altercation, video footage shows Defendant P.O. DAN WYMAN making a phone call on his cellular phone.

**ANSWER**: Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. P.O. CORBETT and P.O. FOWLER arrived on the scene, along with other unidentified Chicago police officers.

**ANSWER**: Officer Corbett admits that he and his partner, Officer Fowler, responded to a call for service at the Billy Goat on April 26, 2011, and further admits that other police officers were present prior to and after his arrival.

15. Upon P.O. CORBETT's arrival on the scene, P.O. DAN WYMAN waved over P.O. CORBETT, and the two officers shook hands, walked out the back door of the tavern and had a conversation behind the building regarding the incident.

**ANSWER**: Officer Corbett admits that he shook hands with P.O. Dan Wyman and walked out the back door with him. Officer Corbett further admits, to the best of his present recollection, that P.O. Wyman appeared to wave but lacks knowledge or information sufficient to form a belief as to the truth of the allegation that P.O. Wyman was waving him over. Officer Corbett denies the remaining allegations contained in this paragraph.

16. P.O. CORBETT then spoke with Plaintiff MARK HOLDA outside the front entrance of the tavern, whereupon Plaintiff MARK HOLDA advised him that P.O. DAN WYMAN committed a battery upon him and that the video footage would demonstrate that.

**ANSWER**: Officer Corbett admits that he spoke with Plaintiff Mark Holda outside the front entrance of the tavern, but lacks knowledge or information sufficient to form a belief as to

4

the truth of the allegations regarding what was specifically said.

17. P.O. CORBETT proceeded inside the tavern, returning to Plaintiff MARK HOLDA shortly thereafter and falsely advising him that he had seen the video footage and that Plaintiff was under arrest.

**ANSWER**: Officer Corbett admits that that he went inside the tavern and later returned to advise Plaintiff Mark Holda that he was under arrest. Officer Corbett denies the remaining allegations contained in this paragraph.

18. P.O. CORBETT and P.O. FOWLER placed Plaintiff MARK HOLDA in custody and arrested him.

**ANSWER**: Officer Corbett admits the allegation contained in this paragraph.

19. Subsequent to placing Plaintiff MARK HOLDA in custody, Defendant P.O. CORBETT returned to the rear entrance of the tavern and had a conversation with Defendant P.O. DAN WYMAN.

**ANSWER**: Officer Corbett denies the allegations contained in this paragraph.

20. Plaintiffs JOSEPH HOLDA and MATT GORSKI were taking a video with their cell phone of the interaction between P.O. CORBETT and Plaintiff MARK HOLDA.

**ANSWER**: Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. P.O. CORBETT became angered by Plaintiffs JOSEPH HOLDA and MATT GORSKI recording of the incident and proceeded to arrest them with the assistance of Defendant P.O. FOWLER.

**ANSWER**: Officer Corbett admits that he and P.O. Fowler arrested Plaintiffs Joseph Holda and Matt Gorski. Officer Corbett denies the remaining allegations contained in this paragraph.

22. P.O. CORBETT had words with an employee of the Billy Goat Tavern, coercing him and/or engaging in misrepresentations so that the employee would sign complaints against the Plaintiffs though no crime was committed.

**ANSWER**: Officer Corbett admits that he spoke to an employee of the Billy Goat Tavern. Officer Corbett denies the remaining allegations and complained of conduct contained in this paragraph.

## COUNT I-EXCESSIVE FORCE ON BEHALF OF PLAINTIFF MARK HOLDA AGAINST DEFENDANT P.O. DAN WYMAN

23. Plaintiffs hereby re-allege and incorporate paragraphs 1-10 as though fully set forth herein.

**ANSWER**: Officer Corbett restates and incorporates herein his answers to paragraphs 1-10.

24. Defendant P.O. DAN WYMAN's use of force was unprovoked.

**ANSWER**: Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25. Said use of force was excessive and unreasonable.

**ANSWER**: Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26. Plaintiff MARK HOLDA felt pain and was injured as a result of Defendant P.O. DAN WYMAN's actions.

**ANSWER**: Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. The actions of Defendant P.O. DAN WYMAN were intentional, willful and with malice.

**ANSWER**: Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. Said actions of Defendant P.O. DAN WYMAN violated the Plaintiff, MARK

HOLDA's, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER**: Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29. As a direct and proximate consequence of said conduct of Defendant P.O. DAN WYMAN, Plaintiff MARK HOLDA suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, and pain and suffering.

**ANSWER**: Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### COUNT II–CIVIL CONSPIRACY ON BEHALF OF PLAINTIFF MARK HOLDA AGAINST DEFENDANTS P.O. DAN WYMAN, P.O. CORBETT, AND P.O. FOWLER

30. Plaintiffs hereby re-allege and incorporate paragraphs 1-29 as though fully set forth herein.

**ANSWER**: Officer Corbett restates and incorporates herein his answers to paragraphs 1-29.

31. In order to avoid responsibility for the battery he committed upon Plaintiff MARK HOLDA, on or about April 26, 2011 while at the Billy Goat Tavern, P.O. DAN WYMAN, P.O. CORBETT, and P.O. FOWLER agreed and conspired to falsely arrest and charge Plaintiff MARK HOLDA.

**ANSWER**: Officer Corbett denies the allegations contained in this paragraph, and denies any wrongful or illegal conduct.

32. In furtherance of this conspiracy, Defendants P.O. CORBETT and P.O. FOWLER authored reports and/or criminal complaints in which they made false accusations against the Plaintiff.

**ANSWER**: Officer Corbett admits that he authored police reports associated with this incident. Officer Corbett denies the remaining allegations contained in this paragraph, and denies any wrongful or illegal conduct.

33. The aforementioned actions of P.O. DAN WYMAN, P.O. CORBETT, and P.O.

7

FOWLER were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

**ANSWER**: Officer Corbett denies the allegations contained in this paragraph, and denies any wrongful or illegal conduct.

**COUNT III–FALSE ARREST ON BEHALF OF PLAINTIFFS MARK GORSKI AND JOSEPH HOLDA AGAINST DEFENDANTS CORBETT AND FOWLER and FALSE ARREST ON BEHALF OF MARK HOLDA AGAINST DEFENDANTS P.O. DAN WYMAN, P.O. CORBETT, AND P.O FOWLER**

34. Plaintiffs hereby re-allege and incorporate paragraphs 1-33 as though fully set forth herein.

**ANSWER**: Officer Corbett restates and incorporates herein his answers to paragraphs 1-33.

35. The Plaintiff, MARK HOLDA, JOSEPH HOLDA and MATT GORSKI, were not committing a crime or breaking any laws.

**ANSWER**: Upon information and belief, Officer Corbett denies the allegations contained in this paragraph.

36. There was no probable cause to arrest the Plaintiffs, MARK HOLDA, JOSEPH HOLDA, and MATT GORSKI.

**ANSWER**: Officer Corbett denies the allegations contained in this paragraph.

37. These actions of charging and arresting the Plaintiffs constitute false arrest.

**ANSWER**: Officer Corbett denies the allegations contained in this paragraph.

38. The actions of the Defendants, P.O. CORBETT, P.O. FOWLER, and P.O. DAN WYMAN, were intentional, willful and with malice.

**ANSWER**: Officer Corbett denies the allegations contained in this paragraph.

39. Said actions of Defendants P.O. CORBETT and P.O. FOWLER, violated the Plaintiffs, MARK HOLDA, JOSEPH HOLDA and MATT GORSKI's, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER**: Officer Corbett denies the allegations contained in this paragraph, and denies any wrongful or illegal conduct.

40. As a direct and proximate consequence of said conduct of the Defendants, P.O. CORBETT, P.O. FOWLER, and P.O. DAN WYMAN, the Plaintiffs, MARK HOLDA, JOSEPH HOLDA and MATT GORSKI, suffered violations of their constitutional rights, emotional anxiety, fear, humiliation, monetary loss, and pain and suffering.

**ANSWER**: Officer Corbett denies the allegations contained in this paragraph.

### COUNT IV–EXCESSIVE FORCE ON BEHALF OF PLAINTIFF MARK HOLDA AGAINST DEFENDANT P.O. CORBETT

41. Plaintiffs hereby re-allege and incorporate paragraphs 1-40 as though fully set forth herein.

**ANSWER**: Officer Corbett restates and incorporates herein his answers to paragraphs 1-40.

42. Plaintiff MARK HOLDA was transported to the police station.

**ANSWER**: Officer Corbett admits the allegations contained in this paragraph.

43. Plaintiff MARK HOLDA and Defendant P.O. CORBETT exchanged additional words with each other.

**ANSWER**: Officer Corbett admits the allegations contained in this paragraph.

44. The Defendant P.O. CORBETT slammed the Plaintiff's head against a wall at the police station.

**ANSWER**: Officer Corbett denies the allegations contained in this paragraph, and denies any wrongful or illegal conduct.

45. The Defendant's use of force was unprovoked.

**ANSWER:** Officer Corbett denies that force was used and therefore denies the allegations contained in this paragraph.

46. Said use of force was excessive and unreasonable.

9

**ANSWER**: Office Corbett denies that force was used and therefore denies the allegations contained in this paragraph.

47. The Plaintiff, MARK HOLDA, felt pain and was injured.

**ANSWER**: Officer Corbett admits that Plaintiff Mark Holda was injured, but denies that he caused any injury sustained by Plaintiff Mark Holda. Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Mark Holda felt pain.

48. The actions of Defendant P.O. CORBETT were intentional, willful and with malice.

**ANSWER**: Officer Corbett denies the allegations contained in this paragraph, and denies any wrongful or illegal conduct.

49. Said actions of Defendant P.O. CORBETT violated Plaintiff MARK HOLDA's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

**ANSWER**: Officer Corbett denies the allegations contained in this paragraph, and denies any wrongful or illegal conduct.

50. As a direct and proximate consequence of said conduct of the Defendant, P.O. CORBETT, Plaintiff MARK HOLDA suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, and pain and suffering.

**ANSWER**: Officer Corbett denies the allegations contained in this paragraph.

## COUNT V–INDEMNIFICATION

51. Plaintiffs hereby re-allege and incorporate paragraphs 1-50 as though fully set forth herein.

**ANSWER**: Officer Corbett restates and incorporates herein his answers to paragraphs 1-50.

52.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**:     Officer Corbett admits that, to the extent provided by Illinois law, public entities are directed to pay compensatory damages for which employees are liable within the scope of their employment activities. Officer Corbett denies that the allegations contained in this paragraph are a full and complete statement of the law.

53.     Defendants P.O. CORBETT, P.O. FOWLER, and P.O. DAN WYMAN, were or are employees of the CITY OF CHICAGO Police Department, who acted within their scope of employment in committing the misconduct described herein.

**ANSWER**:     Officer Corbett admits that he, P.O. Fowler, and P.O. Wyman were and are employees of the City of Chicago Police Department. Officer Corbett admits that on April 26, 2011 and April 27, 2011 he and P.O. Fowler were acting within the scope of their employment during this incident. Officer Corbett lacks knowledge or information sufficient to form a belief as to the truth of the allegation that P.O. Wyman acted within the scope of his employment. Officer Corbett denies he engaged in misconduct, and denies any wrongful or illegal conduct.

## AFFIRMATIVE DEFENSES[1]

1.     Officer Corbett is a government official, namely a police officer, who performed discretionary functions. At all times material to the events alleged in Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Officer Corbett could have believed his actions to be lawful, in light of clearly established law and the information that he possessed. Officer Corbett, therefore, is entitled to qualified immunity.

2. Officer Corbett is absolutely immune for testimony he may have given in Plaintiffs' underlying criminal case. *See Briscoe v. LaHue*, 460 U.S. 325 (1983).

## JURY DEMAND

Officer Corbett hereby demands jury trial for all issues so triable.

**WHEREFORE**, Defendant Officer Corbett respectfully requests that this Court enter Judgment in his favor and against Plaintiff, including for costs for defending this suit, and enter any other relief that this Court deems just and proper.

**DATED**: July 6, 2012

Respectfully submitted,

/s/Marion C. Moore
Marion C. Moore
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-8364
(312) 744-6566 (FAX)
ATTY. NO.: 6302566

---

[1] It is unclear whether Plaintiffs are making a claim under state law for false arrest. Officer Corbett reserves the right to amend his answer to add affirmative defenses pertaining to state law claims if Plaintiffs are making a state law claim for false arrest.

IN THE UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MARK HOLDA, JOSEPH HOLDA,** | ) | |
| **and MATT GORSKI,** | ) | |
| | ) | **Case No. 12 C 2270** |
| **Plaintiffs,** | ) | |
| | ) | **Judge Lee** |
| v. | ) | |
| | ) | **Magistrate Judge Cox** |
| **P.O. CORBETT, P.O. FOWLER, and** | ) | |
| **P.O. DAN WYMAN, individually, and** | ) | |
| **the CITY OF CHICAGO, a municipal** | ) | **Jury Demand** |
| **corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:  Ronak Patel
 David Lipschultz
 Gregory E. Kulis
 30 North LaSalle Street, Suite 2140
 Chicago, Illinois 60602

**PLEASE TAKE NOTICE** that on this 6th day of July 2012, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT P.O. CORBETT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**, a copy of which is herewith served upon you.

                                           Respectfully Submitted,

                                           /s/Marion C. Moore
                                           Marion C. Moore
                                           Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-8364
(312) 744-6566 (FAX)
ATTY. NO.: 6302566

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2012, I electronically filed the foregoing **Defendant P.O. Corbett's Answer to Plaintiffs' First Amended Complaint, Affirmative Defenses, and Jury Demand** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Ronak Patel
David Lipschultz
Gregory E. Kulis
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602

/s/Marion C. Moore
Marion C. Moore
Assistant Corporation Counsel