**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARK HOLDA, JOSEPH HOLDA, and MATT GORSKI, ) ) ) | |
| Plaintiffs, ) | Case No. 12 CV 2270 |
| ) | |
| v. ) | Judge Lee |
| ) | |
| ) | Magistrate Judge Cox |
| P.O. CORBETT, P.O. FOWLER, and P.O. DAN WYMAN, individually, and the CITY OF CHICAGO, a municipal corporation, ) ) ) ) ) | Jury Demand |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDERS**

Defendant Chicago Police Officer Joseph Corbett, by one of his attorneys, Megan K. McGrath, Assistant Corporation Counsel, and Defendant City of Chicago, by Stephen R. Patton, Corporation Counsel (collectively, "Defendants"), respectfully move this Honorable Court, pursuant to Fed.R.Civ.P. 26(c) and 45 C.F.R. §§ 164 and 164, for entry of each of the attached orders: an Agreed Qualified HIPAA Protective Order and Defendants' Proposed Confidentiality Order. In support, Defendants state:

**INTRODUCTION**

Defendants anticipate that documents containing confidential information relating to parties and non-parties may be sought and produced in this matter. The parties also anticipate this case will require discovery relating to disciplinary history of parties, Complaint Registers of Defendant Officer Corbett and other Defendant Officers, and medical information covered by the Health Insurance Portability and Accountability Act ("HIPAA"). In order to facilitate production

1

of records which fall into these and other categories, Defendants request the entry of the attached proposed orders. See, Defendants' Proposed Confidentiality Order, attached as Exhibit ("Ex.") A; Agreed Qualified HIPAA Protective Order, attached as Ex. B. Plaintiffs do not object to entry of Defendants' proposed HIPAA Protective Order, but do object to Defendants' proposed Confidentiality Order to the extent that certain Chicago Police Department ("CPD") personnel and disciplinary records would be protected as confidential pursuant to this order. For the reasons explained below, Defendants respectfully request that the Court enter the attached Confidentiality Order over Plaintiffs' objection.

## ARGUMENT

Defendants' proposed Confidentiality Order follows the Northern District of Illinois model confidentiality order, with the inclusion of certain red line changes as permitted by Local Rule 26.2. See Ex. A. Specifically, Defendants' proposed version includes additional language to Paragraph 2, which contains the definition of confidential information. In the attached propsed Confidential Order, "confidential information" is defined as:

> ...information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information protected from disclosure by statute, including the Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1, *et seq*; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to this case or (h) employment, disciplinary, financial, medical or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses, and non-party employees of the City of Chicago. Such information includes, but is not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave and the like; records relating to a public body's adjudication of employee grievances or disciplinary cases (generally referred to as "Complaint Register" files),

and related information protected from disclosure by the Illinois Personnel Records Review Act, 820 ILCS 40/0.01 *et seq.* (West 2004), consistent with the Illinois Freedom of Information Act, 5 ILCS 140/1 *et seq.* (West 2010), as amended, as well as personal and family information of police officers, including residential information.

The "final outcome of cases in which discipline is imposed," i.e. final outcome of disciplinary actions generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as "Complaint Register" files) where discipline has been imposed is not considered "Confidential Information", but shall be released only in the manner consistent with the Illinois Freedom of Information Act, 5 ILCS 140/7, *et seq.*, as described below, after thirty (30) days' notice to the producing party to ensure that proper redactions are made prior to release. If agreement cannot be found as to those proper redactions, the Court, upon motion and an *in camera* review, shall make the final determination. In such cases, the "final outcome" information derived from such City of Chicago Police Department Complaint Register File(s) shall be released consistent with the Illinois Freedom of Information Act, 5 ILCS 140/1 *et seq.* (West 2010), as amended, including the following redactions: (i) All complainant, witness and third-party identifying information; and (ii) All private and personal information regarding defendant officers, CPD employees and their families, plaintiffs, witnesses or other non-parties, including, but not limited to, social security numbers, home addresses, telephone numbers, medical and financial information, driver's license and employee numbers. Information or documents that are available to the public may not be designated as Confidential Information.

In accordance with the Illinois FOIA, Defendants' proposed Confidentiality Order does not cover the "final outcome of cases in which discipline is imposed," and provides procedures for the public release of those documents. *Id.*; 5 ILCS 140/7(n) (2010).

Before the introduction of the model confidentiality order, Defendants' proposed definition of confidential information was accepted by judges throughout the Northern District. See Group Exhibit C. Despite this, Plaintiffs' counsel does not agree to the inclusion of Defendant Officers' Employee Complaint Histories and any Complaint Register ("CR") files in the confidentiality order. Defendants assume Plaintiff's objection is based on an incorrect interpretation of the Illinois FOIA. All CR files, regardless of whether discipline was ultimately imposed against an officer, are protected under Fed. R. Civ. P. 26(c). For the reasons explained

3

below, Defendants respectfully request that this Court enter the attached confidentiality order over Plaintiff's objection.

### I. Good Cause Exists for the Designation of Complaint Register Files as Confidential.

The Seventh Circuit has clearly stated that there is no implied right of public access to unfiled discovery. Bond v. Utreras.585 F.3d 1061, 1074-76 (7th Cir. 2009). However, "[a]bsent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit." Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994). Hence, "[g]iven the 'extensive intrusion into the affairs of both litigants and third parties' that is both permissible and common in modern discovery, the rules provide for the use of protective orders, entered 'for good cause,' to protect litigants and third parties from the 'annoyance, embarrassment, oppression, or undue burden or expense' that may attend the discovery process." Bond, 585 F.3d, 1067 (citing Fed.R.Civ.P. 26(c)(1) and Seattle Times Co. v. Rhinehart, 467 U.S. 20, 30, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)). The Supreme Court has explained that the protection of a party's privacy interests, while not expressly set forth in Rule 26(c), is "implicit in the broad purpose and language of the rule." O'Malley v. Village of Oak Brook, 2008 WL 345607 (N.D.Ill. 2008) (Schenkier, J.), quoting Seattle Times Co., 467 U.S., 35 n. 21.

In O'Malley, the defendant Village of Oak Brook filed a motion for protective order arguing that there was good cause under Rule 26(c) to protect disciplinary files of the defendant police officers and the court granted the Village's motion over the plaintiff's objection. The opinion in O'Malley is fully consistent with the Seventh Circuit's opinion in Bond v. Utreras, 585 F.3d at 1066, with respect to pretrial discovery. The court explained:

4

> It is not surprising...that the vast majority of information produced during the discovery process is never used at trial and has no impact whatsoever on the court's decision-making process. For this reason, it is during this pretrial discovery process that a party's interest in maintaining confidentiality of private information is at its strongest.

O'Malley, 2008 WL 345607, *2.

The court in O'Malley also discussed in detail why there is good cause for the entry of a protective order with respect to disciplinary records of police officers. Among other bases for good cause, the court stated that "disciplinary investigations are just that: investigations into charges of misconduct that may or may not have merit and "it may be the case that the public would not treat the mere fact of investigation as proof of misconduct." Id. On the other hand, the court found, "disclosure of the fact of disciplinary investigations may taint the reputation of a police officer if members of the public assume that where there is smoke, there is fire." Id. Several other courts have also recognized the importance of entering a protective order relating to the confidentiality of information contained in CRs.[1]

The existence of a CR file does not establish misconduct. Nonetheless, the filing of a CR may be unfairly construed in a manner prejudicial to the police officer. Thus, the existence of a CR - even with a finding of unfounded, not sustained or exonerated - when publicly disseminated, can be highly misleading and subject to unfair imputations against a police officer's reputation.

Further, practically speaking, failing to delineate CRs as protected information pursuant to a confidentiality order would be unduly burdensome on any Defendant. Defendants would

---

[1] See McLin by and through Harvey v. City of Chicago, 133 F.R.D. 527, 529 (N.D. Ill. 1990, Rovner, J.) (finding good cause and granting protective order for police personnel and disciplinary files); Czajkowski v. City of Chicago, 1992 WL 57945 at *2 (N.D. Ill. Mar. 20, 1992, Hart, J.) (victims referenced in CR "have an interest in having their complaints remain confidential and not having their lives intruded upon by attorneys"); Acuna v. Rudzinski, 2001 WL 1467529 at *5 (N.D. Ill. 2001, Grady, J.); Sasu v. Yoshimura, 147 F.R.D. 173, 175-76 (N.D. Ill. 1993, Hart, J.) (protective order allowed redaction of complainants' and witnesses' names).

5

effectively become FOIA officers saddled with the duty and obligation to investigate and redact specific information from all CR files prior to production. CR files often contain medical records, personal identifying information, juvenile information, and other sensitive information[2] that would absolutely be information protected from public dissemination notwithstanding the CR as a whole being defined as protected pursuant to Defendants' Confidentiality Order.

Both federal law and Illinois public policy provide solid good cause to protect the disciplinary files of the Defendants in this case. Language contained in the confidentiality order proposed by Defendants, including the CR protection provisions objected to in the instant case, has been entered over objection in a number of recent cases against police officers. See Calhoun v. City of Chicago, et al., 10 C 658 (N.D.Ill. April 8, 2011)(Gottschall, J.); Cruz v. City of Chicago, et al., 10 C 3513 (N.D.Ill. April 8, 2011)(Gottschall, J.); Brown v. City of Chicago, et al., 09 C 6506 (N.D.Ill. January 24, 2011)(Shadur, J.); Scruggs v. City of Chicago, et al., 10 C 3373 (N.D.Ill. Dec. 7, 2010)(Lindberg, J.); Clark v. City of Chicago, et al., 10 C 1803 (N.D.Ill. Oct. 13, 2010)( Der-Yeghiayan, J.); Livingston v. City of Chicago, 09 C 7725 (N.D.Ill. May 10, 2010)( St. Eve, J.); Alva v. City of Chicago, 08 C 6261 (N.D. lll. April 16, 2010)( Dow, J.); Pierce v. City of Chicago, et al., 09 C 1462 (N.D.Ill. Feb. 12, 2010)(Dow, J.); Bell v. City of

---

[2] General guidelines for FOIA exemption review (i.e. redactions from public dissemination) of law enforcement documentation previously recognized at MCLE programs by the Public Access Counselor of Illinois, subject to an ongoing case-by-case analysis, include the following areas: (i) all complainant, witness and third-party names and other identifying information; (ii) all private and personal information regarding defendant officers, CPD employees and their families, plaintiffs, witnesses or other non-parties, including, but not limited to, social security numbers, dates of birth, home addresses, telephone numbers, medical and financial information, driver's license and employee numbers; (iii) names and identifying information of suspects in police reports who were not arrested or subsequently prosecuted; (iv) narratives where disclosure would constitute an unwarranted invasion of personal privacy (such as in domestic incidents); and (v) in appropriate incidents, graphic descriptions of alleged offenses and graphic photographs (including autopsy photographs); as well as any other information that would constitute an unwarranted invasion of personal privacy pursuant to 5 ILCS 140/7(1)(c).

Chicago, et al., 09 C 0754 (N.D.Ill. Feb. 26, 2010)( Keys, J.); Bradley v. Parker, et al., 09 C 4538 (N.D.Ill. Feb. 12, 2010)(Der-Yeghiayan, J.); Bell v. Parker, et al., 09 C 4537 (N.D.Ill. Feb. 12, 2010)(Der-Yeghiayan, J.), attached as Group Exhibit C. Defendants respectfully request that this Court also find that good cause exists for the protection of CR files pursuant to Defendants' proposed Confidentiality Order.

> **II.** **The Recent Illinois FOIA Amendments Support the Inclusion of CR Files as "Confidential Material" as Defined in Defendants' Proposed Protective Order.**

Even though Illinois FOIA is not controlling in civil discovery, disciplinary files and CRs (in whole or in part) are exempt under Illinois FOIA, which provides guidance to the federal courts in their analysis of Illinois public policy for purposes of "good cause" under Rule 26(a). In January 2010, legislative amendments went into effect, which added a new category of materials exempt from disclosure under Illinois FOIA. The new exemption includes "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases; however, this exemption shall not extend to the final outcome of cases in which discipline is imposed." 5 ILCS 140/7 (1)(n) (West 2010).

CR files are unquestionably disciplinary files, as they contain, *inter alia*, investigator reports and disciplinary recommendations. Indeed, as the documentary and evidentiary basis for all disciplinary recommendations and the ensuing final determination, CRs are the heart and soul of the disciplinary process within the Chicago Police Department. They are compiled specifically to determine whether and to what extent an officer should be disciplined. Relying on the plain language of the Illinois FOIA, several other courts in this District have held that CRs are disciplinary files, or related to the imposition of discipline, as to be exempt under Illinois FOIA

7

and worthy of a confidential designation. See supra. Group Exhibit C.

For example, in Brown v. City of Chicago, et al., 09 C 6506, 2011 WL 222840, *2 (N.D.Ill. Jan. 24, 2011), Judge Shadur acknowledged that in amending FOIA, the Illinois legislature expressly "recogniz[es] a right of protection from disclosure to merely curious members of the public who are entitled to disclosure under the general thrust of Illinois FOIA" regarding CR files. Thus, Judge Shadur entered a protective order that is substantially similar to the confidentiality order being offered in this matter. In so doing, Judge Shadur overruled his prior decision in Padilla v. City of Chicago, 06 C 5462, 2009 WL 2501393 (N.D.Ill. Aug. 14, 2009), wherein he held that "a plaintiff's counsel might then make [CR files] publicly available-a constitutionally protected right" based, in part, on the Illinois FOIA in effect prior to the 2010 amendments. Brown, *2, Exhibit C, pp. 6-10.

Prior to Brown, in Bell v. City of Chicago, et al., 09 C 0754, 2010 WL 753297, *2 (N.D.Ill. Feb. 26, 2010), Magistrate Judge Keys concluded that "under the plain language of the newly amended FOIA, CRs are exempted from disclosure." Plaintiff had argued that FOIA exemption did not apply because a CR was not an "adjudication," but Judge Keys ruled that "Plaintiff's argument is specious" because FOIA protects records "relating to" adjudications and "[c]learly, a CR is a record relating to the public body's adjudication of employee disciplinary cases." Id. at *3, Exhibit C, pp. 25-32.

In Livingston v. City of Chicago, 09 C 7725 (May 10, 2010 opinion) Judge St. Eve also held that CRs are exempt from disclosure under section 7(1)(n), agreeing with Bell that "[c]learly, a CR is a record relating to the public body's adjudication of employee disciplinary cases." See Exhibit C, pp. 14-16. There, the court recognized that in another case Magistrate Judge Valdez

8

had disagreed because she found that CR files relate to the Independent Review Authority's ("IPRA") investigations and not Police Board publications. Id. Rejecting Magistrate Judge Valdez's decision, Judge St. Eve correctly ruled that under Illinois law, if "the statutory language is clear and unambiguous, then there is no need to resort to other aids of construction," and, consistent with the broad meaning given to the phrase "related to," concluded that:

> The Court agrees with the Bell decision that the plain language of the statute includes documents in a CR or disciplinary file because they "relate to" a public body's adjudication, even if the CR disciplinary documents also pertain to the initial investigation of the disciplinary complaint. **In short, the statute's inclusion of "relating to" broadens the definition of "adjudication" to include any documents relating to disciplinary complaints**. Thus, good cause exists to shield the disciplinary and CR files in this matter under the plain language of the amendment to the Illinois FOIA.

Id. at. 16 (emphasis supplied).

Similarly, in Alva v. City of Chicago, 08 C 6261, Judge Dow held that CRs are exempt from disclosure under section 7(1)(n) because they are related to adjudications of disciplinary cases. "Mindful of precedent that instructs that 'relating to' is a liberal standard," Judge Dow reviewed the City's disciplinary procedures and, disagreeing with Magistrate Judge Valdez concluded:

> Without a CR, the adjudication of an employee disciplinary case would not take place - the adjudication follows from the investigation. Indeed, [The Police Review Board] relies heavily on IPRA's investigation [citation omitted], demonstrating a close connection between the CRs and the adjudication - and at least a sufficiently close connection to satisfy the "related to" language to the amendment.

See Exhibit C, p. 20.

Thus, the plain and unambiguous language of the section 7(1)(n) of the Illinois FOIA clearly includes CR files as exempt, warranting protection under Defendants' proposed

9

Confidentiality Order.

Elsewhere in Illinois FOIA, support can be found for including CRs as confidential documents pursuant to the Act. For example, Section 140/7(1)(f) allows withholding of:

> [p]reliminary drafts, notes, recommendations, memoranda or documents in which opinions are expressed, or policies or actions are formulated, except that a specific record or relevant portion of a record shall not be exempt when the record is publicly cited and identified by the head of the public body.

5 ILCS 140/7(1)(f) (West 2009 Supp.) CRs fall squarely within that exemption, as they are clearly preliminary drafts and recommendation made by investigators to the Police Department, which form part of the Superintendent's and Police Board's final decision-making process about what, if any, actions should be taken against a police officer.

## **CONCLUSION**

As the above makes clear, there is strong support both within the Northern District and provided by the Illinois FOIA for Defendants' proposed Confidentiality Order. Furthermore, Plaintiffs are not prejudiced in any way by entry of the proposed Confidentiality Order. In fact, entry of a this order will likely serve to minimize discovery disputes, as the parties will more readily disclose documents knowing that they will only be used for the purposes of the instant litigation. The interest in reducing discovery disputes outweighs any possible interest Plaintiffs could have in disseminating unfiled discovery to the public. See Bond, 585 F.3d, 1077. Good cause exists under both federal law and Illinois public policy for the designation of CR files as "confidential matter," as defined in Defendants' Proposed Confidentiality Order. Alternatively, Defendants request inclusion, at the very least, of a disclosure procedure for CR files.

      **WHEREFORE**, Defendants request this Honorable Court enter Defendants' Proposed Confidentiality Order (attached as Exhibit A), the Agreed Qualified HIPAA Protective Order, (attached as Exhibit B), and for such further relief the Court deems appropriate.

                                                      Respectfully submitted,

| | |
|---|---|
| STEPHEN R. PATTON<br>Corporation Counsel<br>City of Chicago | Officer Joseph Corbett<br><br>By:  **/s/ *Megan K. McGrath*** |
| | Megan K. McGrath |
| **BY**:  /s/Marion C. Moore<br>Marion C. Moore<br>Assistant Corporation Counsel | Assistant Corporation Counsel |

30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-8364/9212
(312) 744-6566 (Fax)