# GROUP EXHIBIT C

Order Form (01/2005) Case: 1:10-cv-00658 Document #: 41 Filed: 04/08/11 Page 1 of 3 PageID #:151

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 0658 | **DATE** | 4/8/2011 |
| **CASE TITLE** | Calhoun vs. City of Chicago et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion for protective order [28] is granted in part. Defendants should make the one change identified by the court and re-submit the edited protective order, following the procedure outlined on the court's website for proposed orders.

■[ For further details see text below.]        Docketing to mail notices.

## STATEMENT

    This case involves excessive force and false arrest claims against two Chicago police officers and the City of Chicago, brought under 42 U.S.C. § 1983. Defendants have asked the court to enter a protective order, and plaintiff Joseph Calhoun has raised two specific objections. First, Calhoun asks the court to strike a provision of the proposed order ("Review Provision") that requires Calhoun to submit certain police complaint files (known as "Complaint Registers" or "CRs") to defendants for review thirty days in advance of any public release. If a dispute arises over the public release, the provision creates a mechanism for judicial review. Second, Calhoun objects to the order's provision ("CR Provision") which defines as "Confidential Matter" any CRs for which no discipline was imposed.

    Unless prohibited by a protective order, a party can disseminate materials obtained in discovery. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994); *but cf. Bond v. Utreras*, 585 F.3d 1061, 1074-76 (7th Cir. 2009) (there is no implied right of public access to unfiled discovery). Federal Rule of Civil Procedure 26(c) allows a court, after finding "good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" To determine whether a party has shown good cause, the district court must balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order. *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997). Factors that determine whether good cause exists include "privacy interests, whether the information is important to public health and safety and whether the party benefitting from the confidentiality of the protective order is a public official." *Id.* Good cause depends on those and other factors according to the facts and circumstances in each specific case. *Id.*

    Calhoun contends that the Review Provision creates an unwieldy process for obtaining the release of CRs which resulted in the imposition of discipline. He argues that these CRs are not defined as confidential in the protective order, so no protection is required. Defendants respond that, for the defendant officers in

## STATEMENT

this case, no such CRs even exist, so this provision is unlikely to become an issue. The court also notes that, although the CRs themselves may not be confidential under the protective order, the proposed order does define as confidential any "private information" in the files. The provision seems reasonable to the court, although 30 days seems like more time than is required for defendants to review the records. The court will overrule Calhoun's objection to this provision, but defendants should modify the order to provide 7 days for reviewing any proposed public release of CRs.

Next, Calhoun argues that the CR Provision would prevent public access to files which should be public records. Defendants respond that there is no public interest in the release of complaints that have been unsubstantiated. Courts in this district have repeatedly grappled with this issue, reaching different conclusions. *Compare Brown v. City of Chicago*, No. 09 C 6506, 2011 WL 222840 (N.D. Ill. Jan. 24, 2011) (adopting CR Provision), *Clark v. City of Chicago*, No. 10 C 1803 (N.D. Ill. Oct. 13, 2010) (unpublished order) (same), *Livingston v. McDevitt*, No. 09 C 7725 (N.D. Ill. May 10, 2010) (unpublished order) (same), *Alva v. City of Chicago*, No. 08 C 6261 (N.D. Ill. Apr. 16, 2010) (unpublished order) (same), *with Rangel v. City of Chicago*, No. 10 C 2750, 2010 WL 3699991 (N.D. Ill. Sept. 13, 2010) (rejecting blanket protection for unsustained CRs), *Parra v. City of Chicago*, No. 09 C 4067 (N.D. Ill. Apr. 14, 2010) (unpublished order) (same); *Macias v. City of Chicago*, No. 09 C 1240 (N.D. Ill. Mar. 10, 2010) (unpublished order) (same).

In asserting a privacy interest in the unsustained CRs, defendants primarily rely on the Illinois Freedom of Information Act ("IFOIA"). IFOIA establishes as the general public policy of Illinois "that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees . . . ." 5 Ill. Comp. Stat. 140/1. Upon a citizen's request, IFOIA requires public bodies to disclose the requested documents, but there are exceptions. IFOIA exempts:

> Personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. "Unwarranted invasion of personal privacy" means the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy.

5 Ill. Comp. Stat. 140/7(1)(c). Section 7(1)(c) creates a general rule that information bearing on the public duties of public employees must be disclosed. Section 7(1)(n), however, is a specific rule exempting "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases; however, this exemption shall not extend to the final outcome of cases in which discipline is imposed." 5 Ill. Comp. Stat. 140/7(1)(n). Defendants contend that CRs are "records relating to a public body's adjudication of . . . disciplinary cases." Calhoun disagrees.

Courts in this district have differed on this question. Some courts have concluded that the plain language of the IFOIA exemption includes CRs. As Judge Der-Yeghiayan explained in *Clark*, "CR files contain the investigator's report and disciplinary recommendations." *Clark*, No. 10 C 1803, Doc. 49 at 2. And, according to the City of Chicago, "CR files contain the documentary evidence that is at the center of all investigatory adjudications of officers." *Id.* Other courts have disagreed that CRs necessarily relate to an "adjudication." For example, Judge Valdez in *Macias* held that CRs are merely investigatory materials which may or may not ever lead to an adjudication of a disciplinary case. *Macias*, 09 C 1240, Doc. 84 at 2 (N.D. Ill. May 5, 2010).

## STATEMENT

In any event, this court need not resolve this difficult question of Illinois law. As Judge Lefkow observed in *Rangel*, IFOIA does not control this court's determination of whether "good cause" has been shown to protect the CRs. *Rangel*, 2010 WL 3699991, at *2. The court believes there is good cause in this case. Defendants arguably have a privacy interest in these records under Illinois law, and there is some potential for harassment or embarrassment since the unsustained CRs have not been corroborated. Furthermore, Calhoun has not identified any reason, other than a general public interest in access to the records, for releasing the CRs. The discovery process is not designed to provide public access to the inner workings of the Chicago Police Department. *See Bond*, 585 F.3d at 1075.

The court will adopt the CR Provision. If a need should arise to share the CRs with specific individuals for the purpose of this litigation, the court would certainly consider making exceptions to the protective order. And the court would obviously have to reassess the balance of interests should defendants seek to protect the CRs during a trial, when the proceedings would be presumptively public.

Accordingly, the defendants' motion is granted in part. Defendants should make the one change identified by the court and re-submit the edited protective order, following the procedure outlined on the court's website for proposed orders.

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3513 | **DATE** | 4/8/2011 |
| **CASE TITLE** | | Cruz vs. Schuler et al. | |

**DOCKET ENTRY TEXT**

Defendants' motion for a protective order [26] is granted.

■[ For further details see text below.]        Docketing to mail notices.

---

### STATEMENT

This case involves excessive force and unlawful search claims against two Chicago police officers and the City of Chicago, brought under 42 U.S.C. § 1983. Defendants have asked the court to enter a protective order, and plaintiff Walter Cruz objects to one provision of the order. According to Cruz, police department complaint register files ("CRs") should not be considered confidential.

Courts in this district have repeatedly grappled with this issue, reaching different conclusions. *Compare Brown v. City of Chicago*, No. 09 C 6506, 2011 WL 222840 (N.D. Ill. Jan. 24, 2011) (adopting CR Provision), *Clark v. City of Chicago*, No. 10 C 1803 (N.D. Ill. Oct. 13, 2010) (unpublished order) (same), *Livingston v. McDevitt*, No. 09 C 7725 (N.D. Ill. May 10, 2010) (unpublished order) (same), *Alva v. City of Chicago*, No. 08 C 6261 (N.D. Ill. Apr. 16, 2010) (unpublished order) (same), *with Rangel v. City of Chicago*, No. 10 C 2750, 2010 WL 3699991 (N.D. Ill. Sept. 13, 2010) (rejecting blanket protection for unsustained CRs), *Parra v. City of Chicago*, No. 09 C 4067 (N.D. Ill. Apr. 14, 2010) (unpublished order) (same); *Macias v. City of Chicago*, No. 09 C 1240 (N.D. Ill. Mar. 10, 2010) (unpublished order) (same). In fact, this court is, simultaneously with this order, issuing an order in another case, deciding this very same issue. *See Calhoun v. City of Chicago*, No. 10 C 0658 (N.D. Ill. Apr. 8, 2011).

For the reasons stated in this court's order in *Calhoun*, defendants' motion for a protective order is granted. Briefly, the court believes there is good cause in this case to protect CRs during discovery. Defendants arguably have a privacy interest in these records under Illinois law. As in the *Calhoun* case, Cruz has not identified any reason, other than a general public interest in access to the records, for releasing the CRs. The discovery process is not designed to provide public access to the inner workings of the Chicago Police Department. *See Bond v. Utreras*, 585 F.3d 1061, 1074-76 (7th Cir. Ill. 2009) (there is no implied right of public access to unfiled discovery). If a need should arise to share the CRs with specific individuals for the purpose of this litigation, the court would certainly consider making exceptions to the protective

---

**STATEMENT**

order. And the court would obviously have to reassess the balance of interests should defendants seek to protect the CRs during a trial, when the proceedings would be presumptively public.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOREINA BROWN,                      )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     No.  09 C 6506
                                    )
CITY OF CHICAGO, et al.,            )
                                    )
            Defendants.             )

MEMORANDUM ORDER

This case, like so many others among the distressingly large
volume of lawsuits charging members of the Chicago Police
Department ("Department") with violations of plaintiffs'
constitutional rights,[1] poses the recurring question of the
public disclosure of Complaint Register files ("CRs") and other
police disciplinary items, especially those that did not result
in findings adverse to the officers.[2]  What are currently pending

---

[1]  When a federal judge receives such an unending stream of
complaints, the picture that they seem to portray is that of a
law enforcement group infected with lawlessness--a perception
terribly unfair to the hundreds of conscientious public servants
who hold those positions.  And regrettably, such instances as the
high profile case of the just-sentenced rogue Police Commander
Jon Burge reinforce that perception of widespread lawlessness.
All the more important, then, that federal courts act to
safeguard the individual rights of defendant police officers as
well as the individual rights of plaintiffs.

[2]  Again regrettably, the appropriate treatment of such
matters is made more complicated by the distressing history of
the Department's internal investigatory procedures, which have
consistently generated results that experience has shown to be
unduly favorable to those charged, with an unreasonably miniscule
number of adverse findings that defy common sense and later-
revealed facts.  Once more the Burge case serves as a poster
child that demonstrates that phenomenon.

here are competing proposals for protective orders—one by plaintiff Loreina Brown ("Brown")(Dkt. 45) and the other by counsel for defendants City of Chicago and some of its police officers (Dkt. 50).

For a time that dispute was readily resolvable in terms favorable to Brown's position. In Gekas v. Williamson, 393 Ill.App.3d 573, 912 N.E.2d 347 (4th Dist. 2009) the Illinois Appellate Court held that law enforcement personnel have no privacy interest in such disciplinary proceedings, no matter what result may have come out of the internal investigatory procedures. Here in part is what Gekas, id. at 585-86, 912 N.E.2d at 357-58 said on the subject discussed here in n. 2:

> Whether information "bears on" (or is relevant to, relates to, or has reference to) the public duties of public employees depends on the subject matter of the information, not its ultimate accuracy. That a complaint against a deputy sheriff is "unfounded" is nothing more than a conclusion of the sheriff's office: in response to the complaint, the public body investigated itself, or "self-monitored." We should interpret the Act in such a way as to avoid absurd results. See Burger v. Lutheran General Hospital, 198 Ill.2d 21, 59, 259 Ill.Dec. 753, 759 N.E.2d 533, 555 (2001). If the Act allowed a public body to deny access to complaints that it deemed to be unfounded, defeating the Act would be as easy as declaring a complaint to be unfounded.
>
> *          *          *
>
> To monitor the Sangamon County sheriff's office to ensure it is being conducted in the public interest, citizens might want to see whether the Division is performing a fair and objective investigation of complaints. They might want to see whether complaints that the Division determined to be unfounded are really

2

unfounded.  Obviously, citizens cannot perform this
critique (which section 1 calls nothing less than the
people's "duty") if so-called "unfounded" complaints
are exempt from disclosure for the tautological reason
that the public body decided they were unfounded.  Such
an exemption would throw a cloak over potential
wrongdoing and insulate officials from political
accountability.

The circuit court erred in allowing defendant to
withhold "unfounded" complaints of wrongdoing by
Gillette in the performance of his duties.  Complaints,
founded or unfounded, that he committed misconduct in
his capacity as a deputy sheriff are "information that
bears on [his] public duties," and the disclosure of
such information "shall not be considered an invasion
of personal privacy."  5 ILCS 140/7(1)(b)(West 2006).
Insomuch as these materials, true or false, founded or
unfounded, bear on his duties as a police officer, the
disclosure of these materials would not invade his
personal privacy, and, thus, we do not reach the
question of whether their disclosure would be a
"clearly unwarranted invasion of [his] personal
privacy."  5 ILCS 140/7(1)(b)(West 2006).

Accordingly both this Court and a number of its colleagues

issued rulings conforming to that statement of Illinois law (see,

e.g., Padilla v. City of Chicago, No. 06 C 5462, 2009 WL 2501393

(N.D. Ill. Aug. 14).  And as this Court's November 16, 2009

memorandum in Padilla, 669 F.Supp.2d 911, 912 (N.D. Ill. 2009)

held, a plaintiff's counsel might then make that material

publicly available--a constitutionally protected right (see,

e.g., Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858

(7th Cir. 1994) and cases cited there).

Then, however, the Illinois General Assembly intervened by

amending the Illinois Freedom of Information Act ("FOIA") by

changing one of the exemptions from public inspection and copying

3

(5 ILCS 140/7(n)) to read:

> Records relating to a public body's adjudication of employee grievances or disciplinary cases; however, this exemption shall not extend to the final outcome of cases in which discipline is imposed.

Even though Gekas had equated the earlier use of the term "bears on"[3] in the nonexempt context as having the same meaning as "relate to," that legislative amendment led a number of this Court's colleagues to reverse their fields. This Court similarly views the legislative change as recognizing a right of protection from disclosure to merely curious members of the public who are entitled to disclosure under the general thrust of Illinois FOIA, 5 ILCS 140/1.

But care must be taken not to conflate the general rule in that respect--a rule that now negates a universal "public right to know" as to CRs and the like--with the amenability to disclosure in the context of a lawsuit such as this one. Such conflation, like any other Pavlovian-type generalization, is likely to generate an overly simplistic answer to the more precise question posed in a particular case.

For the present, then, a protective order of the type proffered by counsel for defendants, and not that tendered by

---

[3]   5 ILCS 140/7(1)(b) had read:

> The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy.

4

Brown's counsel, will be entered.  Defense counsel's proposed order must, however, be modified to make clear that the order is an interim ruling, that it is subject to possible further revision in the event of future developments in the law in this area and that it is not intended to control what may ultimately be the operative rule as to the public disclosure of CRs based on further developments in this action.

Accordingly Brown's motion (Dkt. 45) is denied, while defendants' motion (Dkt. 50) is granted.  In that last respect, defense counsel are ordered promptly to draft a modification of their proposal to conform to the preceding paragraph of the text and to submit it to Brown's counsel and this Court for equally prompt action.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 24, 2011

5

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 4.1.1**
**Eastern Division**

Rhonda Scruggs

Plaintiff,

v.

City of Chicago, et al.

Defendant.

Case No.: 1:10−cv−03373
Honorable George W. Lindberg

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, December 7, 2010:

    MINUTE entry before Honorable George W. Lindberg: The court has determined that a protective order in the form proposed by defendants should be entered. Specifically, the court has determined it is appropriate to maintain confidentiality of the complaint register materials as proposed by defendants rather than to make them non−confidential as proposed by plaintiff. Accordingly, defendants' motion for protective order [19] is granted.Mailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov.*

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1803 | **DATE** | 10/13/2010 |
| **CASE TITLE** | Matthew Clark, et al. Vs. City of Chicago, et al. | | |

DOCKET ENTRY TEXT

For the reasons stated below, we grant Defendants' motion for a protective order and deny Plaintiffs' motion for a protective order.

■[ For further details see text below and attached protective order.]

Docketing to mail notices.

| STATEMENT |
|---|

This matter is before the court on the Plaintiffs' motion for a protective order and Defendant City of Chicago's (City) motion for a protective order. On August 25, 2010, the court denied the parties' motions for a protective order without prejudice and gave the parties an opportunity to prepare an agreed protective order consistent with the August 25, 2010, ruling. We also indicated that, if the parties were unable to reach an agreement concerning a protective order, they could separately file proposed protective orders. The parties did not file an agreed protective order and have separately filed motions for protective orders and proposed protective orders. The key dispute between the parties relates to the City's contention that the protective order should cover all Complaint Register (CR) files. Plaintiffs contend that CR files should not be subject to the protective order and Plaintiffs should be able make the information in such files available to the public. Plaintiffs do agree that personnel records, private financial information of parties and non-parties, and medical records should be covered by the protective order and that personal information such as birth dates and social security numbers of non-parties and non-party witnesses should be covered by the protective order.

    Federal Rule of Civil Procedure 26(c) provides that a party can move for a protective order, and the court can enter such an order "for good cause." Fed. R. Civ. P. 26(c). In *Gekas v. Williamson*, 912 N.E.2d

## STATEMENT

347 (Ill. App. Ct. 2009), the Illinois Appellate Court held that police personnel do not have a right to privacy in regard to charges of misconduct. *Id.* at 356. The Court in *Gekas* held that the exemption in the Illinois Freedom of Information Act (IFOIA), 5 ILCS 140/1 *et seq.*, for "personnel files and personal information," did not apply to CR files. *Id.* However, in 2010, after the ruling in *Gekas*, IFOIA was amended to provide for an exemption for "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases. . . ." 5 ILCS 140/7(1)(n).

In our August 25, 2010 ruling, we noted that the City had provided only cursory statements regarding why CR files in general should be kept confidential and that the City did not explain to the court why it believed the CR files would be considered records relating to a public body's adjudication of disciplinary cases. The City explains in its instant motion that the CR files contain the investigator's report and disciplinary recommendations. The City contends that the CR files contain the documentary evidence that is at the center of all investigatory adjudications of officers. We agree that since the CR files are an integral part of the disciplinary process, the CR files should be considered records relating to an adjudication of disciplinary cases, and thus they are subject to a protective order.

This holding is consistent with the plain language of 5 ILCS 140/7(1)(n). *See Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872 (7th Cir. 2009)(stating that "[i]f 'the statutory language is clear and unambiguous, then there is no need to resort to other aids of construction'")(quoting in part *Carter v. Tennant Co.*, 383 F.3d 673, 682 (7th Cir. 2004)). We note that IFOIA does not provide that adjudications in disciplinary cases are exempt. 5 ILCS 140/7(1)(n). Rather, IFOIA exempts "[r]ecords relating to" adjudications. *Id.* The CR files at issue in this case clearly fall within that category. This holding is also consistent with the Seventh Circuit's admonition in *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009) that "[u]nfiled discovery is private, not public." *Id.* at 1066. We also note that this ruling is consistent with the rulings of other judges in this district. *See, e.g., Livingston v. McDevitt*, 09 C 7725 (N.D. Ill. May 10, 2010, St. Eve, J.); *Alva v. City of Chicago*, 08 C 6261 (N.D. Ill. April 16, 2010, Dow, J.); *Bell v. City of Chicago*, 2010 WL 753297, at *2-*3 (N.D. Ill. 2010). Therefore, we grant the City's motion for a protective order and deny Plaintiffs' motion for a protective order.

10C1803 Matthew Clark, et al. Vs. City of Chicago, et al.

Page 2 of 2

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7725 | **DATE** | 5/10/2010 |
| **CASE TITLE** | Livingston vs. McDevitt et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Defendants' motion for entry of protective order [17].

■[ For further details see text below.]          Notices mailed by Judicial staff.

---

**STATEMENT**

    On December 14, 2009, Plaintiff Willie Livingston, Jr. filed a four-count Complaint against Defendants City of Chicago and two Chicago police officers, Bernard McDevitt and Gary Olson, alleging excessive force, false arrest, battery, and indemnification. *See* 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1367(a). Before the Court is Defendants' motion for an entry of a protective order. For the following reasons, the Court grants Defendants' motion.

**LEGAL STANDARD**

    Pursuant to Federal Rule of Civil Procedure 26(c), courts may enter protective orders for "good cause" in order "to protect litigants and third parties from the 'annoyance, embarrassment, oppression, or undue burden or expense' that may attend the discovery process." *Bond v. Utreras,* 585 F.3d 1061, 1067 (7th Cir. 2009) (quoting Fed.R.Civ.P. 26(c)(1)). In other words, "Rule 26(c) allows a court to shield certain documents from the public when there is good cause to do so." *Bond,* 585 F.3d at 1074. In determining whether there is good cause for a protective order, the Court must balance the harm to the party seeking the protective order against the importance of public disclosure. *See In re Northshore Univ. Healthsystem,* 254 F.R.D. 338, 341-42 (N.D. Ill. 2008); *Doe v. Marsalis,* 202 F.R.D. 233, 237 (N.D. Ill. 2001).

| | | |
|---|---|---|
| | Courtroom Deputy Initials: | KF |

---

## ANALYSIS

In their motion for a protective order, Defendants rely on the Illinois Freedom of Information Act ("FOIA") to establish good cause to protect Defendant officers' personnel files, disciplinary actions, histories, files generated by the investigation of misconduct complaints – commonly referred to as "Complaint Register" ("CR") files – and related information. *See* 5 ILCS 140/7(1)(n). Plaintiff does not object to the protective order protecting Defendant officers' medical, personal, identifying, or family information. Instead, Plaintiff objects to the protective order in that it seeks to protect Defendant officers' disciplinary and CR files.

Plaintiff bases his argument on the Illinois Appellate Court's decision in *Gekas v. Williamson,* 393 Ill.App.3d 573, 332 Ill.Dec. 161, 912 N.E.2d 347 (Ill.App.Ct. 2009), and Northern District of Illinois cases that have followed *Gekas'* holding. *See, e.g., Padilla v. City of Chicago,* 669 F.Supp.2d 911 (N.D. Ill. 2009). In *Gekas,* the Illinois Appellate Court, Fourth District, concluded that CR and disciplinary files did not fall within the Illinois FOIA's exemption to personnel files – formerly codified at 5 ILCS 140/7(1)(b) – because the defendant police officers did not have a reasonable expectation of privacy in such matters. *See Gekas,* 393 Ill.App.3d at 593; *see also Bell v. City of Chicago*, No. 09 C 0754, 2010 WL 753297, at *1-2 (N.D. Ill. Feb. 26, 2010).

Since the Illinois Appellate Court decided *Gekas,* the Illinois legislature has amended Illinois' FOIA statute, effective January 1, 2010, to include the following exemption:

> (n) Records relating to a public body's adjudication of employee grievances or disciplinary cases; however this exemption shall not extend to the final outcome of cases in which discipline is imposed.

5 ILCS 140/7(1)(n) (West 2010).  Based on this new exemption, a judge in this district has concluded that "the newly-amended FOIA expressly exempts from disclosure records relating to disciplinary adjudications," and "[t]hus, under the plain language of the newly amended FOIA, CRs are exempted from disclosure." *See Bell,* 2010 WL 753297, at *2. The court in *Bell* further explained:

> The Plaintiff argues that any reliance upon this amendment to exempt CRs from disclosure is fatally flawed, because CRs are not "adjudications."  Plaintiff's argument is specious.  The amendment does not exempt adjudications, but instead expressly protects "records *relating to*" adjudications.  5 ILCS 140/7[(1)](n).  Clearly, a CR is a record relating to the public body's adjudication of employee disciplinary cases.  Notably, the amendment further provides that CRs where discipline has been imposed are not entitled to protection from disclosure.

*Id.* at *3 (emphasis in original).

Another judge in this district, however, concluded that under the new FOIA exemption, CR files are not related to a public body's "adjudication," but rather CR files are related to the investigation of complaints done by the Independent Police Review Board.  *See Macias v. City of Chicago,* No. 09 C 1240, Order on Mot. for Reconsider, at 2 (N.D. Ill. May 5, 2010).  The court in *Macias* based its decision on the Chicago Police Board's publication "Allegations of Police Misconduct: A Guide to the Complaint and Disciplinary Process," in concluding that "the plain language of the City's own publication makes it clear that the information contained in CR files relates to the investigation of a complaint and that the adjudication of the complaint occurs after the IPRA has issued its finding." *See Macias v. City of Chicago,* No. 09 C 1240, Order on Mot. for Protective Order, at 2 (N.D. Ill. Mar. 10, 2010).

Under Illinois law, however, if "the statutory language is clear and unambiguous, then there is no need to resort to other aids of construction." *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills,* 589 F.3d 865, 872 (7th Cir. 2009). As the Supreme Court of Illinois explains:

> Our primary objective in construing a statute is to give effect to the intention of the legislature. The most reliable indicator of the legislature's intent is the language of the statute, which must be given its plain and ordinary meaning. In addition, a statute should be read as a whole, considering all relevant parts. Where the statutory language is clear and unambiguous, it will be given effect as written, without resort to other aids of construction. We may not depart from a statute's plain language by reading into it exceptions, limitations, or conditions the legislature did not express.

*In re J.L.* 236 Ill.2d 329, 2010 WL 572100, at *5 (Ill. 2010) (internal citations omitted).

Here, reading the subsection of the statute as a whole, it says that "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases" are exempt from disclosure, but that "this exemption shall not extend to the final outcome of cases in which discipline is imposed." The Court agrees with the *Bell* decision that the plain language of the statute includes documents in a CR or disciplinary file because they "relate to" a public body's adjudications, even if the CR disciplinary documents also pertain to the initial investigation of the disciplinary complaint. In short, the statute's inclusion of "relate to" broadens the definition of "adjudication" to include any document relating to disciplinary complaints. Thus, good cause exists to shield the disciplinary and CR files in this matter under the plain language of the amendment to the Illinois FOIA. *See Bell,* 2010 WL 753297, at *2.

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6261 | **DATE** | 4/16/2010 |
| **CASE TITLE** | | Alva vs. City of Chicago, et al. | |

**DOCKET ENTRY TEXT**

Currently before the Court is Defendants' joint motion for reconsideration of their motion for entry of a protective order [49]. For the reasons stated below, Defendants' motion is granted. The parties are directed to submit to Judge Dow's proposed order box a draft protective order that is consistent with this opinion by April 30, 2010. This case is set for further status on May 7, 2010 at 9:00 a.m.

■[ For further details see text below.]                                               Docketing to mail notices.

---

## STATEMENT

**I.    Background**

Defendants sought – and, in the pending motion for reconsideration, still seek – the entry of a protective order designating as confidential certain information that may be subject to discovery in this case, including the employment, disciplinary, financial, medical, and other sensitive or non-public information regarding plaintiff, defendants, and non-party witnesses. Among the records that Defendants seek to include as confidential are the complaint register files ("CRs") related to the individual Defendant Officers, which contain disciplinary actions, histories, and files generated by the investigation of complaints of misconduct by the officers. Plaintiff objected to Defendants' proposed protective order only to the extent that it related to disciplinary records, including the CRs.

Previously, Defendants argued that the CRs should be protected as a part of police officers' personnel records, pursuant to an exemption which was provided for in the previous version of FOIA. On October 8, 2009, the Court denied Defendants' motion for a protective order, finding that the disciplinary records could not be protected under Defendants' proposed protective order. The Court relied primarily on the Illinois Appellate Court for the Fourth District's decision in *Gekas v. Williamson*, 912 N.E. 2d 347 (Ill. App. Ct. 2009), which found that disciplinary records are not "personnel records" exempt under FOIA. In *Gekas*, the plaintiff sought copies of all complaints that citizens had made against a police officer, including all records relevant to those complaints. The sheriff refused to disclose the records on the ground that they were part of the officer's personnel file, and consequently were exempt from disclosure under FOIA Section 7(1)(b)(ii). The court held that the former FOIA section 7(b)(1)(ii) exempts "only 'personal information' in personnel files." 912 N.E. 2d at 349. In light of that statutory interpretation, the court held that because the complaints at issue were "not generated for [the officer's] personal use, and * * * [did] not concern his personal affairs," they were public records that were not exempt from disclosure. *Id.* at 356.

08C6261 Alva vs. City of Chicago, et al.                                                        Page 1 of 4

## STATEMENT

The Court determined that the *Gekas* court's interpretation of FOIA Section 7(1)(b)(ii) was consistent with the Supreme Court of Illinois' observation that "[t]he fact that [a document] may be physically maintained within a public employee's personnel file is insufficient to insulate it from disclosure." *Stern v. Wheaton-Warrenville Community Unit School Dist. 200*, 233 Ill.2d 396, 412, 910 N.E.2d 85, 95 (Ill. 2009). Rather, records contained in personnel files are exempt only to the extent that (consistent with the exemption's purpose) their disclosure would "violate personal privacy." *Id.* As the *Stern* court noted, "the Act expressly provides that '[t]he disclosure of information that bears on the public duties of public employees * * * shall not be considered an invasion of personal privacy.'" *Id.* Therefore, if a document bears on the public duties of public employees, its "physical location within an otherwise exempt record is irrelevant." *Id.* Other recent decisions in this district likewise have concluded that CRs do not fall within the FOIA exemption for personnel files and that the FOIA does not establish good cause for issuing an order shielding CRs from disclosure. See, *e.g.*, *Fuller v. City of Chicago*, No. 09-cv-1672 (N.D. Ill. Nov. 10, 2009); *Goldhamer v. City of Chicago*, No. 07-cv-5286 (N.D. Ill. Nov. 2, 2009). However, as explained below, a recent amendment to the FOIA has altered the legal landscape since those decisions – and this Court's prior decision in *Alva* – were issued.

## II.   Analysis

### A.   Standard on a Motion to Reconsider

A court may alter or amend a judgment when the movant "clearly establish[es]" that "there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). A motion to reconsider may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Because the standards for reconsideration are exacting, our court of appeals has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (elaborating that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.").

### B.   Protective Orders

Federal Rule of Civil Procedure 26(c) permits this Court to enter protective orders "for good cause shown." Defendants argue that good cause exists with respect to the disciplinary records and CRs because some of the complaints against the officers are meritless, such that their public disclosure would invade the officers' privacy rights, and could risk the safety of officers and their families, make officers targets of baseless lawsuits, and undermine trust in the police. Defendants contend that the Illinois Freedom of Information Act ("FOIA"), 5 ILCS 140/7, the Illinois Personnel Records Review Act, 820 ILCS 40/0.01 et seq., Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct, and this District's Local Rule 83.53.6 protect the disciplinary records from disclosure. Plaintiff counters that the public has an interest in the disciplinary records, and that these records are public documents that find no protection under FOIA, the Illinois Personnel Records Review Act, or any other applicable rule.

### C.   Recent FOIA Amendments

The primary dispute between the parties remains whether the disciplinary records are exempt from public disclosure under Section 7(1)(b) of the FOIA. Since the Court issued its ruling on Defendant's motion of a

## STATEMENT

protective order, recent changes to FOIA, which went into effect January 1, 2010, provide persuasive indications that *Gekas* no longer can be relied upon as the latest pronouncement of Illinois law on the subject of whether disciplinary records are subject to disclosure under FOIA.

FOIA begins with the proposition that records possessed by a "public body are presumed to be open to inspection or copying." 5 ILCS 140/1.2 (West 2010). The recently-amended FOIA on its face supports the notion that acts performed by those acting in a public capacity are not personal and cannot be hidden from public view. *Id.* Any public body that desires to keep records from public view must show that they fall into a FOIA exemption by clear and convincing evidence. *Id.* In fact, Section 7(c) specifically acknowledges the personnel records problem by stating, "[t]he disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy." 5 ILCS 140.

However, as pro-disclosure as the FOIA may appear, the newly-amended FOIA's list of exemptions now includes an express exemption shielding certain disciplinary records from public disclosure. Section 7(n) exempts from disclosure "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases; however this exemption shall not extend to the final outcome of cases in which discipline is imposed." 5 ILCS 140/7(1)(n). Based on this amendment, Defendants no longer must argue that a CR fits within FOIA's exemptions because it is a personal and private part of an officer's personnel file; instead, they now contend that the 2010 amendments to FOIA reflect the General Assembly's decision to protect police officers from the publication of complaints that did not result in discipline.

The newly-amended FOIA expressly exempts from disclosure records *relating to* disciplinary adjudications. Thus, under the plain language of the newly amended FOIA, if CRs are classified as "records relating to a public body's adjudication of * * * disciplinary cases," they are exempted from disclosure. See *Lieber v. Board of Trustees of S. Illinois Univ.*, 176 Ill. 2d 401, 407 (Ill. 1997) (finding that where records fall within a specifically enumerated exemption of FOIA, "no further inquiry" is necessary). In other words, if the CRs come within the ambit of 5 ILCS 140/7(1)(n), Plaintiff's argument that such records are not protected "personal information," as held in *Gekas*, would be irrelevant.

Plaintiff argues that reliance upon this amendment to exempt CRs from disclosure is fatally flawed because CRs are not "adjudications." However, the amendment does not merely exempt "adjudications"; rather, it expressly references records "relating to" adjudications. Mindful of precedent that instructs that "relating to" is a liberal standard (see *Kopchar v. City of Chi.*, 395 Ill. App. 3d 762, 567 (Ill. Ap. Ct. 2009) (discussing FOIA); see also *Pierson v. Dean*, 742 F.2d 334, n. 2, 338 (7th Cir. 1984)(discussing "relating to" in an arbitration clause)), the Court looks to the procedures employed in disciplinary actions against police officers.

First, the Independent Police Review Authority (IPRA) collects complaints about police officers and investigates the complaints. After contacting the complainant and any witnesses to obtain statements, the investigator collects the relevant evidence and also questions the accused officer and any police department officials who may have knowledge of the alleged misconduct. Next, the IPRA classifies the result into the following categories: sustained, not sustained, unfounded, or exonerated. Finally, based on its investigation, the IPRA makes recommendations to the Superintendent of Police. If the IPRA and the Superintendent of the Police disagree as to the correct disciplinary steps, the Police Review Board (PRB) decides.

Plaintiff posits that complaint register files relate to the investigation of a complaint, and that the adjudication of the complaint occurs after IPRA has issued its finding. See also *Macias v. City of Chi.*, No. 09 C 1240 * 2 (N.D. Ill. Mar. 10, 2010). In other words, according to Plaintiff, IPRA is an investigatory, not adjudicatory,

## STATEMENT

body because it does not settle disciplinary issues; rather, it simply makes recommendations and then either the Police Superintendent or the PBR makes the final decision.

This Court respectfully disagrees. See also *Bell v. City of Chicago*, 2010 WL 753297, at *2 (N.D. Ill. Feb. 26, 2010). Although IPRA's investigation does not involve oaths, cross-examinations, or confrontations, the initial investigation by IPRA triggers the adjudication. (Oral Arg. Tr. Mar. 3, 2010, 6:7-9, 9:3-5.) Without a CR, the adjudication of an employee disciplinary case would not take place – the adjudication follows from the investigation. Indeed, the PRB relies heavily on IRPA's investigation (Tr. 9:23-24), demonstrating a close connection between the CRs and the adjudication – and at least a sufficiently close connection to satisfy the "related to" language in the amendment. Therefore, it is not that the CRs ultimately may be relevant in a later adjudication, but that the CRs comprise the bulk of *what is relevant* to the adjudication. But see *Macias*, No. 09 C 1240 * 2 (N.D. Ill. Mar. 10, 2010).

In sum, based on the plain language of the recent FOIA amendment, the CRs are exempted from public disclosure unless discipline was imposed. As such, the Court's previous decision, relying on *Gekas*, no longer reflects the current state of the law. While the Court remains sympathetic to the view expressed in *Gekas* that what an officer "does in his capacity as a deputy sheriff is not his private business" (912 N.E.2d at 361), it also is true that pretrial discovery – unlike a trial itself – "is usually conducted in private" (*Bond v. Utreras*, 585 F.3d 1061, 1074-75 (7th Cir. 2009). But most importantly for present purposes, the timing and language of the 2010 amendments to the Illinois FOIA strongly suggest that the Illinois General Assembly was aware of *Gekas* and chose to draw the line concerning public access to CRs as to which discipline has not been imposed in a different place. The Court is not inclined to disregard that legislative determination, and thus concludes that CRs are exempt from disclosure to the extent set forth in Section 140/7(1)(n). To be sure, where discipline is (or was) imposed, the CRs are not entitled to protection from disclosure and thus are not within the scope of a valid protective order.

## III. Conclusion

For the reasons stated above, Defendants' motion for reconsideration [49] is granted. The parties are directed to submit to Judge Dow's proposed order box a draft protective order that is consistent with this opinion by April 30, 2010. This case is set for further status on May 7, 2010 at 9:00 a.m.

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1462 | **DATE** | 4/16/2010 |
| **CASE TITLE** | Pierce vs. City of Chicago, et al. | | |

### DOCKET ENTRY TEXT

Currently before the Court is Defendants' renewed motion for the entry of a protective order [21]. For the reasons stated below, Defendants' motion is granted. The parties are directed to submit to Judge Dow's proposed order box a draft protective order that is consistent with this opinion by April 30, 2010. This case is set for further status on May 7, 2010 at 9:00 a.m.

■[ For further details see text below.]                                                            Docketing to mail notices.

---

### STATEMENT

**I.   Background**

Defendants seeks the entry of a protective order designating as confidential certain information that may be subject to discovery in this case, including the employment, disciplinary, financial, medical, and other sensitive or non-public information regarding plaintiff, defendants, and non-party witnesses. Among the records that Defendants seek to include as confidential are the complaint register files ("CRs") related to the individual Defendant Officers, which contain disciplinary actions, histories, and files generated by the investigation of complaints of misconduct by the officers. Defendants are not refusing to disclose the CR files to Plaintiff; rather, Defendants request that the documents be labeled as confidential to prevent Plaintiff from utilizing the information contained in them outside of this lawsuit and to protect allegedly personal information contained in the files. Plaintiff objected to Defendants' proposed protective order only to the extent that it related to disciplinary records, including the CRs.

Defendants first argue that the CRs should be protected as a part of police officers' personnel records, pursuant to an exemption in the Illinois Freedom of Information Act ("FOIA"). The Court previously rejected that argument. See *Alva v. City of Chicago*, No. 08-cv-6261, Order of October 8, 2009. In the *Alva* opinion, the Court denied the City's motion for a protective order, finding that the disciplinary records at issue could not be protected under Defendants' proposed protective order. The Court relied primarily on the Illinois Appellate Court for the Fourth District's decision in *Gekas v. Williamson*, 912 N.E. 2d 347 (Ill. App. Ct. 2009), which found that disciplinary records are not "personnel records" exempt under FOIA. In *Gekas*, the plaintiff sought copies of all complaints that citizens had made against a police officer, including all records relevant to those complaints. The sheriff refused to disclose the records on the ground that they were part of the officer's personnel file, and consequently were exempt from disclosure under FOIA Section 7(1)(b)(ii). The court held that the former FOIA section 7(b)(1)(ii) exempts "only 'personal information' in

## STATEMENT

personnel files." 912 N.E. 2d at 349. In light of that statutory interpretation, the court held that because the complaints at issue were "not generated for [the officer's] personal use, and * * * [did] not concern his personal affairs," they were public records that were not exempt from disclosure. *Id.* at 356.

In the October ruling in *Alva,* the Court determined that the *Gekas* court's interpretation of FOIA Section 7(1)(b)(ii) was consistent with the Supreme Court of Illinois' observation that "[t]he fact that [a document] may be physically maintained within a public employee's personnel file is insufficient to insulate it from disclosure." *Stern v. Wheaton-Warrenville Community Unit School Dist. 200,* 233 Ill.2d 396, 412, 910 N.E.2d 85, 95 (Ill. 2009). Rather, records contained in personnel files are exempt only to the extent that (consistent with the exemption's purpose) their disclosure would "violate personal privacy." *Id.* As the *Stern* court noted, "the Act expressly provides that '[t]he disclosure of information that bears on the public duties of public employees * * * shall not be considered an invasion of personal privacy.'" *Id.* Therefore, if a document bears on the public duties of public employees, its "physical location within an otherwise exempt record is irrelevant." *Id.* Other recent decisions in this district likewise have concluded that CRs do not fall within the FOIA exemption for personnel files and that the FOIA does not establish good cause for issuing an order shielding CRs from disclosure. See, *e.g., Fuller v. City of Chicago,* No. 09-cv-1672 (N.D. Ill. Nov. 10, 2009); *Goldhamer v. City of Chicago,* No. 07-cv-5286 (N.D. Ill. Nov. 2, 2009). However, as explained below, a recent amendment to the FOIA has altered the legal landscape since those decisions – and this Court's prior decision in *Alva* – were issued.

## II.    Analysis

### A.    Protective Orders

Federal Rule of Civil Procedure 26(c) permits this Court to enter protective orders "for good cause shown." Defendants argue that good cause exists with respect to the disciplinary records and CRs because some of the complaints against the officers are meritless, such that their public disclosure would invade the officers' privacy rights, and could risk the safety of officers and their families, make officers targets of baseless lawsuits, and undermine trust in the police. Defendants contend that the Illinois Freedom of Information Act ("FOIA"), 5 ILCS 140/7, the Illinois Personnel Records Review Act, 820 ILCS 40/0.01 et seq., Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct, and this District's Local Rule 83.53.6 protect the disciplinary records from disclosure. Plaintiff counters that the public has an interest in the disciplinary records, and that these records are public documents that find no protection under FOIA, the Illinois Personnel Records Review Act, or any other applicable rule.

### B.    Recent FOIA Amendments

The primary dispute between the parties is whether the disciplinary records are exempt from public disclosure under Section 7(1)(b) of the FOIA. Since the Court issued its ruling in *Alva,* recent changes to FOIA, which went into effect on January 1, 2010, provide persuasive indications that *Gekas* no longer can be relied upon as the latest pronouncement of Illinois law on the subject of whether disciplinary records are subject to disclosure under FOIA.

FOIA begins with the proposition that records possessed by a "public body are presumed to be open to inspection or copying." 5 ILCS 140/1.2 (West 2010). The recently-amended FOIA on its face supports the notion that acts performed by those acting in a public capacity are not personal and cannot be hidden from public view. *Id.* Any public body that desires to keep records from public view must show that they fall into a FOIA exemption by clear and convincing evidence. *Id.* In fact, Section 7(c) specifically acknowledges the

**STATEMENT**

personnel records problem by stating, "[t]he disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy." 5 ILCS 140.

However, as pro-disclosure as the FOIA may appear, the newly-amended FOIA's list of exemptions now includes an express exemption protecting certain disciplinary records from public disclosure. Section 7(n) exempts from disclosure "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases; however this exemption shall not extend to the final outcome of cases in which discipline is imposed." 5 ILCS 140/7(1)(n). Based on this amendment, Defendants no longer must argue that a CR fits within FOIA's exemptions because it is a personal and private part of an officer's personnel file; instead, they now contend that the 2010 amendments to FOIA reflect the General Assembly's decision to protect police officers from the publication of complaints that did not result in discipline.

The newly-amended FOIA expressly exempts from disclosure records *relating to* disciplinary adjudications. Thus, under the plain language of the newly-amended FOIA, if CRs are classified as "records relating to a public body's adjudication of * * * disciplinary cases," they are exempted from disclosure. See *Lieber v. Board of Trustees of S. Illinois Univ.*, 176 Ill. 2d 401, 407 (Ill. 1997) (finding that where records fall within a specifically enumerated exemption of FOIA, "no further inquiry" is necessary). In other words, if the CRs come within the ambit of 5 ILCS 140/7(1)(n), Plaintiff's argument that such records are not protected "personal information," as held in *Gekas*, would be irrelevant.

Plaintiff argues that reliance upon this amendment to exempt CRs from disclosure is fatally flawed because CRs are not "adjudications." However, the amendment does not merely exempt "adjudications"; rather, it expressly references "records relating to" adjudications. Mindful of precedent that instructs that "relating to" is a liberal standard (see *Kopchar v. City of Chi.*, 395 Ill. App. 3d 762, 567 (Ill. Ap. Ct. 2009) (discussing FOIA); see also *Pierson v. Dean*, 742 F.2d 334, n. 2, 338 (7th Cir. 1984) (discussing "relating to" in an arbitration clause)), the Court looks to the procedures employed in disciplinary actions against police officers.

First, the Independent Police Review Authority (IPRA) collects complaints about police officers and investigates the complaints. After contacting the complainant and any witnesses to obtain statements, the investigator collects the relevant evidence and also questions the accused officer and any police department officials who may have knowledge of the alleged misconduct. Next, the IPRA classifies the result into the following categories: sustained, not sustained, unfounded, or exonerated. Finally, based on its investigation, the IPRA makes recommendations to the Superintendent of Police. If the IPRA and the Superintendent of the Police disagree as to the correct disciplinary steps, the Police Review Board (PRB) decides.

Plaintiff posits that complaint register files relate to the investigation of a complaint, and that the adjudication of the complaint occurs after IPRA has issued its finding. See also *Macias v. City of Chi.*, No. 09 C 1240 (N.D. Ill. Mar. 10, 2010). In other words, according to Plaintiff, IPRA is an investigatory, not adjudicatory, body because it does not settle disciplinary issues; rather, it simply makes recommendations and then either the Police Superintendent or the PBR makes the final decision.

This Court respectfully disagrees. See also *Bell v. City of Chicago*, 2010 WL 753297, at *2 (N.D. Ill. Feb. 26, 2010). Although IPRA's investigation does not involve oaths, cross-examinations, or confrontations, the initial investigation by IPRA triggers the adjudication. (Oral Arg. Tr. Mar. 3, 2010, 6:7-9, 9:3-5.) Without a CR, the adjudication of an employee disciplinary case would not take place – the adjudication follows from the investigation. Indeed, the PRB relies heavily on IRPA's investigation (Tr. 9:23-24), demonstrating a close connection between the CRs and the adjudication – and at least a sufficiently close connection to satisfy

| STATEMENT |
| --- |

the "related to" language in the amendment. Therefore, it is not that the CRs ultimately may be relevant in a later adjudication, but that the CRs comprise the bulk of *what is relevant* to the adjudication. But see *Macias*, No. 09 C 1240 * 2 (N.D. Ill. Mar. 10, 2010).

In sum, based on the plain language of the recent FOIA amendment, the CRs are exempted from public disclosure unless discipline was imposed. While the Court remains sympathetic to the view expressed in *Gekas* that what an officer "does in his capacity as a deputy sheriff is not his private business" (912 N.E.2d at 361), it also is true that pretrial discovery – unlike a trial itself – "is usually conducted in private" (*Bond v. Utreras*, 585 F.3d 1061, 1074-75 (7th Cir. 2009). But most importantly for present purposes, the timing and language of the 2010 amendments to the Illinois FOIA strongly suggest that the Illinois General Assembly was aware of *Gekas* and chose to draw the line concerning public access to CRs as to which discipline has not been imposed in a different place. The Court is not inclined to disregard that legislative determination, and thus concludes that CRs are exempt from disclosure to the extent set forth in Section 140/7(1)(n). To be sure, where discipline is (or was) imposed, the CRs are not entitled to protection from disclosure and thus are not within the scope of a valid protective order.

## III.   Conclusion

For the reasons stated above, Defendants' renewed motion for the entry of a protective order [21] is granted. The parties are directed to submit to Judge Dow's proposed order box a draft protective order that is consistent with this opinion by April 30, 2010. This case is set for further status on May 7, 2010 at 9:00 a.m.

MHN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BUDDY BELL,                          )
                                     )
    Plaintiff                    )    No. 09 C 0754
                                     )
    vs.                          )    Judge John W. Darrah
                                     )
THE CITY OF CHICAGO, et al,          )    Magistrate Judge
                                     )    Arlander Keys
    Defendants.                  )

### MEMORANDUM OPINION AND ORDER

Currently before the Court is the Defendants' Motion for Entry of a Protective Order. Mr. Bell opposes the Motion, only to the extent that the Defendants seek to prevent the disclosure of Complaint Registers ("CRs ") and officers' disciplinary histories produced during discovery. For the reasons set forth below, the Motion is granted.

### BACKGROUND FACTS

On January 7, 2008, Mr. Bell participated in a demonstration at 258 S. Dearborn in Chicago, Illinois, against the visit of then-President George W. Bush and the war in Iraq. Defendant Chicago Police Officers arrested Mr. Bell for disorderly conduct. Mr. Bell was released on bond, and, at the conclusion of his trial on April 18, 2008, was found not guilty.

Mr. Bell filed suit against the City of Chicago and several Chicago Police Officers on February 5, 2009. In his Complaint, Mr. Bell alleges claims for false detention, arrest, and

imprisonment, as well as several constitutional, § 1983, and state law claims.

On September 29, 2009, the City of Chicago and Defendant Officers filed a Motion for the Entry of a Protective Order, which would govern the discovery stage of this litigation and would prohibit the use of the specifically identified confidential information for any purpose other than the litigation of this case.   Mr. Bell opposes the Motion, only to the extent that the Defendants seek to prevent the disclosure of CRs and officers' disciplinary histories produced during discovery.

## DISCUSSION

Federal Rule of Civil Procedure 26c permits courts to enter protective orders for "good cause shown."  "In deciding whether good cause exists, the district court must balance the interests of the parties, taking into account the harm to the party seeking the protective order and the importance of the disclosure to the nonmoving party." *Bond v. Utreras*, 2007 WL 2003085, at *2 (N.D. Ill. July 2, 2007).

Defendants rely upon the following to establish good cause: The Illinois Personnel Records Review Act, 820 ILCS 40/0.01, Section 7 of the Illinois Freedom of Information Act ("FOIA"), 5 ILCS 140/1 *et seq.*; Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct; and Rule 83.53.6 of the Northern

District.   Courts in this district have addressed and rejected the City's argument that the Illinois Personnel Records Review Act and the Supreme Court and Local Rules demonstrate the necessary showing of good cause[1].   The only one of these provisions that could potentially serve as the basis for a protective order is the FOIA.

The City has frequently relied upon the FOIA in its efforts to protect from public disclosure CRs produced in the course of discovery.   Specifically, the City had argued that the Illinois FOIA exempted from disclosure personnel files[2], and that CRs fell within the ambit of that exemption, thereby establishing good cause for the issuance of an order protecting those files from disclosure.

---

[1]   Judge Dow recently rejected the City's argument that the Illinois Personnel Records Review Act and the Rules of Professional Conduct could serve as the basis for a good cause showing in *Alva v. City of Chicago,* No. 08 CV-6262 Order of Oct. 8, 2009.   Judge Dow's analysis is persuasive and the Court adopts the holding in the instant case.

[2]   Section 7(1)(b) of the FOIA in effect before January 1, 2010 provided that the following information was exempt from public disclosure:
> Information that, if disclosed would constitute a clearly unwarranted invasion of personal privacy, . . The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to . . .(ii) personnel files and personal information maintained with respect to employees, appointees or elected officials of any public body or applicants for those positions.
5 ILCS 140/7(b).

Last year, however, the Illinois Appellate Court ruled that similar internal affairs files were not exempt under the Illinois FOIA's personnel files exemption. *See Gekas v. Williamson,* 393 Ill. App.3d 573, 912 N.E.2d 347, 361 (Ill. App. Ct. 2009). The *Gekas* court explained that the privacy concerns underlying FOIA's personnel file exemption were not implicated by the documentation regarding charges of misconduct lodged against an officer by a member of the public, because the officer had no reasonable expectation of privacy in such matters. The court stated that:

> Unlike a performance evaluation, the Division's records are not generated for Gillette's personal use, and they do not concern his personal affairs. What he does in his capacity as a deputy sheriff is not his private business. Whether he used excessive force or otherwise committed misconduct during an investigation or arrest is not his private business. Internal-affairs files that scrutinize what a police officer did by the authority of his or her badge do not have the personal connotations of an employment application, a tax form, or a request for medical leave. Not every scrap of paper that enters a personnel file necessarily is personal information.

*Id.*

Federal courts in this district, asked to determine whether CRs fell within FOIA's exemption for personnel files, took a similar approach. In light of the *Gekas* court's holding, Judge Shadur questioned whether "officers who have no right of privacy in those CRs can somehow force them to be kept under wraps, when the plaintiffs' counsel to whom they have been produced wish to deal with them otherwise." *Padilla v. City of Chicago,* No. 06 CV 05462, 2009 WL 3808634, at *3 (N.D. Ill. Nov. 16, 2009) (finding

4

that plaintiff's counsel could go public with Crs produced by the
City during discovery.)   Every recent decision resolving this
question has determined that CRs do not fall within the FOIA
exemption for personnel files, and that the FOIA does not
establish good cause for issuing an order protecting CRs from
disclosure.   *Id.; Alva v. City of Chicago,* No. 08 C 6261, slip
op. (N.D. Ill. Oct. 8, 2009); *Goldhamer v. City of Chicago*, No.
07-CV-5286, slip op. (N.D. Ill. Nov. 2, 2009); and *Fuller v. City
of Chicago,* No. 09-CV-1672, slip op. (N.D. Ill.  Nov. 10, 2009).

Not surprisingly, Plaintiff relies heavily upon *Gekas,* and
the subsequent federal decisions citing to its analysis, in
opposing the Defendants' Motion for Entry of a Protective Order.
However, since the issuance of these decisions, material
amendments to the Illinois FOIA have taken effect[3].   The newly
amended FOIA's list of exemptions now include an express
exemption protecting certain disciplinary records from public
disclosure.   Section 7(1)(n) of the FOIA *per se* exempts from
disclosure:

> (n) Records relating to a public body's adjudication of
> employee grievances or disciplinary cases; however this
> exemption shall not extend to the final outcome of cases in
> which discipline is imposed.

5 ILCS 140/7(1)(n) (West 2010).

---

[3]   Specifically, the amendments to the FOIA went into effect
on January 1, 2010.

This amendment is material, because the City no longer needs to argue that a CR is a personal and private part of an officer's personnel file to fit within the FOIA's exemptions. Instead, the newly-amended FOIA expressly exempts from disclosure records relating to disciplinary adjudications. Thus, under the plain language of the newly amended FOIA, CRs are exempted from disclosure, and the Court need not engage in any additional analysis to determine whether they are entitled to protection from disclosure under the Illinois FOIA. *See generally, Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 408, 680 N.E.2d 641, 644 (1997) (finding that courts should apply the FOIA exemptions under a *per se* approach.) As such, the above-cited decisions, evaluating whether an officer has a privacy right in his disciplinary records, are distinguishable.

The Plaintiff argues that any reliance upon this amendment to exempt CRs from disclosure is fatally flawed, because CRs are not "adjudications." Plaintiff's argument is specious. The amendment does not exempt adjudications, but instead expressly protects "records *relating to*" adjudications. 5 ILCS 140/7(n). Clearly, a CR is a record relating to the public body's adjudication of employee disciplinary cases. Notably, the amendment further provides that CRs where discipline has been imposed are not entitled to protection from disclosure. The Court will limit the scope of the protective order accordingly.

6

Plaintiff further argues that, despite the amendments to the FOIA, the public's need to access the records outweighs any interest the Defendants may have in maintaining their confidentiality.  Plaintiff vastly overstates the public's right to access unfiled discovery materials.  The Seventh Circuit has recently made clear that:

> [P]retrial discovery, unlike the trial itself is usually conducted in private . .  Pretrial discovery- depositions, interrogatories, and the production of documents 'are not public components of a civil trial,' 'were not open to the public at common law, and 'in general, are conducted in private as a matter of modern practice.'  That the court's discovery process and rules are used to require litigants to produce otherwise private information to an opposing party is not enough to alter the legal rights of the general public.  Discovery rules are 'a matter of legislative grace,' and '[l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes.'

*Bond v. Utreras*[4], 585 F.3d 1061, 1074-75 (7th Cir. 2009) (citations omitted.)

In light of this, and the recent amendments to the FOIA, the Court agrees that the Defendants' interest in maintaining the confidentiality of those CRs where discipline has not been imposed outweighs any harm to Plaintiff.  A protective order will not hamper the Plaintiff's efforts in this proceeding; Plaintiff

---

[4] The Seventh Circuit further explained that previous caselaw suggesting that Rule 26 created a substantive right to access pretrial discovery was based upon a prior version of Federal Rule of Civil Procedure 5(d), which required parties to file discovery material with the court. *Bond* 585 F.3d at 1075.

7

matter.  While the Plaintiff's argument that the public has a vital interest in the disclosure of these records is eloquent, accepting Plaintiff's position would provide the public access to documents that the Illinois legislature has seen fit to protect, simply because a lawsuit has been filed.  Under these circumstances, the Court is not inclined to disregard the Illinois legislature's express statement that such materials are exempt from disclosure and finds that the CRs should be subject to a protective order.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion for the Entry of a Protective Order is GRANTED, in part.  Notably, CRs where discipline was imposed are not entitled to protection from disclosure, and fall beyond the realm of the protective order.  The parties shall appear before the Court for a status hearing on March 12, 2010 at 9:00 a.m., and shall submit a draft protective order incorporating the Court's findings.

Dated: February 26, 2010          ENTER:


ARLANDER KEYS
United States Magistrate Judge

Order Form (01/2005)

Case 1:09-cv-04538   Document 53   Filed 07/29/10   Page 1 of 2

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4538 | **DATE** | 7/29/2010 |
| **CASE TITLE** | Phillip Bradley vs. Joe Dortha Parker | | |

DOCKET ENTRY TEXT

For the reasons stated below, Plaintiff's motion for reconsideration [39] is denied. Defendant Joe Dortha Parker's motion for extension of time to complete discovery [50] is granted as follows: All discovery shall be noticed in time to be completed by 08/13/10. Dispositive motions are to be filed by 09/20/10. Responses to dispositive motions. If any, are to be filed by 10/18/10 and replies, if any, are to be filed by 10/25/10. Status hearing reset to 08/17/10 at 9:00 a.m. Status hearing set for 07/29/10 is stricken.

■[ For further details see text below.]                                        Docketing to mail notices.

---

| Opinion |
|---|

    This matter is before the court on Plaintiff Phillip Bradley's (Bradley) motion for reconsideration. On February 12, 2010, the court granted Defendant City of Chicago's (City) motion for protective order. Bradley now requests that the court reconsider that ruling. A motion for reconsideration may be brought "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996)(quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D. Ill. 1982)). Such motions cannot be used as a "'vehicle to produce new evidence that could have been" produced earlier or as a vehicle to "rehash[]'" the same arguments that were already rejected by the court on a prior occasion. *Id.*

    Bradley contends that the court should not allow the protective order to cover the Complaint Register (CR) for disciplinary complaints brought against Defendant Police Officer Joe Dortha Parker (Parker). Bradley has not contended that the City has refused to provide Bradley's counsel with the CR once the court entered the protective order. Bradley seeks to have the information the CR be made available on the public record and not protected by a protective order. Bradley indicates that he does not have an objection to a protective order that covers Parker's personal information, such as his medical information, social security number, home address, and family information. Bradley also indicates that he is willing to keep information from the CR confidential that involves non-parties that have been arrested by Parker. Bradley also indicates that he will not retain any documents concerning the CR after the end of this litigation. Bradley argues that in recent rulings, other courts have found that CRs should not be covered by protective orders. However, none of the cases cited by Bradley are controlling precedent. (Recon. 1-2).

    Bradley has not shown that the court erred in entering the protective order and has not provided sufficient justification for the vacation of the court order. The information in the CR contains much private information concerning incidents not related to the instant action and non-parties in this action, and therefore, the CR was properly covered by the protective order.

09C4538 Phillip Bradley vs. Joe Dortha Parker                                        Page 1 of 2

Case: 1:09-cv-04538 Document 53 Filed 07/29/10 Page 2 of 2

| Opinion |
|---|

Bradley also points to the Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1 *et seq.*, contending that the public has legitimate interest in monitoring public servants. (Recon. 7). Bradley argues that any harm to Parker or other officers "is far outweighed by the importance of disclosure to the citizens of Chicago." (Recon. 9). Bradley contends that "Courts should not make confidential those documents which are otherwise available to the general public with a simply FOIA request." (Reply 2). However, Bradley brought the instant action pursuant to 42 U.S.C. § 1983, relating to a specific alleged traffic stop performed by Parker. Bradley did not bring the instant action to demand his right as a concerned citizen to be informed about police conduct. If Bradley desires to monitor public servants in his role as a member of the public, and to obtain information for "the citizens of Chicago," (Recon. 9), the instant action is not the proper forum in which to do so. Whether a concerned member of the public can access a CR pursuant to FOIA or other statute is not the issue before this court. The issue before this court is whether the court's entry of the protective order was appropriate. In *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009), the Court considered the implications of a protective order covering a CR that might be covered by the Illinois FOIA. *Id.* at 1076 n.10. The Court noted that nothing in the protective order at issue "prohibit[ed] the City from disclosing any of its police department records to the public upon request." *Id.* Likewise in the instant action, Bradley has not pointed to any portion of the protective order that would bar City employees from complying with a proper request for information by members of the public. Therefore, we deny the motion for reconsideration.

Order Form (01/2005)    Case 1:09-cv-04537   Document 53   Filed 07/29/10   Page 1 of 2

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4537 | **DATE** | 7/29/2010 |
| **CASE TITLE** | Raymond Bell vs. Joe Dortha Parker, et al. | | |

### DOCKET ENTRY TEXT

For the reasons stated below, Plaintiff's motion for reconsideration [39] is denied. Defendant Joe Dortha Parker's motion for extension of time to complete discovery [50] is granted as follows: All discovery shall be noticed in time to be completed by 08/13/10. Dispositive motions are to be filed by 09/20/10. Responses to dispositive motions. If any, are to be filed by 10/18/10 and replies, if any, are to be filed by 10/25/10. Status hearing reset to 08/17/10 at 9:00 a.m. Status hearing set for 07/29/10 is stricken.

■[ For further details see text below.]                                          Docketing to mail notices.

---

### OPINION

This matter is before the court on Plaintiff Raymond Bell's (Bell) motion for reconsideration. On February 12, 2010, the court granted Defendant City of Chicago's (City) motion for protective order. Bell now requests that the court reconsider that ruling. A motion for reconsideration may be brought "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996)(quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D. Ill. 1982)). Such motions cannot be used as a "'vehicle to produce new evidence that could have been" produced earlier or as a vehicle to "rehash[]" the same arguments that were already rejected by the court on a prior occasion. *Id.*

Bell contends that the court should not allow the protective order to cover the Complaint Register (CR) for disciplinary complaints brought against Defendant Police Officer Joe Dortha Parker (Parker). Bell has not contended that the City has refused to provide Bell's counsel with the CR once the court entered the protective order. Bell seeks to have the information the CR be made available on the public record and not protected by a protective order. Bell indicates that he does not have an objection to a protective order that covers Parker's personal information, such as his medical information, social security number, home address,

**OPINION**

and family information. Bell also indicates that he is willing to keep information from the CR confidential that involves non-parties that have been arrested by Parker. Bell also indicates that he will not retain any documents concerning the CR after the end of this litigation. Bell argues that in recent rulings, other courts have found that CRs should not be covered by protective orders. However, none of the cases cited by Bell are controlling precedent. (Recon. 1-2).

Bell has not shown that the court erred in entering the protective order and has not provided sufficient justification for the vacation of the court order. The information in the CR contains much private information concerning incidents not related to the instant action and non-parties in this action, and therefore, the CR was properly covered by the protective order.

Bell also points to the Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1 *et seq.*, contending that the public has legitimate interest in monitoring public servants. (Recon. 7). Bell argues that any harm to Parker or other officers "is far outweighed by the importance of disclosure to the citizens of Chicago." (Recon. 9). Bell contends that "Courts should not make confidential those documents which are otherwise available to the general public with a simply FOIA request." (Reply 2). However, Bell brought the instant action pursuant to 42 U.S.C. § 1983, relating to a specific alleged traffic stop performed by Parker. Bell did not bring the instant action to demand his right as a concerned citizen to be informed about police conduct. If Bell desires to monitor public servants in his role as a member of the public, and to obtain information for "the citizens of Chicago," (Recon. 9), the instant action is not the proper forum in which to do so. Whether a concerned member of the public can access a CR pursuant to FOIA or other statute is not the issue before this court. The issue before this court is whether the court's entry of the protective order was appropriate. In *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009), the Court considered the implications of a protective order covering a CR that might be covered by the Illinois FOIA. *Id.* at 1076 n.10. The Court noted that nothing in the protective order at issue "prohibit[ed] the City from disclosing any of its police department records to the public upon request." *Id.* Likewise in the instant action, Bell has not pointed to any portion of the protective order that would bar City employees from complying with a proper request for information by members of the public. Therefore, we deny the motion for reconsideration.