## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARK HOLDA, JOSEPH HOLDA, and MATT GORSKI, | ) ) ) | |
| | ) | 12 C 2270 |
| Plaintiffs, | ) ) | Judge Lee |
| v. | ) ) | Magistrate Judge Cox |
| P.O. CORBETT, P.O. FOWLER, and P.O. DAN WYMAN, individually, and the CITY OF CHICAGO, a municipal corporation, | ) ) ) ) | **Jury Demand** |
| Defendants. | ) ) | |

## DEFENDANT WYMAN'S ANSWER TO PLAINTIFFS'
## FIRST AMENDED COMPLAINT, DEFENSES AND JURY DEMAND

Defendant Daniel Wyman, by one of his attorneys, Kathryn M. Doi, Assistant

Corporation Counsel, for his Answer to Plaintiffs' First Amended Complaint, defenses and jury

demand, states as follows:

## JURISDICTION AND PARTIES

1.      This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. § 1983 and § 1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiffs, MARK HOLDA, JOSEPH HOLDA, and MATT GORSKI, accomplished by acts and/or omissions of the Defendants, P.O. CORBETT, P.O. FOWLER, P.O. DAN WYMAN, and the CITY OF CHICAGO, committed under color of law.

**ANSWER:**      Defendant Wyman admits that Plaintiffs purport to bring this action

pursuant to 42 U.S.C. Section 1983 to redress the alleged deprivation of his rights.  Defendant

Wyman denies that he is liable to Plaintiffs for acts and/or omissions as alleged by Plaintiffs, and

denies any wrongful or illegal conduct.

2.      Jurisdiction is based on Title 28 U.S.C. § 1343 and § 1331 and supplemental jurisdiction of the State of Illinois.

**ANSWER:**    Defendant Wyman admits that jurisdiction is proper.

3.      At all relevant times, the Plaintiffs were United States citizens and residents of the State of Illinois.

**ANSWER:**    Defendant Wyman lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

4.      At all relevant times, the Defendants, P.O. CORBETT, P.O. FOWLER, P.O. DAN WYMAN, were duly appointed Chicago police officers acting within their scope of employment and under color of law.

**ANSWER:**    Defendant Wyman admits the allegations contained in this paragraph.

5.      Defendant CITY OF CHICAGO is a municipal corporation of the State of Illinois and is and was, at all relevant times, the employer of the officer defendants.  The City of Chicago maintains, manages, and/or operates the Chicago Police Department.

**ANSWER**:    Defendant Wyman admits the allegations contained in this paragraph.

## FACTS COMMON TO ALL COUNTS

6.      On or about April 26, 2011, the Plaintiffs were patrons at the Billy Goat Tavern and Grill located at or about 1535 W. Madison in Chicago, Illinois.

**ANSWER**:    Defendant Wyman admits the allegations contained in this paragraph.

7.      On or about April 26, 2011, Defendant P.O. DAN WYMAN was also a patron at the Billy Goat Tavern and Grill located at or about 1535 W. Madison in Chicago, Illinois and was carrying a firearm.

**ANSWER**:    Defendant Wyman admits the allegations contained in this paragraph.

8.      At that time, Plaintiff MARK HOLDA and Defendant P.O. DAN WYMAN exchanged words.

**ANSWER**:    Defendant Wyman admits the allegations contained in this paragraph.

9.      Without provocation, Defendant P.O. DAN WYMAN physically attacked Plaintiff MARK HOLDA by shoving him forcefully.

**ANSWER**:    Defendant Wyman admits that he shoved Plaintiff Mark Holda at some

2

point in the altercation, but denies that he did so without provocation. Defendant Wyman denies

the remaining allegations contained in this paragraph.

10.    During the altercation with Plaintiff MARK HOLDA, Defendant P.O. DAN
WYMAN drew his firearm.

**ANSWER**:    Defendant Wyman admits the allegations contained in this paragraph.

11.    Video surveillance footage of the entire incident was recorded by the Billy Goat
Tavern and Grill.

**ANSWER**:    Defendant Wyman admits the allegations contained in this paragraph.

12.    Subsequent to the altercation, the police were called.

**ANSWER**:    Defendant Wyman admits that he called 911 for police assistance

immediately following the altercation.

13.    Immediately subsequent to the altercation, video footage shows Defendant P.O.
DAN WYMAN making a phone call on his cellular phone.

**ANSWER**:    Defendant Wyman admits the allegations contained in this paragraph.

14.    P.O. CORBETT and P.O. FOWLER arrived on the scene, along with other
unidentified Chicago police officers.

**ANSWER**:    Defendant Wyman admits the allegations contained in this paragraph.

15.    Upon P.O. CORBETT's arrival on the scene, P.O. DAN WYMAN waved over
P.O. CORBETT, and the two officers shook hands, walked out the back door of the tavern and
had a conversation behind the building regarding the incident.

**ANSWER**:    Defendant Wyman admits that he waved at Officer Corbett upon seeing

him enter the bar, and admits that he shook hands with Officer Corbett. Defendant Wyman

further admits that after conversing in the bar, he and Officer Corbett walked out the back door

and had another brief conversation outside of the building. Defendant Wyman lacks knowledge

or information sufficient to form a belief as to the truth of the allegations regarding what was

3

specifically said in either of his conversations with Officer Corbett. Defendant Wyman denies the remaining allegations contained in this paragraph.

16.     P.O. CORBETT then spoke with Plaintiff MARK HOLDA outside the front entrance of the tavern, whereupon Plaintiff MARK HOLDA advised him that P.O. DAN WYMAN committed a battery upon him and that the video footage would demonstrate that.

**ANSWER**:     Defendant Wyman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17.     P.O. CORBETT proceeded inside the tavern, returning to Plaintiff MARK HOLDA shortly thereafter and falsely advising him that he had seen the video footage and that Plaintiff was under arrest.

**ANSWER**:     Defendant Wyman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18.     P.O. CORBETT and P.O. FOWLER placed Plaintiff MARK HOLDA in custody and arrested him.

**ANSWER**:     Defendant Wyman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19.     Subsequent to placing Plaintiff MARK HOLDA in custody, Defendant P.O. CORBETT returned to the rear entrance of the tavern and had a conversation with Defendant P.O. DAN WYMAN.

**ANSWER**:     Defendant Wyman admits that he and Officer Corbett had a conversation near the rear entrance of the tavern. Defendant Wyman lacks knowledge or information sufficient to form a belief as to the truth of the allegations with regard to when Plaintiff Mark Holda was placed into custody. Defendant Wyman denies the remaining allegations contained in this paragraph.

20.     Plaintiffs JOSEPH HOLDA and MATT GORSKI were taking a video with their cell phone of the interaction between P.O. CORBETT and Plaintiff MARK HOLDA.

4

**ANSWER**:    Defendant Wyman lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

21.    P.O. CORBETT became angered by Plaintiffs JOSEPH HOLDA and MATT GORSKI recording of the incident and proceeded to arrest them with the assistance of Defendant P.O. FOWLER.

**ANSWER**:    Defendant Wyman lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

22.    P.O. CORBETT had words with an employee of the Billy Goat Tavern, coercing him and/or engaging in misrepresentations so that the employee would sign complaints against the Plaintiffs though no crime was committed.

**ANSWER**:    Defendant Wyman lacks knowledge or information sufficient to form a

belief as to the truth of the allegations regarding Officer Corbett's interaction with the Billy Goat

Tavern Employee.  Defendant Wyman denies that Plaintiffs did not commit any crimes.

Defendant Wyman denies the remaining allegations contained in this paragraph.

**COUNT I-EXCESSIVE FORCE ON BEHALF OF PLAINTIFF
MARK HOLDA AGAINST DEFENDANT P.O. DAN WYMAN**

23.    Plaintiffs hereby re-allege and incorporate paragraphs 1-10 as though fully set forth herein.

**ANSWER**:    Defendant Wyman restates and incorporates herein his answers to

paragraphs 1-10.

24.    Defendant P.O. DAN WYMAN's use of force was unprovoked.

**ANSWER**:    Defendant Wyman denies the allegations contained in this paragraph and

denies any illegal or wrongful conduct.

25.    Said use of force was excessive and unreasonable.

**ANSWER**:    Defendant Wyman denies the allegations contained in this paragraph and

denies any illegal or wrongful conduct.

26.     Plaintiff MARK HOLDA felt pain and was injured as a result of Defendant P.O. DAN WYMAN's actions.

**ANSWER**:     Defendant Wyman lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff Mark Holda felt.  Defendant Wyman denies the remaining allegations contained in this paragraph and denies any illegal or wrongful conduct.

27.     The actions of Defendant P.O. DAN WYMAN were intentional, willful and with malice.

**ANSWER**:     Defendant Wyman denies the allegations contained in this paragraph and denies any illegal or wrongful conduct.

28.     Said actions of Defendant P.O. DAN WYMAN violated the Plaintiff, MARK HOLDA's, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER**:     Defendant Wyman denies the allegations contained in this paragraph and denies any illegal or wrongful conduct.

29.     As a direct and proximate consequence of said conduct of Defendant P.O. DAN WYMAN, Plaintiff MARK HOLDA suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, and pain and suffering.

**ANSWER**:     Defendant Wyman denies the allegations contained in this paragraph and denies any illegal or wrongful conduct.

**WHEREFORE**, Defendant Wyman requests that judgment be entered in his favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT II–CIVIL CONSPIRACY ON BEHALF OF PLAINTIFF MARK HOLDA AGAINST DEFENDANTS P.O. DAN WYMAN, P.O. CORBETT, AND P.O. FOWLER

30.     Plaintiffs hereby re-allege and incorporate paragraphs 1-29 as though fully set forth herein.

**ANSWER**:     Defendant Wyman restates and incorporates herein his answers to

paragraphs 1-29.

31.     In order to avoid responsibility for the battery he committed upon Plaintiff MARK HOLDA, on or about April 26, 2011 while at the Billy Goat Tavern, P.O. DAN WYMAN, P.O. CORBETT, and P.O. FOWLER agreed and conspired to falsely arrest and charge Plaintiff MARK HOLDA.

**ANSWER**:     Defendant Wyman denies the allegations contained in this paragraph and

denies any wrongful or illegal conduct.

32.     In furtherance of this conspiracy, Defendants P.O. CORBETT and P.O. FOWLER authored reports and/or criminal complaints in which they made false accusations against the Plaintiff.

**ANSWER**:     Defendant Wyman lacks knowledge or information sufficient to form a

belief as to the truth of the allegations regarding the actions of Officers Corbett and/or Fowler.

Defendant Wyman denies the remaining allegations contained in this paragraph and denies any

wrongful or illegal conduct.

33.     The aforementioned actions of P.O. DAN WYMAN, P.O. CORBETT, and P.O. FOWLER were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

**ANSWER**:     Defendant Wyman denies the allegations contained in this paragraph and

denies any wrongful or illegal conduct.

**WHEREFORE**, Defendant Wyman requests that judgment be entered in his favor and

against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

7

## COUNT III–FALSE ARREST ON BEHALF OF PLAINTIFFS MARK GORSKI AND JOSEPH HOLDA AGAINST DEFENDANTS CORBETT AND FOWLER and FALSE ARREST ON BEHALF OF MARK HOLDA AGAINST DEFENDANTS P.O. DAN WYMAN, P.O. CORBETT, AND P.O FOWLER

34.     Plaintiffs hereby re-allege and incorporate paragraphs 1-33 as though fully set forth herein.

**ANSWER**:     Defendant Wyman restates and incorporates herein his answers to

paragraphs 1-33.

35.     The Plaintiff, MARK HOLDA, JOSEPH HOLDA and MATT GORSKI, were not committing a crime or breaking any laws.

**ANSWER**:     Defendant Wyman denies the allegations contained in this paragraph.

36.     There was no probable cause to arrest the Plaintiffs, MARK HOLDA, JOSEPH HOLDA, and MATT GORSKI.

**ANSWER**:     Defendant Wyman denies the allegations contained in this paragraph.

37.     These actions of charging and arresting the Plaintiffs constitute false arrest.

**ANSWER**:     Defendant Wyman denies the allegations contained in this paragraph.

38.     The actions of the Defendants, P.O. CORBETT, P.O. FOWLER, and P.O. DAN WYMAN, were intentional, willful and with malice.

**ANSWER**:     Defendant Wyman denies the allegations contained in this paragraph.

39.     Said actions of Defendants P.O. CORBETT and P.O. FOWLER, violated the Plaintiffs, MARK HOLDA, JOSEPH HOLDA and MATT GORSKI's, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER**:     Defendant Wyman denies the allegations contained in this paragraph and

denies any wrongful or illegal conduct.

40.     As a direct and proximate consequence of said conduct of the Defendants, P.O. CORBETT, P.O. FOWLER, and P.O. DAN WYMAN, the Plaintiffs, MARK HOLDA, JOSEPH HOLDA and MATT GORSKI, suffered violations of their constitutional rights, emotional anxiety, fear, humiliation, monetary loss, and pain and suffering.

**ANSWER**:     Defendant Wyman denies the allegations contained in this paragraph.

**WHEREFORE**, Defendant Wyman requests that judgment be entered in his favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT IV–EXCESSIVE FORCE ON BEHALF OF PLAINTIFF MARK HOLDA AGAINST DEFENDANT P.O. CORBETT

41.     Plaintiffs hereby re-allege and incorporate paragraphs 1-40 as though fully set forth herein.

**ANSWER**:     Defendant Wyman restates and incorporates herein his answers to paragraphs 1-40.

42.     Plaintiff MARK HOLDA was transported to the police station.

**ANSWER**:     Upon information and belief, Defendant Wyman admits the allegations contained in this paragraph.

43.     Plaintiff MARK HOLDA and Defendant P.O. CORBETT exchanged additional words with each other.

**ANSWER**:     Defendant Wyman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44.     The Defendant P.O. CORBETT slammed the Plaintiff's head against a wall at the police station.

**ANSWER**:     Defendant Wyman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

45.     The Defendant's use of force was unprovoked.

**ANSWER:**     Defendant Wyman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46.     Said use of force was excessive and unreasonable.

**ANSWER**:     Defendant Wyman lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

47.     The Plaintiff, MARK HOLDA, felt pain and was injured.

**ANSWER**:     Defendant Wyman lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

48.     The actions of Defendant P.O. CORBETT were intentional, willful and with

malice.

**ANSWER**:     Defendant Wyman lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

49.     Said actions of Defendant P.O. CORBETT violated Plaintiff MARK HOLDA's

Fourth and Fourteenth Amendment Rights of the United States Constitution and were in

violation of said rights protected by 42 U.S.C. § 1983.

**ANSWER**:     Defendant Wyman lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

50.     As a direct and proximate consequence of said conduct of the Defendant, P.O.

CORBETT, Plaintiff MARK HOLDA suffered violations of his constitutional rights, emotional

anxiety, fear, humiliation, monetary loss, and pain and suffering.

**ANSWER**:     Defendant Wyman lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

## COUNT V–INDEMNIFICATION

51.     Plaintiffs hereby re-allege and incorporate paragraphs 1-50 as though fully set

forth herein.

**ANSWER**:     Defendant Wyman restates and incorporates herein his answers to

paragraphs 1-50.

52.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**:     Defendant Wyman admits that, to the extent provided by Illinois law,

public entities are directed to pay compensatory damages for which employees are liable within

the scope of their employment activities.  Defendant Wyman denies that the allegations

contained in this paragraph are a full and complete statement of the law.

53.     Defendants P.O. CORBETT, P.O. FOWLER, and P.O. DAN WYMAN, were or are employees of the CITY OF CHICAGO Police Department, who acted within their scope of employment in committing the misconduct described herein.

**ANSWER**:     Defendant Wyman admits that he, Officer Fowler and Officer Corbett

were and are employees of the City of Chicago Police Department and were acting within the

scope of their employment during this incident.  Defendant Wyman denies he engaged in

misconduct, and denies any wrongful or illegal conduct.

## AFFIRMATIVE DEFENSES

1.     Defendant Wyman is a government official, namely a police officer, who

performed discretionary functions.  At all times material to the events alleged in Plaintiffs' First

Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances

that confronted Defendant Wyman could have believed his actions to be lawful, in light of

clearly established law and the information that he possessed.  Defendant Wyman, therefore, is

entitled to qualified immunity.

2.     As to any state law claim alleged, at the time of the incident alleged in Plaintiff's

First Amended Complaint, Defendant Wyman was a City employee, namely a police officer,

who was engaged in the execution and enforcement of the law.  Under the Tort Immunity Act, an

11

employee or agent of the City is not liable for his acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2002). The acts and/or omissions of Defendant Wyman were not willful nor wanton. Therefore, Defendant Wyman is not liable to Plaintiffs.

3.     Under the Illinois Tort Immunity Act, Defendant Wyman is not liable for any state law claim alleged because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2002).

4.     Under the Illinois Tort Immunity Act, Defendant Wyman is not liable for any state law claim alleged because the decision as to what action to take with regard to Plaintiffs was a discretionary decision for which the City and its employees are immune from liability. 745 ILCS 10/2-201.

5.     To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiffs, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.

6.     To the extent that Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by the application of the principle that Plaintiffs have a duty to mitigate attributed to Plaintiffs by the jury in this case.

7.     As to any state law claims alleged, Defendant Wyman is not liable to pay

attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party."  See Kerns v. Engelke, 76 Ill.2d 154, 166 (Ill. 1979)(internal citations omitted).

## **JURY DEMAND**

Defendant Daniel Wyman requests a trial by jury.


**DATED**: August 14, 2012

Respectfully submitted,

**/s/ Kathryn M. Doi**
KATHRYN M. DOI
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-0742
ATTY. NO.: 6274825