# EXHIBIT 1



West's Smith-Hurd Illinois Compiled Statutes Annotated <u>Currentness</u>
Chapter 5. General Provisions
   Freedom of Information
     ➡ Act 140. Freedom of Information Act <u>(Refs & Annos)</u>
      ➡ 140/1. Public policy; legislative intent

§ 1. Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act. Such access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest.

The General Assembly hereby declares that it is the public policy of the State of Illinois that access by all persons to public records promotes the transparency and accountability of public bodies at all levels of government. It is a fundamental obligation of government to operate openly and provide public records as expediently and efficiently as possible in compliance with this Act.

This Act is not intended to cause an unwarranted invasion of personal privacy, nor to allow the requests of a commercial enterprise to unduly burden public resources, or to disrupt the duly-undertaken work of any public body independent of the fulfillment of any of the fore-mentioned rights of the people to access to information.

This Act is not intended to create an obligation on the part of any public body to maintain or prepare any public record which was not maintained or prepared by such public body at the time when this Act becomes effective, except as otherwise required by applicable local, State or federal law.

Restraints on access to information, to the extent permitted by this Act, are limited exceptions to the principle that the people of this State have a right to full disclosure of information relating to the decisions, policies, procedures, rules, standards, and other aspects of government activity that affect the conduct of government and the lives of any or all of the people. The provisions of this Act shall be construed in accordance with this principle. This Act shall be construed to require disclosure of requested information as expediently and efficiently as possible and adherence to the deadlines established in this Act.

The General Assembly recognizes that this Act imposes fiscal obligations on public bodies to provide adequate staff and equipment to comply with its requirements. The General Assembly declares that providing records in compliance with the requirements of this Act is a primary duty of public bodies to the people of this State, and this Act should be construed to this end, fiscal obligations notwithstanding.

The General Assembly further recognizes that technology may advance at a rate that outpaces its ability to address those advances legislatively. To the extent that this Act may not expressly apply to those technological advances, this Act should nonetheless be interpreted to further the declared policy of this Act that public records shall be made available upon request except when denial of access furthers the public policy underlying a specific exemption.

This Act shall be the exclusive State statute on freedom of information, except to the extent that other State stat-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

utes might create additional restrictions on disclosure of information or other laws in Illinois might create additional obligations for disclosure of information to the public.

### 140/1.1. Short title

§ 1.1. This Act may be cited as the Freedom of Information Act.

### 140/1.2. Presumption

§ 1.2. Presumption. All records in the custody or possession of a public body are presumed to be open to inspection or copying. Any public body that asserts that a record is exempt from disclosure has the burden of proving by clear and convincing evidence that it is exempt.

### 140/2. Definitions

<Text of section amended by 96-261. See, also, section amended by 96-542.>

§ 2. Definitions. As used in this Act:

(a) "Public body" means any legislative, executive, administrative, or advisory bodies of the State, state universities and colleges, counties, townships, cities, villages, incorporated towns, school districts and all other municipal corporations, boards, bureaus, committees, or commissions of this State, any subsidiary bodies of any of the foregoing including but not limited to committees and subcommittees which are supported in whole or in part by tax revenue, or which expend tax revenue, and a School Finance Authority created under Article 1E of the School Code. [FN1] "Public body" does not include a child death review team or the Illinois Child Death Review Teams Executive Council established under the Child Death Review Team Act. [FN2]

(b) "Person" means any individual, corporation, partnership, firm, organization or association, acting individually or as a group.

(c) "Public records" means all records, reports, forms, writings, letters, memoranda, books, papers, maps, photographs, microfilms, cards, tapes, recordings, electronic data processing records, recorded information and all other documentary materials, regardless of physical form or characteristics, having been prepared, or having been or being used, received, possessed or under the control of any public body. "Public records" includes, but is expressly not limited to: (i) administrative manuals, procedural rules, and instructions to staff, unless exempted by Section 7(p) of this Act; (ii) final opinions and orders made in the adjudication of cases, except an educational institution's adjudication of student or employee grievance or disciplinary cases; (iii) substantive rules; (iv) statements and interpretations of policy which have been adopted by a public body; (v) final planning policies, recommendations, and decisions; (vi) factual reports, inspection reports, and studies whether prepared by or for the public body; (vii) all information in any account, voucher, or contract dealing with the receipt or expenditure of public or other funds of public bodies; (viii) the names, salaries, titles, and dates of employment of all employees and officers of public bodies; (ix) materials containing opinions concerning the rights of the state, the public, a subdivision of state or a local government, or of any private persons; (x) the name of every official and the final records of voting in all proceedings of public bodies; (xi) applications for any contract, permit, grant, or agreement except as exempted from disclosure by subsection (g) of Section 7 of this Act; (xii) each report, document, study, or publication prepared by independent consultants or other independent contractors for the public body; (xiii) all other information required by law to be made available for public inspection or copying; (xiv) information relating to any grant or contract made by or between a public body and another public body or private organization; (xv) waiver documents filed with the State Superintendent of Education or the president of the University of Illinois under Section 30-12.5 of the School Code, [FN3] concerning nominees for General Assembly scholarships under Sec-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

tions 30-9, 30-10, and 30-11 of the School Code; [FN4] (xvi) complaints, results of complaints, and Department of Children and Family Services staff findings of licensing violations at day care facilities, provided that personal and identifying information is not released; (xvii) records, reports, forms, writings, letters, memoranda, books, papers, and other documentary information, regardless of physical form or characteristics, having been prepared, or having been or being used, received, possessed, or under the control of the Illinois Sports Facilities Authority dealing with the receipt or expenditure of public funds or other funds of the Authority in connection with the reconstruction, renovation, remodeling, extension, or improvement of all or substantially all of an existing "facility" as that term is defined in the Illinois Sports Facilities Authority Act; [FN4] and (xviii) reports prepared by institutions of higher education in the State of Illinois documenting their relationship with credit card issuers, otherwise disclosed to the Illinois Board of Higher Education.

(d) "Copying" means the reproduction of any public record by means of any photographic, electronic, mechanical or other process, device or means.

(e) "Head of the public body" means the president, mayor, chairman, presiding officer, director, superintendent, manager, supervisor or individual otherwise holding primary executive and administrative authority for the public body, or such person's duly authorized designee.

(f) "News media" means a newspaper or other periodical issued at regular intervals whether in print or electronic format, a news service whether in print or electronic format, a radio station, a television station, a television network, a community antenna television service, or a person or corporation engaged in making news reels or other motion picture news for public showing.

   [FN1]105 ILCS 5/1E-1 et seq.

   [FN2]20 ILCS 515/1 et seq.

   [FN3]105 ILCS 5/30-9, 5/30-10 and 5/30-11.

   [FN4]70 ILCS 3205/1 et seq.

## 140/2. Definitions

   <Text of section as amended by P.A. 96-542. See, also, section as amended by P.A. 96-261.>

§ 2. Definitions. As used in this Act:

(a) "Public body" means all legislative, executive, administrative, or advisory bodies of the State, state universities and colleges, counties, townships, cities, villages, incorporated towns, school districts and all other municipal corporations, boards, bureaus, committees, or commissions of this State, any subsidiary bodies of any of the foregoing including but not limited to committees and subcommittees thereof, and a School Finance Authority created under Article 1E of the School Code. [FN1] "Public body" does not include a child death review team or the Illinois Child Death Review Teams Executive Council established under the Child Death Review Team Act. [FN2]

(b) "Person" means any individual, corporation, partnership, firm, organization or association, acting individually or as a group.

(c) "Public records" means all records, reports, forms, writings, letters, memoranda, books, papers, maps, photographs, microfilms, cards, tapes, recordings, electronic data processing records, electronic communications, re-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

corded information and all other documentary materials pertaining to the transaction of public business, regardless of physical form or characteristics, having been prepared by or for, or having been or being used by, received by, in the possession of, or under the control of any public body.

(c-5) "Private information" means unique identifiers, including a person's social security number, driver's license number, employee identification number, biometric identifiers, personal financial information, passwords or other access codes, medical records, home or personal telephone numbers, and personal email addresses. Private information also includes home address and personal license plates, except as otherwise provided by law or when compiled without possibility of attribution to any person.

(c-10) "Commercial purpose" means the use of any part of a public record or records, or information derived from public records, in any form for sale, resale, or solicitation or advertisement for sales or services. For purposes of this definition, requests made by news media and non-profit, scientific, or academic organizations shall not be considered to be made for a "commercial purpose" when the principal purpose of the request is (i) to access and disseminate information concerning news and current or passing events, (ii) for articles of opinion or features of interest to the public, or (iii) for the purpose of academic, scientific, or public research or education.

(d) "Copying" means the reproduction of any public record by means of any photographic, electronic, mechanical or other process, device or means now known or hereafter developed and available to the public body.

(e) "Head of the public body" means the president, mayor, chairman, presiding officer, director, superintendent, manager, supervisor or individual otherwise holding primary executive and administrative authority for the public body, or such person's duly authorized designee.

(f) "News media" means a newspaper or other periodical issued at regular intervals whether in print or electronic format, a news service whether in print or electronic format, a radio station, a television station, a television network, a community antenna television service, or a person or corporation engaged in making news reels or other motion picture news for public showing.

[FN1]105 ILCS 5/1E-1 et seq.

[FN2]20 ILCS 515/1 et seq.

## 140/2.5. Records of funds

§ 2.5. Records of funds. All records relating to the obligation, receipt, and use of public funds of the State, units of local government, and school districts are public records subject to inspection and copying by the public.

## 140/2.10. Payrolls

§ 2.10. Payrolls. Certified payroll records submitted to a public body under Section 5(a)(2) of the Prevailing Wage Act are public records subject to inspection and copying in accordance with the provisions of this Act; except that contractors' employees' addresses, telephone numbers, and social security numbers must be redacted by the public body prior to disclosure.

## 140/2.15. Arrest reports and criminal history records

§ 2.15. Arrest reports and criminal history records.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

(a) Arrest reports. The following chronologically maintained arrest and criminal history information maintained by State or local criminal justice agencies shall be furnished as soon as practical, but in no event later than 72 hours after the arrest, notwithstanding the time limits otherwise provided for in Section 3 of this Act: (i) information that identifies the individual, including the name, age, address, and photograph, when and if available; (ii) information detailing any charges relating to the arrest; (iii) the time and location of the arrest; (iv) the name of the investigating or arresting law enforcement agency; (v) if the individual is incarcerated, the amount of any bail or bond; and (vi) if the individual is incarcerated, the time and date that the individual was received into, discharged from, or transferred from the arresting agency's custody.

(b) Criminal history records. The following documents maintained by a public body pertaining to criminal history record information are public records subject to inspection and copying by the public pursuant to this Act: (i) court records that are public; (ii) records that are otherwise available under State or local law; and (iii) records in which the requesting party is the individual identified, except as provided under Section 7(1)(d)(vi).

(c) Information described in items (iii) through (vi) of subsection (a) may be withheld if it is determined that disclosure would: (i) interfere with pending or actually and reasonably contemplated law enforcement proceedings conducted by any law enforcement agency; (ii) endanger the life or physical safety of law enforcement or correctional personnel or any other person; or (iii) compromise the security of any correctional facility.

(d) The provisions of this Section do not supersede the confidentiality provisions for arrest records of the Juvenile Court Act of 1987.

## 140/2.20. Settlement agreements

§ 2.20. Settlement agreements. All settlement agreements entered into by or on behalf of a public body are public records subject to inspection and copying by the public, provided that information exempt from disclosure under Section 7 of this Act may be redacted.

## 140/3. Inspection or copying of public records; prohibition against granting exclusive right to access and disseminate public records; request procedure

§ 3. (a) Each public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Section 7 of this Act. Notwithstanding any other law, a public body may not grant to any person or entity, whether by contract, license, or otherwise, the exclusive right to access and disseminate any public record as defined in this Act.

(b) Subject to the fee provisions of Section 6 of this Act, each public body shall promptly provide, to any person who submits a request, a copy of any public record required to be disclosed by subsection (a) of this Section and shall certify such copy if so requested.

(c) Requests for inspection or copies shall be made in writing and directed to the public body. Written requests may be submitted to a public body via personal delivery, mail, telefax, or other means available to the public body. A public body may honor oral requests for inspection or copying. A public body may not require that a request be submitted on a standard form or require the requester to specify the purpose for a request, except to determine whether the records are requested for a commercial purpose or whether to grant a request for a fee waiver. All requests for inspection and copying received by a public body shall immediately be forwarded to its Freedom of Information officer or designee.

(d) Each public body shall, promptly, either comply with or deny a request for public records within 5 business days after its receipt of the request, unless the time for response is properly extended under subsection (e) of this

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Section. Denial shall be in writing as provided in Section 9 of this Act. Failure to comply with a written request, extend the time for response, or deny a request within 5 business days after its receipt shall be considered a denial of the request. A public body that fails to respond to a request within the requisite periods in this Section but thereafter provides the requester with copies of the requested public records may not impose a fee for such copies. A public body that fails to respond to a request received may not treat the request as unduly burdensome under subsection (g).

(e) The time for response under this Section may be extended by the public body for not more than 5 business days from the original due date for any of the following reasons:

(i) the requested records are stored in whole or in part at other locations than the office having charge of the requested records;

(ii) the request requires the collection of a substantial number of specified records;

(iii) the request is couched in categorical terms and requires an extensive search for the records responsive to it;

(iv) the requested records have not been located in the course of routine search and additional efforts are being made to locate them;

(v) the requested records require examination and evaluation by personnel having the necessary competence and discretion to determine if they are exempt from disclosure under Section 7 of this Act or should be revealed only with appropriate deletions;

(vi) the request for records cannot be complied with by the public body within the time limits prescribed by paragraph (c) of this Section without unduly burdening or interfering with the operations of the public body;

(vii) there is a need for consultation, which shall be conducted with all practicable speed, with another public body or among two or more components of a public body having a substantial interest in the determination or in the subject matter of the request.

The person making a request and the public body may agree in writing to extend the time for compliance for a period to be determined by the parties. If the requester and the public body agree to extend the period for compliance, a failure by the public body to comply with any previous deadlines shall not be treated as a denial of the request for the records.

(f) When additional time is required for any of the above reasons, the public body shall, within 5 business days after receipt of the request, notify the person making the request of the reasons for the extension and the date by which the response will be forthcoming. Failure to respond within the time permitted for extension shall be considered a denial of the request. A public body that fails to respond to a request within the time permitted for extension but thereafter provides the requester with copies of the requested public records may not impose a fee for those copies. A public body that requests an extension and subsequently fails to respond to the request may not treat the request as unduly burdensome under subsection (g).

(g) Requests calling for all records falling within a category shall be complied with unless compliance with the request would be unduly burdensome for the complying public body and there is no way to narrow the request and the burden on the public body outweighs the public interest in the information. Before invoking this exemption, the public body shall extend to the person making the request an opportunity to confer with it in an attempt to reduce the request to manageable proportions. If any body responds to a categorical request by stating that compliance would unduly burden its operation and the conditions described above are met, it shall do so in writing,

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

specifying the reasons why it would be unduly burdensome and the extent to which compliance will so burden the operations of the public body. Such a response shall be treated as a denial of the request for information.

Repeated requests from the same person for the same records that are unchanged or identical to records previously provided or properly denied under this Act shall be deemed unduly burdensome under this provision.

(h) Each public body may promulgate rules and regulations in conformity with the provisions of this Section pertaining to the availability of records and procedures to be followed, including:

(i) the times and places where such records will be made available, and

(ii) the persons from whom such records may be obtained.

(i) The time periods for compliance or denial of a request to inspect or copy records set out in this Section shall not apply to requests for records made for a commercial purpose. Such requests shall be subject to the provisions of Section 3.1 of this Act.

## 140/3.1. Requests for commercial purposes

§ 3.1. Requests for commercial purposes.

(a) A public body shall respond to a request for records to be used for a commercial purpose within 21 working days after receipt. The response shall (i) provide to the requester an estimate of the time required by the public body to provide the records requested and an estimate of the fees to be charged, which the public body may require the person to pay in full before copying the requested documents, (ii) deny the request pursuant to one or more of the exemptions set out in this Act, (iii) notify the requester that the request is unduly burdensome and extend an opportunity to the requester to attempt to reduce the request to manageable proportions, or (iv) provide the records requested.

(b) Unless the records are exempt from disclosure, a public body shall comply with a request within a reasonable period considering the size and complexity of the request, and giving priority to records requested for noncommercial purposes.

(c) It is a violation of this Act for a person to knowingly obtain a public record for a commercial purpose without disclosing that it is for a commercial purpose, if requested to do so by the public body.

## 140/3.3. Significance of public records; advise or interpretation requirements

§ 3.3. This Act is not intended to compel public bodies to interpret or advise requesters as to the meaning or significance of the public records.

## 140/3.5. Freedom of Information officers

§ 3.5. Freedom of Information officers.

(a) Each public body shall designate one or more officials or employees to act as its Freedom of Information officer or officers. Except in instances when records are furnished immediately, Freedom of Information officers, or their designees, shall receive requests submitted to the public body under this Act, ensure that the public body responds to requests in a timely fashion, and issue responses under this Act. Freedom of Information officers shall

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

develop a list of documents or categories of records that the public body shall immediately disclose upon request.

Upon receiving a request for a public record, the Freedom of Information officer shall:

(1) note the date the public body receives the written request;

(2) compute the day on which the period for response will expire and make a notation of that date on the written request;

(3) maintain an electronic or paper copy of a written request, including all documents submitted with the request until the request has been complied with or denied; and

(4) create a file for the retention of the original request, a copy of the response, a record of written communications with the requester, and a copy of other communications.

(b) All Freedom of Information officers shall, within 6 months after the effective date of this amendatory Act of the 96th General Assembly, successfully complete an electronic training curriculum to be developed by the Public Access Counselor and thereafter successfully complete an annual training program. Thereafter, whenever a new Freedom of Information officer is designated by a public body, that person shall successfully complete the electronic training curriculum within 30 days after assuming the position. Successful completion of the required training curriculum within the periods provided shall be a prerequisite to continue serving as a Freedom of Information officer.

## 140/4. Dissemination of information about public body

§ 4. Each public body shall prominently display at each of its administrative or regional offices, make available for inspection and copying, and send through the mail if requested, each of the following:

(a) A brief description of itself, which will include, but not be limited to, a short summary of its purpose, a block diagram giving its functional subdivisions, the total amount of its operating budget, the number and location of all of its separate offices, the approximate number of full and part-time employees, and the identification and membership of any board, commission, committee, or council which operates in an advisory capacity relative to the operation of the public body, or which exercises control over its policies or procedures, or to which the public body is required to report and be answerable for its operations; and

(b) A brief description of the methods whereby the public may request information and public records, a directory designating the Freedom of Information officer or officers, the address where requests for public records should be directed, and any fees allowable under Section 6 of this Act.

(c) A public body that maintains a website shall also post this information on its website.

## 140/5. List of records available from public body

§ 5. As to public records prepared or received after the effective date of this Act, each public body shall maintain and make available for inspection and copying a reasonably current list of all types or categories of records under its control. The list shall be reasonably detailed in order to aid persons in obtaining access to public records pursuant to this Act. Each public body shall furnish upon request a description of the manner in which public records stored by means of electronic data processing may be obtained in a form comprehensible to persons lacking knowledge of computer language or printout format.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

**140/6. Authority to charge fees**

§ 6. Authority to charge fees.

(a) When a person requests a copy of a record maintained in an electronic format, the public body shall furnish it in the electronic format specified by the requester, if feasible. If it is not feasible to furnish the public records in the specified electronic format, then the public body shall furnish it in the format in which it is maintained by the public body, or in paper format at the option of the requester. A public body may charge the requester for the actual cost of purchasing the recording medium, whether disc, diskette, tape, or other medium. A public body may not charge the requester for the costs of any search for and review of the records or other personnel costs associated with reproducing the records. Except to the extent that the General Assembly expressly provides, statutory fees applicable to copies of public records when furnished in a paper format shall not be applicable to those records when furnished in an electronic format.

(b) Except when a fee is otherwise fixed by statute, each public body may charge fees reasonably calculated to reimburse its actual cost for reproducing and certifying public records and for the use, by any person, of the equipment of the public body to copy records. No fees shall be charged for the first 50 pages of black and white, letter or legal sized copies requested by a requester. The fee for black and white, letter or legal sized copies shall not exceed 15 cents per page. If a public body provides copies in color or in a size other than letter or legal, the public body may not charge more than its actual cost for reproducing the records. In calculating its actual cost for reproducing records or for the use of the equipment of the public body to reproduce records, a public body shall not include the costs of any search for and review of the records or other personnel costs associated with reproducing the records. Such fees shall be imposed according to a standard scale of fees, established and made public by the body imposing them. The cost for certifying a record shall not exceed $1.

(c) Documents shall be furnished without charge or at a reduced charge, as determined by the public body, if the person requesting the documents states the specific purpose for the request and indicates that a waiver or reduction of the fee is in the public interest. Waiver or reduction of the fee is in the public interest if the principal purpose of the request is to access and disseminate information regarding the health, safety and welfare or the legal rights of the general public and is not for the principal purpose of personal or commercial benefit. For purposes of this subsection, "commercial benefit" shall not apply to requests made by news media when the principal purpose of the request is to access and disseminate information regarding the health, safety, and welfare or the legal rights of the general public. In setting the amount of the waiver or reduction, the public body may take into consideration the amount of materials requested and the cost of copying them.

(d) The imposition of a fee not consistent with subsections (6)(a) and (b) of this Act constitutes a denial of access to public records for the purposes of judicial review. [FN1]

(d) The fee for each abstract of a driver's record shall be as provided in Section 6-118 of "The Illinois Vehicle Code", approved September 29, 1969, as amended, whether furnished as a paper copy or as an electronic copy.

[FN1]625 ILCS 5/6-118.

**140/7. Exemptions**

<Text of section amended by P.A. 96-261, P.A. 96-328 and P.A. 96-558. See, also, other § 7.>

§ 7. Exemptions.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

(1) The following shall be exempt from inspection and copying:

(a) Information specifically prohibited from disclosure by federal or State law or rules and regulations adopted under federal or State law.

(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to:

(i) files and personal information maintained with respect to clients, patients, residents, students or other individuals receiving social, medical, educational, vocational, financial, supervisory or custodial care or services directly or indirectly from federal agencies or public bodies;

(ii) personnel files and personal information maintained with respect to employees, appointees or elected officials of any public body or applicants for those positions;

(iii) files and personal information maintained with respect to any applicant, registrant or licensee by any public body cooperating with or engaged in professional or occupational registration, licensure or discipline;

(iv) information required of any taxpayer in connection with the assessment or collection of any tax unless disclosure is otherwise required by State statute;

(v) information revealing the identity of persons who file complaints with or provide information to administrative, investigative, law enforcement or penal agencies; provided, however, that identification of witnesses to traffic accidents, traffic accident reports, and rescue reports may be provided by agencies of local government, except in a case for which a criminal investigation is ongoing, without constituting a clearly unwarranted per se invasion of personal privacy under this subsection;

(vi) the names, addresses, or other personal information of participants and registrants in park district, forest preserve district, and conservation district programs; and

(vii) the Notarial Record or other medium containing the thumbprint or fingerprint required by Section 3-102(c)(6) of the Illinois Notary Public Act.

(b-5) Files, documents, and other data or databases maintained by one or more law enforcement agencies and specifically designed to provide information to one or more law enforcement agencies regarding the physical or mental status of one or more individual subjects.

(c) Records compiled by any public body for administrative enforcement proceedings and any law enforcement or correctional agency for law enforcement purposes or for internal matters of a public body, but only to the extent that disclosure would:

(i) interfere with pending or actually and reasonably contemplated law enforcement proceedings conducted by any law enforcement or correctional agency;

(ii) interfere with pending administrative enforcement proceedings conducted by any public body;

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

(iii) deprive a person of a fair trial or an impartial hearing;

(iv) unavoidably disclose the identity of a confidential source or confidential information furnished only by the confidential source;

(v) disclose unique or specialized investigative techniques other than those generally used and known or disclose internal documents of correctional agencies related to detection, observation or investigation of incidents of crime or misconduct;

(vi) constitute an invasion of personal privacy under subsection (b) of this Section;

(vii) endanger the life or physical safety of law enforcement personnel or any other person; or

(viii) obstruct an ongoing criminal investigation.

(d) Criminal history record information maintained by State or local criminal justice agencies, except the following which shall be open for public inspection and copying:

(i) chronologically maintained arrest information, such as traditional arrest logs or blotters;

(ii) the name of a person in the custody of a law enforcement agency and the charges for which that person is being held;

(iii) court records that are public;

(iv) records that are otherwise available under State or local law; or

(v) records in which the requesting party is the individual identified, except as provided under part (vii) of paragraph (c) of subsection (1) of this Section.

"Criminal history record information" means data identifiable to an individual and consisting of descriptions or notations of arrests, detentions, indictments, informations, pre-trial proceedings, trials, or other formal events in the criminal justice system or descriptions or notations of criminal charges (including criminal violations of local municipal ordinances) and the nature of any disposition arising therefrom, including sentencing, court or correctional supervision, rehabilitation and release. The term does not apply to statistical records and reports in which individuals are not identified and from which their identities are not ascertainable, or to information that is for criminal investigative or intelligence purposes.

(e) Records that relate to or affect the security of correctional institutions and detention facilities.

(f) Preliminary drafts, notes, recommendations, memoranda and other records in which opinions are expressed, or policies or actions are formulated, except that a specific record or relevant portion of a record shall not be exempt when the record is publicly cited and identified by the head of the public body. The exemption provided in this paragraph (f) extends to all those records of officers and agencies of the General Assembly that pertain to the preparation of legislative documents.

(g) Trade secrets and commercial or financial information obtained from a person or business where the trade secrets or information are proprietary, privileged or confidential, or where disclosure of the trade secrets or information may cause competitive harm, including:

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

(i) All information determined to be confidential under Section 4002 of the Technology Advancement and Development Act.

(ii) All trade secrets and commercial or financial information obtained by a public body, including a public pension fund, from a private equity fund or a privately held company within the investment portfolio of a private equity fund as a result of either investing or evaluating a potential investment of public funds in a private equity fund. The exemption contained in this item does not apply to the aggregate financial performance information of a private equity fund, nor to the identity of the fund's managers or general partners. The exemption contained in this item does not apply to the identity of a privately held company within the investment portfolio of a private equity fund, unless the disclosure of the identity of a privately held company may cause competitive harm.

Nothing contained in this paragraph (g) shall be construed to prevent a person or business from consenting to disclosure.

(h) Proposals and bids for any contract, grant, or agreement, including information which if it were disclosed would frustrate procurement or give an advantage to any person proposing to enter into a contractor agreement with the body, until an award or final selection is made. Information prepared by or for the body in preparation of a bid solicitation shall be exempt until an award or final selection is made.

(i) Valuable formulae, computer geographic systems, designs, drawings and research data obtained or produced by any public body when disclosure could reasonably be expected to produce private gain or public loss. The exemption for "computer geographic systems" provided in this paragraph (i) does not extend to requests made by news media as defined in Section 2 of this Act when the requested information is not otherwise exempt and the only purpose of the request is to access and disseminate information regarding the health, safety, welfare, or legal rights of the general public.

(j) Test questions, scoring keys and other examination data used to administer an academic examination or determine the qualifications of an applicant for a license or employment.

(k) Architects' plans, engineers' technical submissions, and other construction related technical documents for projects not constructed or developed in whole or in part with public funds and the same for projects constructed or developed with public funds, but only to the extent that disclosure would compromise security, including but not limited to water treatment facilities, airport facilities, sport stadiums, convention centers, and all government owned, operated, or occupied buildings.

(l) Library circulation and order records identifying library users with specific materials.

(m) Minutes of meetings of public bodies closed to the public as provided in the Open Meetings Act until the public body makes the minutes available to the public under Section 2.06 of the Open Meetings Act.

(n) Communications between a public body and an attorney or auditor representing the public body that would not be subject to discovery in litigation, and materials prepared or compiled by or for a public body in anticipation of a criminal, civil or administrative proceeding upon the request of an attorney advising the public body, and materials prepared or compiled with respect to internal audits of public bodies.

(o) Information received by a primary or secondary school, college or university under its procedures for the evaluation of faculty members by their academic peers.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

(p) Administrative or technical information associated with automated data processing operations, including but not limited to software, operating protocols, computer program abstracts, file layouts, source listings, object modules, load modules, user guides, documentation pertaining to all logical and physical design of computerized systems, employee manuals, and any other information that, if disclosed, would jeopardize the security of the system or its data or the security of materials exempt under this Section.

(q) Documents or materials relating to collective negotiating matters between public bodies and their employees or representatives, except that any final contract or agreement shall be subject to inspection and copying.

(r) Drafts, notes, recommendations and memoranda pertaining to the financing and marketing transactions of the public body. The records of ownership, registration, transfer, and exchange of municipal debt obligations, and of persons to whom payment with respect to these obligations is made.

(s) The records, documents and information relating to real estate purchase negotiations until those negotiations have been completed or otherwise terminated. With regard to a parcel involved in a pending or actually and reasonably contemplated eminent domain proceeding under the Eminent Domain Act, records, documents and information relating to that parcel shall be exempt except as may be allowed under discovery rules adopted by the Illinois Supreme Court. The records, documents and information relating to a real estate sale shall be exempt until a sale is consummated.

(t) Any and all proprietary information and records related to the operation of an intergovernmental risk management association or self-insurance pool or jointly self-administered health and accident cooperative or pool.

(u) Information concerning a university's adjudication of student or employee grievance or disciplinary cases, to the extent that disclosure would reveal the identity of the student or employee and information concerning any public body's adjudication of student or employee grievances or disciplinary cases, except for the final outcome of the cases.

(v) Course materials or research materials used by faculty members.

(w) Information related solely to the internal personnel rules and practices of a public body.

(x) Information contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of a public body responsible for the regulation or supervision of financial institutions or insurance companies, unless disclosure is otherwise required by State law.

(y) Information the disclosure of which is restricted under Section 5-108 of the Public Utilities Act.

(z) Manuals or instruction to staff that relate to establishment or collection of liability for any State tax or that relate to investigations by a public body to determine violation of any criminal law.

(aa) Applications, related documents, and medical records received by the Experimental Organ Transplantation Procedures Board and any and all documents or other records prepared by the Experimental Organ Transplantation Procedures Board or its staff relating to applications it has received.

(bb) Insurance or self insurance (including any intergovernmental risk management association or self insurance pool) claims, loss or risk management information, records, data, advice or communications.

(cc) Information and records held by the Department of Public Health and its authorized representatives relating to

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

known or suspected cases of sexually transmissible disease or any information the disclosure of which is restricted under the Illinois Sexually Transmissible Disease Control Act.

(dd) Information the disclosure of which is exempted under Section 30 of the Radon Industry Licensing Act.

(ee) Firm performance evaluations under Section 55 of the Architectural, Engineering, and Land Surveying Qualifications Based Selection Act.

(ff) Security portions of system safety program plans, investigation reports, surveys, schedules, lists, data, or information compiled, collected, or prepared by or for the Regional Transportation Authority under Section 2.11 of the Regional Transportation Authority Act or the St. Clair County Transit District under the Bi-State Transit Safety Act.

(gg) Information the disclosure of which is restricted and exempted under Section 50 of the Illinois Prepaid Tuition Act.

(hh) Information the disclosure of which is exempted under the State Officials and Employees Ethics Act.

(ii) Beginning July 1, 1999, information that would disclose or might lead to the disclosure of secret or confidential information, codes, algorithms, programs, or private keys intended to be used to create electronic or digital signatures under the Electronic Commerce Security Act.

(jj) Information contained in a local emergency energy plan submitted to a municipality in accordance with a local emergency energy plan ordinance that is adopted under Section 11-21.5-5 of the Illinois Municipal Code.

(kk) Information and data concerning the distribution of surcharge moneys collected and remitted by wireless carriers under the Wireless Emergency Telephone Safety Act.

(ll) Vulnerability assessments, security measures, and response policies or plans that are designed to identify, prevent, or respond to potential attacks upon a community's population or systems, facilities, or installations, the destruction or contamination of which would constitute a clear and present danger to the health or safety of the community, but only to the extent that disclosure could reasonably be expected to jeopardize the effectiveness of the measures or the safety of the personnel who implement them or the public. Information exempt under this item may include such things as details pertaining to the mobilization or deployment of personnel or equipment, to the operation of communication systems or protocols, or to tactical operations.

(mm) Maps and other records regarding the location or security of generation, transmission, distribution, storage, gathering, treatment, or switching facilities owned by a utility or by the Illinois Power Agency.

(nn) Law enforcement officer identification information or driver identification information compiled by a law enforcement agency or the Department of Transportation under Section 11-212 of the Illinois Vehicle Code.

(oo) Records and information provided to a residential health care facility resident sexual assault and death review team or the Executive Council under the Abuse Prevention Review Team Act.

(pp) Information provided to the predatory lending database created pursuant to Article 3 of the Residential Real Property Disclosure Act, except to the extent authorized under that Article.

(qq) Defense budgets and petitions for certification of compensation and expenses for court appointed trial coun-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

sel as provided under Sections 10 and 15 of the Capital Crimes Litigation Act. This subsection (qq) shall apply until the conclusion of the trial of the case, even if the prosecution chooses not to pursue the death penalty prior to trial or sentencing.

(rr) Information contained in or related to proposals, bids, or negotiations related to electric power procurement under Section 1-75 of the Illinois Power Agency Act and Section 16-111.5 of the Public Utilities Act that is determined to be confidential and proprietary by the Illinois Power Agency or by the Illinois Commerce Commission.

(ss) Information that is prohibited from being disclosed under Section 4 of the Illinois Health and Hazardous Substances Registry Act.

(tt) Information about students exempted from disclosure under Sections 10-20.38 or 34-18.29 of the School Code, and information about undergraduate students enrolled at an institution of higher education exempted from disclosure under Section 25 of the Illinois Credit Card Marketing Act of 2009.

(2) This Section does not authorize withholding of information or limit the availability of records to the public, except as stated in this Section or otherwise provided in this Act.

## 140/7. Exemptions

<Text of section as amended by P.A. 96-328, P.A 96-542 and P.A. 96-558. See, also, other §§ 7.>

§ 7. Exemptions.

(1) When a request is made to inspect or copy a public record that contains information that is exempt from disclosure under this Section, but also contains information that is not exempt from disclosure, the public body may elect to redact the information that is exempt. The public body shall make the remaining information available for inspection and copying. Subject to this requirement, the following shall be exempt from inspection and copying:

(a) Information specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law.

(b) Private information, unless disclosure is required by another provision of this Act, a State or federal law or a court order.

(b-5) Files, documents, and other data or databases maintained by one or more law enforcement agencies and specifically designed to provide information to one or more law enforcement agencies regarding the physical or mental status of one or more individual subjects.

(c) Personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. "Unwarranted invasion of personal privacy" means the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy.

(d) Records in the possession of any public body created in the course of administrative enforcement proceedings, and any law enforcement or correctional agency for law enforcement purposes, but only to the extent that disclo-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

sure would:

    (i) interfere with pending or actually and reasonably contemplated law enforcement proceedings conducted by any law enforcement or correctional agency that is the recipient of the request;

    (ii) interfere with active administrative enforcement proceedings conducted by the public body that is the recipient of the request;

    (iii) create a substantial likelihood that a person will be deprived of a fair trial or an impartial hearing;

    (iv) unavoidably disclose the identity of a confidential source, confidential information furnished only by the confidential source, or persons who file complaints with or provide information to administrative, investigative, law enforcement, or penal agencies; except that the identities of witnesses to traffic accidents, traffic accident reports, and rescue reports shall be provided by agencies of local government, except when disclosure would interfere with an active criminal investigation conducted by the agency that is the recipient of the request;

    (v) disclose unique or specialized investigative techniques other than those generally used and known or disclose internal documents of correctional agencies related to detection, observation or investigation of incidents of crime or misconduct, and disclosure would result in demonstrable harm to the agency or public body that is the recipient of the request;

    (vi) endanger the life or physical safety of law enforcement personnel or any other person; or

    (vii) obstruct an ongoing criminal investigation by the agency that is the recipient of the request.

(e) Records that relate to or affect the security of correctional institutions and detention facilities.

(f) Preliminary drafts, notes, recommendations, memoranda and other records in which opinions are expressed, or policies or actions are formulated, except that a specific record or relevant portion of a record shall not be exempt when the record is publicly cited and identified by the head of the public body. The exemption provided in this paragraph (f) extends to all those records of officers and agencies of the General Assembly that pertain to the preparation of legislative documents.

(g) Trade secrets and commercial or financial information obtained from a person or business where the trade secrets or commercial or financial information are furnished under a claim that they are proprietary, privileged or confidential, and that disclosure of the trade secrets or commercial or financial information would cause competitive harm to the person or business, and only insofar as the claim directly applies to the records requested.

    (i) All trade secrets and commercial or financial information obtained by a public body, including a public pension fund, from a private equity fund or a privately held company within the investment portfolio of a private equity fund as a result of either investing or evaluating a potential investment of public funds in a private equity fund. The exemption contained in this item does not apply to the aggregate financial performance information of a private equity fund, nor to the identity of the fund's managers or general partners. The exemption contained in this item does not apply to the identity of a privately held company within the investment portfolio of a private equity fund, unless the disclosure of the identity of a privately held company may cause competitive harm.

Nothing contained in this paragraph (g) shall be construed to prevent a person or business from consenting to disclosure.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

(h) Proposals and bids for any contract, grant, or agreement, including information which if it were disclosed would frustrate procurement or give an advantage to any person proposing to enter into a contractor agreement with the body, until an award or final selection is made. Information prepared by or for the body in preparation of a bid solicitation shall be exempt until an award or final selection is made.

(i) Valuable formulae, computer geographic systems, designs, drawings and research data obtained or produced by any public body when disclosure could reasonably be expected to produce private gain or public loss. The exemption for "computer geographic systems" provided in this paragraph (i) does not extend to requests made by news media as defined in Section 2 of this Act when the requested information is not otherwise exempt and the only purpose of the request is to access and disseminate information regarding the health, safety, welfare, or legal rights of the general public.

(j) The following information pertaining to educational matters:

(i) test questions, scoring keys and other examination data used to administer an academic examination;

(ii) information received by a primary or secondary school, college, or university under its procedures for the evaluation of faculty members by their academic peers;

(iii) information concerning a school or university's adjudication of student disciplinary cases, but only to the extent that disclosure would unavoidably reveal the identity of the student; and

(iv) course materials or research materials used by faculty members.

(k) Architects' plans, engineers' technical submissions, and other construction related technical documents for projects not constructed or developed in whole or in part with public funds and the same for projects constructed or developed with public funds, including but not limited to power generating and distribution stations and other transmission and distribution facilities, water treatment facilities, airport facilities, sport stadiums, convention centers, and all government owned, operated, or occupied buildings, but only to the extent that disclosure would compromise security.

(l) Minutes of meetings of public bodies closed to the public as provided in the Open Meetings Act until the public body makes the minutes available to the public under Section 2.06. of the Open Meetings Act.

(m) Communications between a public body and an attorney or auditor representing the public body that would not be subject to discovery in litigation, and materials prepared or compiled by or for a public body in anticipation of a criminal, civil or administrative proceeding upon the request of an attorney advising the public body, and materials prepared or compiled with respect to internal audits of public bodies.

(n) Records relating to a public body's adjudication of employee grievances or disciplinary cases; however, this exemption shall not extend to the final outcome of cases in which discipline is imposed.

(o) Administrative or technical information associated with automated data processing operations, including but not limited to software, operating protocols, computer program abstracts, file layouts, source listings, object modules, load modules, user guides, documentation pertaining to all logical and physical design of computerized systems, employee manuals, and any other information that, if disclosed, would jeopardize the security of the system or its data or the security of materials exempt under this Section.

(p) Records relating to collective negotiating matters between public bodies and their employees or representa-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

tives, except that any final contract or agreement shall be subject to inspection and copying.

(q) Test questions, scoring keys, and other examination data used to determine the qualifications of an applicant for a license or employment.

(r) The records, documents and information relating to real estate purchase negotiations until those negotiations have been completed or otherwise terminated. With regard to a parcel involved in a pending or actually and reasonably contemplated eminent domain proceeding under the Eminent Domain Act, records, documents and information relating to that parcel shall be exempt except as may be allowed under discovery rules adopted by the Illinois Supreme Court. The records, documents and information relating to a real estate sale shall be exempt until a sale is consummated.

(s) Any and all proprietary information and records related to the operation of an intergovernmental risk management association or self-insurance pool or jointly self-administered health and accident cooperative or pool. Insurance or self insurance (including any intergovernmental risk management association or self insurance pool) claims, loss or risk management information, records, data, advice or communications.

(t) Information contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of a public body responsible for the regulation or supervision of financial institutions or insurance companies, unless disclosure is otherwise required by State law.

(u) Information that would disclose or might lead to the disclosure of secret or confidential information, codes, algorithms, programs, or private keys intended to be used to create electronic or digital signatures under the Electronic Commerce Security Act.

(v) Vulnerability assessments, security measures, and response policies or plans that are designed to identify, prevent, or respond to potential attacks upon a community's population or systems, facilities, or installations, the destruction or contamination of which would constitute a clear and present danger to the health or safety of the community, but only to the extent that disclosure could reasonably be expected to jeopardize the effectiveness of the measures or the safety of the personnel who implement them or the public. Information exempt under this item may include such things as details pertaining to the mobilization or deployment of personnel or equipment, to the operation of communication systems or protocols, or to tactical operations.

(x) Maps and other records regarding the location or security of generation, transmission, distribution, storage, gathering, treatment, or switching facilities owned by a utility, by a power generator, or by the Illinois Power Agency.

(y) Information contained in or related to proposals, bids, or negotiations related to electric power procurement under Section 1-75 of the Illinois Power Agency Act and Section 16-111.5 of the Public Utilities Act that is determined to be confidential and proprietary by the Illinois Power Agency or by the Illinois Commerce Commission.

(2) A public record that is not in the possession of a public body but is in the possession of a party with whom the agency has contracted to perform a governmental function on behalf of the public body, and that directly relates to the governmental function and is not otherwise exempt under this Act, shall be considered a public record of the public body, for purposes of this Act.

(3) This Section does not authorize withholding of information or limit the availability of records to the public, except as stated in this Section or otherwise provided in this Act.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

**140/7.1. § 7.1. Repealed by P.A. 96-542, § 15, eff. Jan. 1, 2010**

**140/7.5. Statutory Exemptions**

§ 7.5. Statutory Exemptions. To the extent provided for by the statutes referenced below, the following shall be exempt from inspection and copying:

(a) All information determined to be confidential under Section 4002 of the Technology Advancement and Development Act.

(b) Library circulation and order records identifying library users with specific materials under the Library Records Confidentiality Act.

(c) Applications, related documents, and medical records received by the Experimental Organ Transplantation Procedures Board and any and all documents or other records prepared by the Experimental Organ Transplantation Procedures Board or its staff relating to applications it has received.

(d) Information and records held by the Department of Public Health and its authorized representatives relating to known or suspected cases of sexually transmissible disease or any information the disclosure of which is restricted under the Illinois Sexually Transmissible Disease Control Act.

(e) Information the disclosure of which is exempted under Section 30 of the Radon Industry Licensing Act.

(f) Firm performance evaluations under Section 55 of the Architectural, Engineering, and Land Surveying Qualifications Based Selection Act.

(g) Information the disclosure of which is restricted and exempted under Section 50 of the Illinois Prepaid Tuition Act.

(h) Information the disclosure of which is exempted under the State Officials and Employees Ethics Act, and records of any lawfully created State or local inspector general's office that would be exempt if created or obtained by an Executive Inspector General's office under that Act.

(i) Information contained in a local emergency energy plan submitted to a municipality in accordance with a local emergency energy plan ordinance that is adopted under Section 11-21.5-5 of the Illinois Municipal Code.

(j) Information and data concerning the distribution of surcharge moneys collected and remitted by wireless carriers under the Wireless Emergency Telephone Safety Act.

(k) Law enforcement officer identification information or driver identification information compiled by a law enforcement agency or the Department of Transportation under Section 11-212 of the Illinois Vehicle Code.

(l) Records and information provided to a residential health care facility resident sexual assault and death review team or the Executive Council under the Abuse Prevention Review Team Act.

(m) Information provided to the predatory lending database created pursuant to Article 3 of the Residential Real Property Disclosure Act, except to the extent authorized under that Article.

(n) Defense budgets and petitions for certification of compensation and expenses for court appointed trial counsel

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

as provided under Sections 10 and 15 of the Capital Crimes Litigation Act. This subsection (n) shall apply until the conclusion of the trial of the case, even if the prosecution chooses not to pursue the death penalty prior to trial or sentencing.

(o) Information that is prohibited from being disclosed under Section 4 of the Illinois Health and Hazardous Substances Registry Act.

(p) Security portions of system safety program plans, investigation reports, surveys, schedules, lists, data, or information compiled, collected, or prepared by or for the Regional Transportation Authority under Section 2.11 of the Regional Transportation Authority Act or the St. Clair County Transit District under the Bi-State Transit Safety Act.

(q) Information prohibited from being disclosed by the Personnel Records Review Act.

(r) Information prohibited from being disclosed by the Illinois School Student Records Act.

(s) Information the disclosure of which is restricted under Section 5-108 of the Public Utilities Act.

### 140/8. § 8. Repealed by P.A. 96-542, § 15, eff. Jan. 1, 2010

### 140/9. Denial of request for public records; notice

§ 9. (a) Each public body denying a request for public records shall notify the requester in writing of the decision to deny the request, the reasons for the denial, including a detailed factual basis for the application of any exemption claimed, and the names and titles or positions of each person responsible for the denial. Each notice of denial by a public body shall also inform such person of the right to review by the Public Access Counselor and provide the address and phone number for the Public Access Counselor. Each notice of denial shall inform such person of his right to judicial review under Section 11 of this Act.

(b) When a request for public records is denied on the grounds that the records are exempt under Section 7 of this Act, the notice of denial shall specify the exemption claimed to authorize the denial and the specific reasons for the denial, including a detailed factual basis and a citation to supporting legal authority. Copies of all notices of denial shall be retained by each public body in a single central office file that is open to the public and indexed according to the type of exemption asserted and, to the extent feasible, according to the types of records requested.

(c) Any person making a request for public records shall be deemed to have exhausted his or her administrative remedies with respect to that request if the public body fails to act within the time periods provided in Section 3 of this Act.

### 140/9.5. Public Access Counselor; opinions

§ 9.5. Public Access Counselor; opinions.

(a) A person whose request to inspect or copy a public record is denied by a public body, except the General Assembly and committees, commissions, and agencies thereof, may file a request for review with the Public Access Counselor established in the Office of the Attorney General not later than 60 days after the date of the final denial. The request for review must be in writing, signed by the requester, and include (i) a copy of the request for access to records and (ii) any responses from the public body.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

(b) A public body that receives a request for records, and asserts that the records are exempt under subsection (1)(c) or (1)(f) of Section 7 of this Act, shall, within the time periods provided for responding to a request, provide written notice to the requester and the Public Access Counselor of its intent to deny the request in whole or in part. The notice shall include: (i) a copy of the request for access to records; (ii) the proposed response from the public body; and (iii) a detailed summary of the public body's basis for asserting the exemption. Upon receipt of a notice of intent to deny from a public body, the Public Access Counselor shall determine whether further inquiry is warranted. Within 5 working days after receipt of the notice of intent to deny, the Public Access Counselor shall notify the public body and the requester whether further inquiry is warranted. If the Public Access Counselor determines that further inquiry is warranted, the procedures set out in this Section regarding the review of denials, including the production of documents, shall also be applicable to the inquiry and resolution of a notice of intent to deny from a public body. Times for response or compliance by the public body under Section 3 of this Act shall be tolled until the Public Access Counselor concludes his or her inquiry.

(c) Upon receipt of a request for review, the Public Access Counselor shall determine whether further action is warranted. If the Public Access Counselor determines that the alleged violation is unfounded, he or she shall so advise the requester and the public body and no further action shall be undertaken. In all other cases, the Public Access Counselor shall forward a copy of the request for review to the public body within 7 working days after receipt and shall specify the records or other documents that the public body shall furnish to facilitate the review. Within 7 working days after receipt of the request for review, the public body shall provide copies of records requested and shall otherwise fully cooperate with the Public Access Counselor. If a public body fails to furnish specified records pursuant to this Section, or if otherwise necessary, the Attorney General may issue a subpoena to any person or public body having knowledge of or records pertaining to a request for review of a denial of access to records under the Act. To the extent that records or documents produced by a public body contain information that is claimed to be exempt from disclosure under Section 7 of this Act, the Public Access Counselor shall not further disclose that information.

(d) Within 7 working days after it receives a copy of a request for review and request for production of records from the Public Access Counselor, the public body may, but is not required to, answer the allegations of the request for review. The answer may take the form of a letter, brief, or memorandum. The Public Access Counselor shall forward a copy of the answer to the person submitting the request for review, with any alleged confidential information to which the request pertains redacted from the copy. The requester may, but is not required to, respond in writing to the answer within 7 working days and shall provide a copy of the response to the public body.

(e) In addition to the request for review, and the answer and the response thereto, if any, a requester or a public body may furnish affidavits or records concerning any matter germane to the review.

(f) Unless the Public Access Counselor extends the time by no more than 21 business days by sending written notice to the requester and the public body that includes a statement of the reasons for the extension in the notice, or decides to address the matter without the issuance of a binding opinion, the Attorney General shall examine the issues and the records, shall make findings of fact and conclusions of law, and shall issue to the requester and the public body an opinion in response to the request for review within 60 days after its receipt. The opinion shall be binding upon both the requester and the public body, subject to administrative review under Section 11.5.

In responding to any request under this Section 9.5, the Attorney General may exercise his or her discretion and choose to resolve a request for review by mediation or by a means other than the issuance of a binding opinion. The decision not to issue a binding opinion shall not be reviewable.

Upon receipt of a binding opinion concluding that a violation of this Act has occurred, the public body shall either take necessary action immediately to comply with the directive of the opinion or shall initiate administrative review under Section 11.5. If the opinion concludes that no violation of the Act has occurred, the requester may initiate administrative review under Section 11.5.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

A public body that discloses records in accordance with an opinion of the Attorney General is immune from all liabilities by reason thereof and shall not be liable for penalties under this Act.

(g) If the requester files suit under Section 11 with respect to the same denial that is the subject of a pending request for review, the requester shall notify the Public Access Counselor, and the Public Access Counselor shall take no further action with respect to the request for review and shall so notify the public body.

(h) The Attorney General may also issue advisory opinions to public bodies regarding compliance with this Act. A review may be initiated upon receipt of a written request from the head of the public body or its attorney, which shall contain sufficient accurate facts from which a determination can be made. The Public Access Counselor may request additional information from the public body in order to assist in the review. A public body that relies in good faith on an advisory opinion of the Attorney General in responding to a request is not liable for penalties under this Act, so long as the facts upon which the opinion is based have been fully and fairly disclosed to the Public Access Counselor.

**140/10. § 10. Repealed by P.A. 96-542, § 15, eff. Jan. 1, 2010**

**140/11. Denial of request for public records; injunctive or declaratory relief**

§ 11. (a) Any person denied access to inspect or copy any public record by a public body may file suit for injunctive or declaratory relief.

(b) Where the denial is from a public body of the State, suit may be filed in the circuit court for the county where the public body has its principal office or where the person denied access resides.

(c) Where the denial is from a municipality or other public body, except as provided in subsection (b) of this Section, suit may be filed in the circuit court for the county where the public body is located.

(d) The circuit court shall have the jurisdiction to enjoin the public body from withholding public records and to order the production of any public records improperly withheld from the person seeking access. If the public body can show that exceptional circumstances exist, and that the body is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records.

(e) On motion of the plaintiff, prior to or after in camera inspection, the court shall order the public body to provide an index of the records to which access has been denied. The index shall include the following:

(i) A description of the nature or contents of each document withheld, or each deletion from a released document, provided, however, that the public body shall not be required to disclose the information which it asserts is exempt; and

(ii) A statement of the exemption or exemptions claimed for each such deletion or withheld document.

(f) In any action considered by the court, the court shall consider the matter de novo, and shall conduct such in camera examination of the requested records as it finds appropriate to determine if such records or any part thereof may be withheld under any provision of this Act. The burden shall be on the public body to establish that its refusal to permit public inspection or copying is in accordance with the provisions of this Act. Any public body that asserts that a record is exempt from disclosure has the burden of proving that it is exempt by clear and con-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

vincing evidence.

(g) In the event of noncompliance with an order of the court to disclose, the court may enforce its order against any public official or employee so ordered or primarily responsible for such noncompliance through the court's contempt powers.

(h) Except as to causes the court considers to be of greater importance, proceedings arising under this Section shall take precedence on the docket over all other causes and be assigned for hearing and trial at the earliest practicable date and expedited in every way.

(i) If a person seeking the right to inspect or receive a copy of a public record prevails in a proceeding under this Section, the court shall award such person reasonable attorneys' fees and costs. In determining what amount of attorney's fees is reasonable, the court shall consider the degree to which the relief obtained relates to the relief sought. The changes contained in this subsection apply to an action filed on or after the effective date of this amendatory Act of the 96th General Assembly.

(j) If the court determines that a public body willfully and intentionally failed to comply with this Act, or otherwise acted in bad faith, the court shall also impose upon the public body a civil penalty of not less that $2,500 nor more than $5,000 for each occurrence. In assessing the civil penalty, the court shall consider in aggravation or mitigation the budget of the public body and whether the public body has previously been assessed penalties for violations of this Act. The changes contained in this subsection apply to an action filed on or after the effective date of this amendatory Act of the 96th General Assembly.

## 140/11.5. Administrative review

§ 11.5. Administrative review. A binding opinion issued by the Attorney General shall be considered a final decision of an administrative agency, for purposes of administrative review under the Administrative Review Law (735 ILCS 5/Art. III). An action for administrative review of a binding opinion of the Attorney General shall be commenced in Cook or Sangamon County. An advisory opinion issued to a public body shall not be considered a final decision of the Attorney General for purposes of this Section.

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.