# EXHIBIT 2

# CHAPTER 2-57
# INDEPENDENT POLICE REVIEW AUTHORITY

2-57-010   Definitions.

2-57-020   Establishment – Composition.

2-57-030   Chief administrator – Appointment as chief administrative authority.

2-57-040   Chief administrator – Powers and duties.

2-57-050   Subpoena Issuance.

2-57-060   Decisions; Recommendations.

2-57-070   Investigations not concluded within six months.

2-57-080   Cooperation in investigations.

2-57-090   Retaliation prohibited – Penalty.

2-57-100   Final summary reports – Open to public inspection.

2-57-110   Quarterly reports to legislative and executive branches.

2-57-120   Chief administrator – Conditions for removal from office.

2-57-130   Obstructing or interfering with investigations – Penalty.

2-57-140   Violation – Penalty – Discharge or other discipline.

2-57-150   Rules and regulations.

2-57-160   Public policy.

2-57-010 Definitions.

The following terms wherever used in this chapter shall have the following meanings unless a different meaning appears from the context:

(a)   Chief administrator means the chief administrator of independent police review.

(b)  Coercion means the use of express or implied threats of violence that puts a person in immediate fear of the consequences in order to compel that person to act against his or her will.

(c)  Department means the Chicago department of police.

(d)  Police Board means the police board established by Chapter 2-84 of this code, as amended.

(e)  Superintendent means the superintendent of police or his designated representative.

(f)  Verbal abuse means the use of a remark which is overtly insulting, mocking or belittling directed at a person based upon the actual or perceived race, color, sex, religion, national origin, sexual orientation, or gender identity of that person.

(Added Coun. J. 7-19-07, p. 3588, § 1; Amend Coun. J. 11-13-07, p. 16031, § 1)

2-57-020 Establishment – Composition.

There is hereby established an office of the municipal government to be known as the independent police review authority, which shall include the chief administrator of independent police review and such deputies, assistants and other employees as may be provided for in the annual appropriation ordinance. The offices of the independent police review authority shall be located in a facility outside of the department of police.

(Added Coun. J. 7-19-07, p. 3588, § 1; Amend Coun. J. 11-13-07, p. 16031, § 1)

2-57-030 Chief administrator – Appointment as chief administrative authority.

The chief administrator shall be the chief executive officer of the independent police review authority. The chief administrator shall be appointed by the mayor subject to the approval of the city council. The chief administrator shall be responsible for the general management and control of the independent police review authority and shall have full and complete authority to administer the office in a manner consistent with the ordinances of the city, the laws of the state, and the rules and regulations of the police board. The chief administrator shall be appointed for a term of four years, or until his or her successor is appointed and approved. In the event that the chief administrator does not complete his or her four-year term, the mayor shall, subject to the approval of the city council, appoint a new chief administrator who shall be appointed for a new four-year term.

(Added Coun. J. 7-19-07, p. 3588, § 1; Amend Coun. J. 11-13-07, p. 16031, § 1)

2-57-040 Chief administrator – Powers and duties.

In addition to other powers conferred herein, the chief administrator shall have the following powers and duties:

(a) To receive and register all complaints filed against members of the department;

(b) To conduct investigations into complaints against members of the department concerning domestic violence, excessive force, coercion, and verbal abuse;

(c) To conduct investigations into all cases in which a department member discharges his or her firearm, stun gun, or taser in a manner which potentially could strike an individual, even if no allegation of misconduct is made;

(d) To conduct investigations into cases where the death of a person or an injury sustained by a person occurs while in police custody or where an extraordinary or unusual occurrence occurs in lockup facilities, even when no allegation of misconduct is made;

(e) To review all cases settled by the department of law in which a complaint register was filed against a member of the department, and if, in the opinion of the chief administrator, further investigation is warranted, to conduct such investigation;

(f) To forward all other complaints filed against members of the department to the department's internal affairs division;

(g) To conduct investigations in a manner consistent with Article IV of Chapter 2-84, the rules and regulations established by the police board, and all department operating procedures, general orders, collective bargaining agreements, and other applicable laws and regulations;

(h) To make recommendations to the superintendent concerning: the appropriate disciplinary action against members of the department found to be in violation of department rules and regulations;

(i) To make recommendations to the superintendent, the police board, and the chairman of the city council committee on police and fire concerning revisions in policy and operating procedures to increase the efficiency of the department;

(j) To request information related to an investigation from any employee or officer of the city;

(k) To issue subpoenas to compel the attendance of witnesses for purposes of examination and the production of documents and other items for inspection and/or duplication. Issuance of subpoenas shall be subject to the restrictions contained in Section 2-57-050;

(l) To address police personnel and community groups on regulations and operations of the independent police review authority; and

(m) To promulgate rules, regulations and procedures for the conduct of the independent police review authority's investigations consistent with the requirements of collective bargaining agreements, due process of law and equal protection under the law.

Nothing in this chapter shall preclude the chief administrator from referring a complaint or information concerning a member of the department to the appropriate federal, state or local law enforcement authorities.

(Added Coun. J. 7-19-07, p. 3588, § 1; Amend Coun. J. 11-13-07, p. 16031, § 1)

2-57-050 Subpoena issuance.

The chief administrator, or his or her designee, may administer oaths and secure by its subpoena both the attendance and testimony of witnesses and the production of relevant information. A subpoena shall be served in the same manner as subpoenas issued under the Rules of the Illinois Supreme Court to compel appearance of a deponent, and subject to the same witness and mileage fees fixed by law for such subpoenas.

A subpoena issued under this chapter shall identify the person to whom it is directed and the documents or other items sought thereby, if any, and the date, time and place for the appearance of the witness and production of the documents or other items described in the subpoena. In no event shall the date for examination or production be less than seven days after service of the subpoena.

(Added Coun. J. 7-19-07, p. 3588, § 1)

2-57-060 Decisions; Recommendations.

(a) If the chief administrator issues a recommendation of discipline against one or more members of the department, the superintendent must respond to such recommendation within 90 days. The response must include a description of any disciplinary action the superintendent has taken with respect to the member in question.

(b) If the superintendent did not take any disciplinary action, or takes a different disciplinary action than that recommended by the chief administrator, the superintendent must describe the proposed different action and explain the reasons for the different action in the written response. The superintendent's response shall include, but is not limited to, the following reasons for taking a different action:

(i) an analysts* of the employee's work history, including any prior disciplinary actions, any prior complaints filed against the employee, and/or any prior complimentary history;

\* **Editor's note** – As set forth in Coun. J. 7-19-07, p. 3588, § 1. The intended text appears to be "analysis.")

    (ii)    the superintendent's professional opinion with regard to the case;

    (iii)    the existence of any lawsuits arising out of the performance of police duties to which the employee has been a named party, and the outcome of such lawsuits, including those in which the employee has been exonerated; and

    (iv)    any evidentiary concerns with regard to the investigation.

This response must be submitted to the chief administrator within the 90-day decision period.

    (c)    Within ten business days after the submission of a response letter which proposes less discipline than that recommended by the chief administrator, the superintendent and the chief administrator shall meet to discuss the reasons for the superintendent's actions. If the chief administrator does not concur with regard to the superintendent's reasons for the differing disciplinary action, the chief administrator shall, within five business days, send the superintendent's response, along with the chief administrator's objections, to a separate panel consisting of three persons who shall be designated by the police board from its membership.

The three-member panel shall, within ten business days of receipt, review the superintendent's response and the chief administrator's objections. Upon the request of the three-member panel, the superintendent and the chief administrator may be required to present additional documentation or present oral arguments in support of their positions. If the superintendent's response does not meet its burden of overcoming the chief administrator's recommendation for discipline, in the opinion of the majority of the three-member panel, the recommendation shall be deemed to be accepted by the superintendent. Such members of the panel shall then recuse themselves from any future involvement with such case by the full police board.

    (d)    No action of the superintendent which proposes to take less discipline than that recommended by the chief administrator shall be valid until the provisions of subsection (c) of this section are followed.

    (e)    If the superintendent fails to respond to the recommendation within the 90-day decision period, such recommendation shall be deemed to be accepted by the superintendent.

    (f)    Nothing in this section shall limit the superintendent's ability to impose any additional discipline than that recommended by the chief administrator.

(Added Coun. J. 7-19-07, p. 3588, § 1)

**2-57-070 Investigations not concluded within six months.**

If the chief administrator does not conclude an investigation within six months after its initiation, the chief administrator shall notify the mayor's office, the city council committee on police and fire, the complainant, and the employee named in the complaint or his or her counsel of the general nature of the complaint or information giving rise to the investigation and the reasons for failure to complete the investigation within six months.

(Added Coun. J. 7-19-07, p. 3588, § 1)

**2-57-080 Cooperation in investigations.**

It shall be a condition of employment for every officer, employee, department, and agency of the city to cooperate with the chief administrator in any investigation or hearing undertaken pursuant to this chapter. Any employee or appointed officer of the city who violates any provision of this section shall be subject to discharge (or such other discipline as may be specified in an applicable collective bargaining agreement) in addition to any other penalty provided in this chapter.

(Added Coun. J. 7-19-07, p. 3588, § 1)

**2-57-090 Retaliation prohibited – Penalty.**

No person shall retaliate against, punish or penalize any other person for complaining to, cooperating with or assisting the chief administrator in the performance of his or her office. Any person who violates the provisions of this section shall be subject to a fine of not less than $5,000.00 and not more than $10,000.00 for each violation.

(Added Coun. J. 7-19-07, p. 3588, § 1)

**2-57-100 Final summary reports – Open to public inspection.**

All final summary reports of the independent police review authority shall be open to public inspection, except to the extent that information contained therein is exempted from disclosure by the Illinois Freedom of Information Act, collective bargaining agreement, or any other applicable law.

(Added Coun. J. 7-19-07, p. 3588, § 1; Amend Coun. J. 11-13-07, p. 16031, § 1)

**2-57-110 Quarterly reports to legislative and executive branches.**

No later than the fifteenth day of January, April, July and October of each year, the chief administrator shall file with the mayor's office, the city council committee on police and fire, the office of the city clerk, and the legislative reference bureau a report accurate as of the last day of the preceding month, indicating: (1) the number of investigations initiated since the date of the last report; (2) the number of investigations concluded since the last report; (3) the number of investigations pending as of the reporting date; (4) the number of complaints not sustained since the last report; (5) the number of complaints sustained since the last report; (6) the number of complaints filed in each district since the

last report; (7) without identifying any individual, the number of complaints filed against each police officer in each district since the last report; and (8) the number of complaints referred to other agencies and the identity of such other agencies. Such reports shall be open for public inspection and shall be posted on the city's website.

(Added Coun. J. 7-19-07, p. 3588, § 1)

**2-57-120 Chief administrator – Conditions for removal from office.**

Prior to serving a complete term, the chief administrator may be removed only for cause and in accordance with the provisions of this section. The mayor shall give written notice (a) to the city council of his intent to remove the chief administrator; and (b) to the chief administrator of the cause of his intended removal. Within ten days after receipt of the notice, the chief administrator may file with the city council a request for hearing on the cause for removal. If no such request is made within ten days, the chief administrator shall be deemed to have resigned his or her office as of the tenth day after receipt of the notice of intended removal. If such a request is made, the city council shall convene a hearing on the cause for removal of the chief administrator, at which the chief administrator may appear, be represented by counsel and be heard. The hearing shall be convened within ten days after receipt of the request therefor and conclude within 14 days thereafter. The mayor's notice of intended removal shall constitute the charge against the chief administrator. Removal of the chief administrator for cause after the hearing shall require the affirmative vote of a majority of the members of the city council.

(Added Coun. J. 7-19-07, p. 3588, § 1)

**2-57-130 Obstructing or interfering with investigations – Penalty.**

No person shall wilfully refuse to comply with a subpoena issued by the chief administrator, or otherwise knowingly interfere with or obstruct an investigation authorized by this chapter and conducted by an announced investigator of the independent police review authority. Any person who wilfully violates the provisions of this section shall be subject to a fine of not less than $1,000.00 and not more than $5,000.00 for each such offense, or imprisonment for a period of not less than 30 days and not more than six months, or both a fine and imprisonment. Each day that a violation continues shall constitute a separate and distinct offense. Actions seeking the imposition of a fine only shall be filed as quasi-criminal actions subject to the provisions of the Illinois Code of Civil Procedure, as amended. Actions seeking incarceration, or incarceration and a fine, shall be filed and prosecuted as misdemeanor actions under the procedure set forth in Section 1-2-1.1 of the Illinois Municipal Code, as amended.

(Added Coun. J. 7-19-07, p. 3588, § 1; Amend Coun. J. 11-13-07, p. 16031, § 1)

**2-57-140 Violation – Penalty – Discharge or other discipline.**

Any employee or appointed officer of the city who violates any provision of this chapter shall be subject to discharge (or such other discipline as may be specified in an

applicable collective bargaining agreement) in addition to any other penalty provided in this chapter.

(Added Coun. J. 7-19-07, p. 3588, § 1)

**2-57-150 Rules and regulations.**

The chief administrator is authorized to adopt such rules, regulations and procedures as he or she may deem expedient for the proper administrator and enforcement of the provisions of this chapter.

(Added Coun. J. 7-19-07, p. 3588, § 1)

**2-57-160 Public policy.**

The public policy of this chapter is to make certain that complaints concerning police misconduct and abuse are resolved fairly and timely. All collective bargaining agreements must be in accord with this policy.

(Added Coun. J. 7-19-07, p. 3588, § 1)

Disclaimer:
This Code of Ordinances and/or any other documents that appear on this site may not reflect the most current legislation adopted by the Municipality. American Legal Publishing Corporation provides these documents for informational purposes only. These documents should not be relied upon as the definitive authority for local legislation. Additionally, the formatting and pagination of the posted documents varies from the formatting and pagination of the official copy. The official printed copy of a Code of Ordinances should be consulted prior to any action being taken.

For further information regarding the official version of any of this Code of Ordinances or other documents posted on this site, please contact the Municipality directly or contact American Legal Publishing toll-free at 800-445-5589.

© 2008 American Legal Publishing Corporation
techsupport@amlegal.com
1.800.445.5588.