# EXHIBIT 4



**Chicago Police Board**
*Allegations of Police Misconduct:*
*A Guide to the Complaint and Disciplinary Process*
August 2009

The purpose of this guide is to increase understanding of the process for handling allegations of misconduct by sworn and civilian members of the Chicago Police Department. The guide consists of two main sections: the first summarizes how complaints of misconduct are received and investigated; the second describes the role of the Police Board, an independent body of nine citizens.

The Independent Police Review Authority (IPRA), the Police Department, and the Police Board have different roles. The responsibility to receive complaints rests with IPRA. Depending on the nature of the allegations, either IPRA or the Police Department will investigate the complaint. The Police Board's role is to adjudicate complaints–it is similar to a court. The Board cannot on its own reach out and investigate or hold a disciplinary hearing against a Department member suspected of misconduct; rather, it can take action only after the superintendent of police files charges against a member, or suspends a member who then requests review of the suspension.

The Board understands the concerns and frustrations that people may have about police misconduct, but is legally obligated to remain neutral and fair, just as is expected of a judge in court.

### I. Complaints of Misconduct

As noted above, IPRA, an independent City department, is responsible for receiving all complaints of misconduct made against members of the Police Department. In addition to a member of the public filing a complaint, Police Department personnel, including supervisors, may file a complaint against a Department member.

### Investigation of Complaints

Upon receipt of a properly filed complaint, an investigation is initiated. Off-duty as well as on-duty conduct may be the subject of investigation. Whatever the nature of the complaint, it is framed for investigation in terms of a possible violation of one or more of the Police Department's Rules of Conduct. IPRA is responsible for conducting investigations into complaints concerning excessive force, domestic violence, coercion through violence, and verbal abuse based on bias (IPRA also investigates or reviews all officer-involved shootings, extraordinary occurrences in lock-up, and uses of Tasers, even when no allegation of misconduct is made). All complaints concerning other types of alleged misconduct are forwarded to the Police Department's Internal Affairs Division (IAD) for investigation.

Detailed information on the investigative process and results is available from IPRA's website at www.IPRAChicago.org.

### Results of the Investigation

Once the investigation is completed, each allegation against the Department member is classified as one of the following:

- *Sustained*—the allegation is supported by substantial evidence to justify disciplinary action;
- *Not sustained*—there is insufficient evidence to either prove or disprove the allegation;
- *Unfounded*—the allegation is false or not factual; or
- *Exonerated*—the incident occurred but the actions of the accused were lawful and proper.

If the head of IPRA or IAD (depending on which unit conducted the investigation) recommends that one or more allegations be *sustained*, a recommendation for discipline is submitted to the superintendent of police.

The superintendent must respond to a disciplinary recommendation from IPRA within ninety days. If the superintendent proposes less discipline than IPRA, the superintendent and the chief administrator of IPRA must meet to discuss the matter. If the chief administrator does not concur with the superintendent's reasons for the differing disciplinary action, the chief administrator shall refer the matter to a separate panel consisting of three Police Board members. The three-member panel shall review the

matter. If the panel determines that the superintendent's response does not meet its burden of overcoming the chief administrator's recommendation for discipline, the recommendation shall be deemed to be accepted by the superintendent. The three members of the panel must recuse themselves from any future involvement with such case by the full Police Board.

## II. Police Board Procedures

The Police Board's role in the disciplinary process is determined by the severity of the discipline that may be imposed against a Department member.*

### Discharge, and Suspension of More than One Year

The Police Board has jurisdiction over disciplinary matters involving a penalty of discharge or a suspension of more than one year. The Board assumes jurisdiction upon the filing of charges against an officer by the superintendent of police. When charges are filed, the officer is suspended without pay pending the outcome of the case. The case is assigned to one of the Board's hearing officers on a rotating basis and is placed on the calendar for an initial status hearing. By the first status date, the officer (sometimes referred to as the respondent) will usually have obtained legal representation. There will normally be a number of continuances of the case while the officer's attorney and the Law Department's assistant corporation counsel, who represents the superintendent, engage in discovery and other pre-hearing matters. An evidentiary hearing is then scheduled.

The evidentiary hearing is adversarial in nature, resembling a trial in court, although not as formal. The typical case begins with opening statements. The assistant corporation counsel then presents the superintendent's case against the officer, followed by the officer's defense. Each side may introduce documentary evidence, and may call and examine witnesses (the Board has its own subpoena power to ensure the presence of witnesses). The opposing side may cross-examine the witnesses. Hearsay evidence is not admissible. Following the respondent's case, the superintendent's attorney has an opportunity to offer rebuttal evidence. The hearing concludes with closing arguments.

The hearing officer presides over the hearing, ruling on objections, receiving evidence, and deciding other legal issues. The proceedings are transcribed by a court reporter and the testimony of witnesses is video-recorded. The hearings are open to the public.

Once a hearing is completed, the Board members receive the entire transcript of the case and the video-recordings. In preparation for their monthly meeting, the Board members thoroughly read and view this material. Meeting in executive session (closed to all except the Board and its staff), the members receive an oral report from the hearing officer, discuss the case in detail, and render a decision. The Board makes decisions by majority vote—that is, the votes of at least five of the Board's nine members are required for a binding decision.

By law, the Board must base its decision only on the record of the hearing—that is, sworn testimony and other evidence admitted in the case. The Board uses a two-step process when deciding a case. First, the Board decides whether the officer is guilty of one or more of the charges filed. The officer is considered innocent until proven guilty, and the superintendent has the burden to prove the case by a preponderance of the evidence (a less rigorous standard than the beyond-a-reasonable-doubt standard used in criminal cases). Second, if the Board finds the officer guilty of one or more charges, it determines the penalty after considering the officer's complimentary and disciplinary histories. The penalty may be discharge or suspension without pay. If the Board finds the officer not guilty, the officer is restored to duty and awarded back-pay for the time served under suspension.

Following the monthly meeting, the Board issues its written findings and decision, which are sent to the superintendent, the officer, and their attorneys.

---

* For simplicity's sake, most of the information that follows applies to matters involving a police officer below the rank of sergeant who has completed the initial probationary period; the procedures for supervisors and civilian employees vary slightly.

### Suspension of Thirty-One Days Through One Year

The superintendent has the authority to suspend a police officer for up to one year without pay. An officer who is suspended for a period from thirty-one days through one year may request a Police Board review of the suspension. To do so, the officer must file a formal request with the Board.

After receiving a request for review, the Board will notify the superintendent, who is to then file formal charges against the officer. The matter will then proceed according to the same rules governing cases described above.

### Suspension of Six Through Thirty Days

An officer suspended for a period of six through thirty days may request a Police Board review of the suspension. To do so, the officer must file a formal request with the Board. The officer may submit to the Board a written statement and documentary evidence. The review process begins with the assignment of the case to a hearing officer, selected on a rotating basis. The hearing officer prepares a report for the Board based on a review of the entire Complaint Register (CR) investigation file, the officer's written statement and supporting documentation, if any, and a rebuttal that IPRA or IAD may submit. The Board members receive the hearing officer's report as well as reports from the CR file, the officer's submission, and the rebuttal; there is no evidentiary hearing or oral argument.

The Board members review thoroughly the above material in preparation for their monthly meeting. In executive session, the Board receives an oral report from the hearing officer, discusses the matter in detail, and renders a finding. The Board may sustain one or more allegations and uphold the penalty ordered by the superintendent, sustain one or more allegations but reduce the penalty, or not sustain the allegations and reverse the suspension. The Board may not increase the penalty.

Following the monthly meeting, the Board issues its report and finding, which are sent to the superintendent and the officer.

### Suspension of One Through Five Days

The Board does not consider suspensions of one through five days, as there is no right to request Board review of these suspensions.

### III. Appeals of the Police Board's Decisions

A Police Board decision in a matter where an evidentiary hearing was held may be reversed only by a court. That is, the Board's decision is not subject to the superintendent's approval, nor may the officer challenge the decision through a union grievance procedure.

Under Illinois law, the parties to a Police Board case (the superintendent and the officer) have the right to appeal the Board's decision by filing a petition for administrative review in the Circuit Court of Cook County. Other individuals, such as a victim of police misconduct, do not have legal standing to appeal a Police Board decision with which they disagree; rather, such grievances are handled by a different means, such as a separate civil suit.

A party dissatisfied with the Circuit Court's review of a Police Board case may appeal to the Appellate Court of Illinois. Following an adverse ruling at this level, a party may attempt a further appeal to the Supreme Court of Illinois.

The Police Board's finding in a review of a suspension of thirty days or fewer is binding on the superintendent. An officer dissatisfied with the Board's finding may attempt to file a grievance under the terms of the union contract only if the officer did not exercise this option prior to requesting review by the Police Board.

---

**For more information on the Police Board go to www.ChicagoPoliceBoard.org**