# EXHIBIT 6

Order Form (01/2005)   Case 1:09-cv-04067   Document 82   Filed 04/14/10   Page 1 of 4

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4067 | **DATE** | 4/14/2010 |
| **CASE TITLE** | Jose Parra vs. City of Chicago, et al | | |

**DOCKET ENTRY TEXT**

The Court grants plaintiff's motion for a more narrow protective order [59], which excludes most of the information contained in the complaint register (CR) files, albeit not the precise one proposed by plaintiff as it is deficient in other respects. Plaintiff is directed to amend the proposed protective order on or before 4/23/10.

☒ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, Jose Parra, has moved for a protective order in this case, a Section 1983 civil rights case against the City of Chicago and Officer Craig Swistowicz [dkt 59].[1] The protective order proposed by plaintiff would protect from disclosure to the public certain information described as "Confidential" in the proposed Order. That information is defined as "information pertaining to private financial data, personal addresses, personal telephone numbers, birth dates, social security numbers, personnel records and driver's license numbers of any Plaintiff, Defendant, party's family member, witness, or other non-party. Confidential Matter shall also mean identifying information of non-parties." The City opposes this motion. The City argues that all of the information contained in Officer Swistowicz' Complaint Register ("CR") files should be shielded from public disclosure and designated confidential under the protective order. For the reasons stated below, the Court grants plaintiff's motion for a more narrow protective order, which excludes most of the information contained in the CR files, albeit not the precise one proposed by plaintiff as it is deficient in other respects.

Since the time this motion was filed, the City has produced the CR files requested by plaintiff in this case under an agreement that the information contained therein would not be publically disseminated until the Court ruled on this issue. In addition, plaintiff has agreed to designate the still open CR file about the events at issue in this case "confidential" under the protective order.

The City first requests that this Court defer ruling on this issue until the United States Court of Appeals for the Seventh Circuit has ruled on the appeal in *Padilla v. City of Chicago*.[2] In that case, Judge Shadur held that the information contained in the CR files should not be protected from disclosure. Although the Court ordinarily might be inclined to wait for more guidance on this issue from the Court of Appeals, there is no certainty at this point that this appeal even will be heard. A fully briefed motion to dismiss this appeal currently is pending and briefing on the substantive issues raised in this appeal is suspended.[3] Accordingly, the Court does not believe it is appropriate to wait to resolve this question.

The City next argues that information in the CR files should be designated confidential because information produced in discovery and not filed with the Court is private, not public, citing the Seventh's

## STATEMENT

Circuit's recent decision in *Bond v. Utreras*.[4] However, this argument essentially begs the question. In *Bond*, the parties agreed to protect the CR files from disclosure to the public believing that this information was indeed confidential. On appeal, the issue before the Seventh Circuit was whether third parties seeking to obtain disclosure of these materials had standing to do so once the underlying case had been settled. The Court held that they did not. In making its decision, the *Bond* court also held that "while the public has a presumptive right to access discovery materials that are filed with the court, used in a judicial proceeding, or otherwise constitute 'judicial records,' the same is not true of materials produced during discovery but not filed with the court."[5] Thus, the parties in *Bond* already agreed to protect these materials from disclosure to the public and the *Bond* court held that it would not recognize a constitutional, statutory or other right of access of the public to obtain unfiled discovery sufficient to justify standing.

But the issue here is not whether the public has standing to challenge the parties' designation of confidentiality once it has been reached, but whether there is good cause to designate these documents confidential in the first place. *Bond* does not really address this point and the cases cited by the City in which the confidentiality of CR files has been recognized by courts all precede the Illinois Appellate Court's holding in *Gekas v. Williamson*.[6] In that case, the Court squarely rejected the notion that police officers have a privacy interest in citizen complaints lodged against them for misconduct and found, under the Illinois Freedom of Information Act ("FOIA"), that they are not exempted from disclosure.[7] After *Gekas*, district courts that considered the question uniformly have held that the CR files should not be designated confidential.[8] This Court agrees with the analysis of these cases. After *Gekas*, sufficient good cause does not exist to shield documents involving allegations of police misconduct from public inspection. The City's additional argument that public disclosure of unverified or unfounded complaints is overly prejudicial to the police officers involved also is not persuasive. The public is smart enough to see and understand these distinctions in the complaints when the records are revealed. Further, the City's contention that negative information about Officer Swistowicz should not be disclosed publically because it might taint the jury pool for his criminal trial is entirely speculative. Any prejudice that disclosure might result to him can be ameliorated by the district judge during voir dire in that case.

Had the statute remained the same as that considered by *Gekas* and the courts in this district, our inquiry would end there. But the statute recently was amended and one of the amendments, effective March 1, 2010, provides an exemption for those "records relating to a public body's adjudication of employee grievances or disciplinary cases; however, this exemption shall not extend to the final outcome of cases in which discipline is imposed."[9] The City contends that the CR files are adjudications of citizen complaints and therefore should be considered confidential. The plaintiff disagrees, arguing that the factual investigations into citizen complaints which are undertaken by the Independent Police Review Authority ("IPRA") or the Chicago Police Internal Affairs Division ("IAD") are not adjudications. An examination of the different roles that the IAD, IPRA and the Police Board play is set out in a Police Board publication which plaintiff has submitted to the Court. This publication, called "Allegations of Police Misconduct: A Guide to the Complaint and Disciplinary Process" (August 2009), states as follows:

> IPRA, the Police Department, and the Police Board have different roles.
> The responsibility to receive complaints rests with IPRA, Depending on
> the nature of the allegations, either IPRA or the Police Department [IAD]
> will investigate the Complaint. The Police Board's role is to adjudicate
> the complaints-it is similar to a court.

The plain language of the City's own publication makes it clear that material contained in CR files is the complaint, and any evidence which either supports or refutes the facts alleged in the complaint. IPRA then classifies them as unfounded, exonerated, not sustained or sustained. But it is a stretch to consider that process as an "adjudication." Although the Illinois FOIA does not define the term "adjudication," Black's Law Dictionary defines that term as "the legal process of resolving a dispute; the process of judicially deciding a case." The CR files do not reveal an adjudicatory process. There is no analysis of the evidence contained in

Case 1:09-cv-04067 Document 82 Filed 04/14/10 Page 3 of 4

## STATEMENT

the file, but merely a classification of the complaint in one of the four designated categories. No hearing occurs at the IPRA or IAD level during which a judicial or other officer presides to receive evidence and make rulings. Further, even in the small number of cases when a complaint is sustained (i.e. found to have merit), nothing happens to the police officer unless and until the Superintendent of Police makes a decision to impose discipline based on his independent review of the CR. At this point, the Police Board may hear the case and it is that entity alone that adjudicates whether discipline is imposed. In addition, if IPRA has cause to believe there has been a false statement made by a member of the public during the course of its investigation, it can refer that matter to the City's Law Department for further legal process and adjudication.

None of the CR files here proceeded to the Police Board for a hearing. The process of collecting information about the complaint that is reflected in these CR files is not an adjudication. To hold otherwise would be to construe the cited exemption to encompass all records relating to complaints bearing on police officers' performance of their public duties because they might be adjudicated in the future. Such a construction would be inconsistent with an earlier section of the statute, which states that records which bear on the public duties of public employees are not confidential.[10] Reading these two provisions together, it makes more sense to shield from disclosure the adjudicative process of the Police Board until it reaches a final outcome and discipline is imposed, but not the contents of the CR file. Accordingly, the Court does not find that CR files, with the exception of the personal information that the plaintiff concedes is confidential and the open CR file noted above, should be covered by the proposed protective order. The plaintiff is further directed to amend the proposed protective order to include the following, on or before 4/23/10:

- A provision that no document may be filed under seal absent an order by the court granting a motion, filed and noticed for hearing prior to the due date of the particular filing, showing good cause for sealing that particular document or portion of document;
- A procedure for the use of confidential documents at the depositions of witnesses, and a listing of the persons who may be given access to confidential materials;
- A provision stating that nothing in the order shall be construed to affect the admissibility of any document, material or information at any trial or hearing; any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding; and
- An explicit procedure under which a party or interested member of the public can challenge the confidential designation of particular documents that have been filed under seal.

---

1. Defendant Swistowicz is under indictment for offenses he allegedly committed during the arrest of the plaintiff in this case. That case is set for trial later this year. Chief Judge Holderman has stayed discovery as to Officer Swistowicz while that case is pending, but ordered discovery to proceed on the allegations against the City.

2. 06 C 5452, 2009 WL 3808634 (N.D. Ill. Nov. 16, 2009).

3. *See* 09-3268, Dkt. #22, Order dated 12/1/2009.

4. 585 F.3d 1061, 1066 (7th Cir. 2009).

5. *Id.* at 1073.

6. 393 Ill.App.3d 573 (4th Dist. 2009).

7. *Id.* at 575, holding that the pertinent section of the Illinois FOIA 5 ILCS 140/7 (1)(b)(ii) only exempts personal information from personnel files and that documents which reflect investigations of wrongdoing by police officers are not private.

8. *Padilla v. City of Chicago*, 2009 WL 3808634 (N.D. Ill. Nov. 16, 2009); *Fuller v. City of Chicago*, 09 C 1672 (N.D. Ill. Nov. 11, 2009)(minute order); *Goldhamer v. City of Chicago*, 2009 WL 3680201 (N.D. Ill. Nov. 1, 2009), *Alva v. City of Chicago*, 08 C 6261 (N.D. Ill. Oct. 8, 2009) (minute order); *Keys v. City of Chicago*, 09 C 4162 (N.D. Ill. Dec. 17, 2009) (minute order).

9. 5 ILCS 104/7(1)(n).

10. 5 ILCS 104/7(1)(c).