# EXHIBIT 7

Order Form (01/2005)

Case 1:09-cv-01240 Document 84 Filed 05/05/10 Page 1 of 3

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Maria Valdez |
|---|---|---|---|
| CASE NUMBER | 09 C 1240 | DATE | 5/5/2010 |
| CASE TITLE | Macias vs. City of Chicago, et al | | |

**DOCKET ENTRY TEXT**

For the reasons set forth above, Defendants' Motion to Reconsider Denial of Motion for a Protective Order [72] is granted in part and denied in part. The parties are to submit a revised protective order no later than 10 days from the date of this order.

■ [ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

On March 10, 2010, this Court entered an order regarding Defendants' proposed protective order, specifically relating to the designation Complaint Registers, also known as "CR files." The order held that CR files should not be designated as confidential. This matter is now before the Court on Defendants' Motion to Reconsider Denial of Motion for a Protective Order [Doc. No. 72.] For the reasons that follow, Defendants' motion is granted in part and denied in part.

Because the March 10, 2010 order was not a final judgment, Defendants' motion to reconsider is brought pursuant to Federal Rule of Civil Procedure ("Rule") 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). While a motion to reconsider an interlocutory order need not meet all the requirements of a motion brought pursuant to Rule 59 or 60, there is "a strong presumption that a court ought not to revisit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants reexamination." *Tyrer v. City of S. Beloit*, 516 F.3d 659, 663 (7th Cir. 2008) (internal quotations and citations omitted); *see also LG Elecs. v. Whirlpool Corp.*, No. 08 C 242, 2009 WL 5579006, at *1 (N.D. Ill. Nov. 23, 2009) ("[U]nder Rule 54(b), a court may correct clear errors of fact or law in an interlocutory order.").

A motion to reconsider "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment," *Popovitis v. Circuit City Stores*, 185 F.3d 726, 730 (7th Cir. 1999), nor can the motion be used to "rehash" previously denied arguments, *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, F.R.D. 282, 288 (N.D. Ill. 1988). Relief under this category is considered an "extraordinary remedy" to be granted only in exceptional circumstances. *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir.

## STATEMENT

1999).

Defendants' motion is generally a restatement of arguments contained in their original brief and does not point to a manifest error warranting reconsideration. Defendants' submission of one court's contrary ruling in its motion and another in reply, neither of which is binding on this Court, is unavailing. As Defendants acknowledge, the issue of protective orders and CR files "is in a state of flux" in this district, (Defs.' Reply at 3), and thus another court's different reading of the statute does not demonstrate a manifest error of law. Nevertheless, in an effort to clarify its interpretation of the relevant law governing the confidentiality of CR files, the Court will address Defendants' arguments.

Pursuant to the relevant section of the Illinois Freedom of Information Act, "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases; however, this exemption shall not extend to the final outcome of cases in which discipline is imposed." 5 Ill. Comp. Stat. § 140/7(1)(n) (West 2010). In the March 10 order, this Court held that CR files are not related to a public body's adjudication, but rather to the investigation of complaints.

Defendants take issue with the order's focus on "adjudication" as the operative word in the statute. Specifically, Defendants argue that as the records underlying an investigation, the CR files are records "relating to" the adjudication, which is dependent upon the determinations and findings made during the investigation. But Defendants' proposed interpretation reads the phrase "public body's adjudication" out of the statute entirely, by seeking to exempt "all records related to . . . disciplinary cases." Defendants ask this Court to find that CR files relate to an adjudication but acknowledge that only a discrete subset of CR files are in fact adjudicated. Even if this Court were to agree that complaints that trigger an investigation "relate to" an adjudication, it would require a strained reading of the statute to conclude that a complaint which was never adjudicated "is the epitome of a record relating to a public body's adjudication of employee disciplinary cases." (Defs.' Reply at 3.) Almost by definition, CR files that do not result in an adjudication cannot "relate to" an adjudication.[1]

Defendants maintain that under the Court's interpretation of the statute, CR files will be disclosed for cases in which no discipline was imposed but files in cases that were later adjudicated not guilty would be exempt. Defendants claim this is a counterintuitive result. The Court's order, however, does not exempt any CR files from disclosure, finding instead that CR files are investigatory materials that to not relate to the adjudicatory process of a public body, in this case the Police Board.

Defendants' attempt to distinguish sustained and unsustained complaints is also inconsistent with the plain language of the statute. Defendants argue that, although the legislative intent of the FOIA amendment is essentially non-existent, the intent is logically "to allow the public access to complaints that actually had merit." (Defs.' Mot. at 7.) To that end, Defendants' proposed protective order exempts only unsustained CR files from disclosure. But the statute requires disclosure of only "the final outcome of cases in which discipline is imposed," not, as Defendants imply, the underlying complaint or investigation. Moreover, the phrase "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases" does not apply only to unsustained complaints. Thus, under Defendants' proposed interpretation of the amendment, even those CR files forming the basis of cases in which discipline is imposed would remain exempt because they relate to the public body's adjudication. This interpretation would frustrate the very statutory intent Defendants claim underlies the FOIA amendment. Moreover, the FOIA amendment did not overrule the analysis in *Gekas v. Williamson*, 912 N.E.2d 347, 356 (Ill. 2009), which concluded that complaints of wrongdoing, whether founded or unfounded, bear on an officer's public duties, and their

Case 1:09-cv-01240 Document 84 Filed 05/05/10 Page 3 of 3

| STATEMENT |
| --- |

disclosure does not invade the officer's personal privacy. *See id.* at 357-58 (stating further that "[i]f the Act allowed a public body to deny access to complaints that it deemed to be unfounded, defeating the Act would be as easy as declaring a complaint to be unfounded").

Defendants' motion also seeks to clarify the March 10 order with regard to the redaction of certain confidential information contained within CR files. The Court will clarify its order to state that Paragraph 6 of Defendants' proposed protective order should be amended as follows:

> "Confidential Matter" shall mean employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding plaintiff, defendant, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action.

> For disciplinary actions, histories, and files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as "Complaint Register" files), the following information is to remain confidential and shall be redacted from the materials before release:

Subsections (I) and (ii) and the final section of Paragraph 6 will remain as set forth in the proposed order.

For the reasons set forth above, Defendants' Motion to Reconsider Denial of Motion for a Protective Order [Doc. No. 72] is granted in part and denied in part. The parties are to submit a revised protective order no later than 10 days from the date of this order.

---

1. Furthermore, while it is not dispositive, a proposed amendment to FOIA suggests that the current language does not include investigations. Illinois Senate Bill 2978, which was filed on February 3, 2010, seeks to amend Section 140/7(1)(n) to exempt:

> Records relating to a public body's <u>investigation, settlement, and</u> adjudication of employee grievances or disciplinary cases; however, this exemption shall not extend to <u>cases in which criminal charges are filed for which disclosure of information shall be governed by that which may be disclosed under the provisions of subsection (a) of Section 2.15 until there is a final non-appealable conviction.</u>

S.B. 2978, 96th Gen. Assem. (Ill. 2010) (proposed amendment emphasized in original).